1

2

3

4    UNITED STATES  DISTRICT COURT

5    NORTHERN DISTRICT OF CALIFORNIA

6

7    CHRISTOPHER OTEY                                    No. C 12-5524 JST (MEJ)

8                         Plaintiff,                    **DISCOVERY ORDER**
        v.                                              **RE: DKT. NO. 77**
9
     CROWDFLOWER, INC., et al.,
10
                         Defendants.
11   _____/

12

13        In this putative class action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

14   ("FLSA") and Oregon's minimum wage laws, Plaintiff Christopher Otey alleges that Defendants

15   CrowdFlower and two of its executives, Lukas Biewald and Chris Van Pelt, failed and continue to

16   fail to pay minimum wages to those that performed crowd-sourced work in the United States online

17   in response to any online request by CrowdFlower for crowd-sourced work, or any online

18   notification by CrowdFlower that crowd-sourced work was available.[1]  First Amended Complaint

19   ("FAC") ¶¶ 2, 3, Dkt. No. 27.  Before the Court is the parties' joint discovery dispute letter, filed

20   April 3, 2013.  Dkt. No. 77.  The letter concerns Defendants' interrogatories and requests for

21   production of documents directed toward Plaintiff's personal and business financial information

22

23        [1] According to Defendants, CrowdFlower's business model can best be described as "the
24   creation and maintenance of an online market place of human intelligence tasks for the benefit of
     itself and its customers." Jt. Case Mgmnt. Stmnt. at 2, Dkt. No. 62. "For an agreed price,
25   CrowdFlower's customers provide projects to CrowdFlower in the form of data sets which must be
     mined by human intelligence to extract or categorize the information sought by the customer (e.g.,
26   tagging photos, categorizing a product, identifying inappropriate content, taking a survey,
27   conducting a web search, confirming a business location, etc.)." *Id.* "CrowdFlower typically breaks
     down the project into discrete tasks which are then displayed and offered to persons ("Contributors")
28   as units (i.e., small groupings of tasks) through the intermediation and platform integration of
     Contributor Channels." *Id.*

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1  relative to the sources of his earned income.  The requests seek information and documents that

2  Defendants claim are related to Plaintiff's self-employment and/or operation of any home-based

3  independent business, including tax returns, bank records, credit card statements, and telephone and

4  internet service records.  Jt. Ltr. at 1, 3.  Defendants argue that information evidencing Plaintiff's

5  operation of a home-based business would tend to demonstrate the amount of time spent on other

6  ventures, whether other work represented his primary source of income, and the degree of control or

7  lack thereof over him by CrowdFlower.  *Id.* at 1.  Since Plaintiff alleges that CrowdFlower was his

8  employer, Defendants contend that records of self-employment or independent contractor

9  arrangements are relevant, and the probative value outweighs any privacy interest in them.  *Id.*

10  Defendants further argue that Plaintiff waived any privacy interest in such records by placing his

11  finances directly at issue.  *Id.*

12  In response, Plaintiff argues that Defendants' requests constitute an unwarranted intrusion

13  into his private and irrelevant affairs, that he has not opened the door to such overly-broad

14  and intrusive discovery, and that they are improper and intended to harass and annoy.  *Id.* at 3.

15  Plaintiff contends that income from other jobs, and unearned sources of income, bear no relevance to

16  determining whether Defendants are liable for unpaid minimum wages and are beyond the scope of

17  discovery.  *Id.*  Plaintiff further argues that the information and documents requested are private and

18  not reasonably calculated to lead to the discovery of admissible evidence.  *Id.*

19  Upon review of the parties' arguments, the Court finds that other employment or receipt of

20  other income is irrelevant to the question of whether Plaintiff was Defendants' employee or whether

21  he was an independent contractor.  *See, e.g., Nesselrodte v. Diva's, LLC*, 2012 WL  2061523, at \*2

22  (N.D. W.Va. June 7, 2012) (denying efforts to discover evidence of other sources of income because

23  "other employment or receipt of other income is irrelevant to the question of whether plaintiffs were

24  employees . . . or whether they were independent contractors [because] case turns only on this

25  employment relationship [and] Defendant's discovery requests seeking this information are denied

26  because they are not likely to lead to the discovery of admissible evidence"); *Young F. Ke v. Fourth*

27  *Ave.*, 2009 WL 1058627, at \*4 (S.D.N.Y. Apr. 20, 2009) (denying request for evidence of other

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1   sources of income and job expenses in misclassification claim because "the plaintiffs' status as

2   employees under the FLSA is not dependent on whether they had other employment, so that

3   argument provides no support for the requested discovery," and concluding that "the burden of this

4   discovery far outweighs its likely benefit").  Likewise, this case turns only on the alleged

5   employment relationship between Plaintiff and CrowdFlower.  Accordingly, Defendants' discovery

6   requests seeking information about other employment are DENIED because they are not likely to

7   lead to the discovery of relevant evidence.

8          As to Defendants' discovery requests regarding income and costs related to work performing

9   internet-based projects through CrowdFlower's website, the Court finds that such requests are

10  reasonably related to Plaintiff's claims.  However, it appears that Defendants' requests include

11  information subject to privacy concerns, including tax returns and related documents, bank and

12  credit card statements, and expenses for telephone and internet service.  And, as the parties did not

13  provide copies of the relevant requests, it is not clear whether the information sought is obtainable

14  through less intrusive means, including targeted interrogatories, requests for admissions, and

15  depositions, rather than production of the actual billing records and tax returns.  Accordingly, the

16  Court GRANTS Defendants' requests for this information, but ORDERS Defendants to propound

17  revised discovery requests that are focused on less obtrusive means of obtaining the information.

18  For example, rather than obtain tax returns, Defendant can obtain by focused interrogatories

19  Plaintiff's identification and explanation of all sources of income and expenses related to

20  CrowdFlower projects.  Indeed, Defendant can propound an interrogatory that directly asks what

21  Plaintiff's total earnings were from CrowdFlower projects for each year in question as reported in

22  Plaintiff's tax returns.  This strikes the correct balance because it eliminates the need to delve into

23  any accompanying personal information that is patently irrelevant to the case.  It also benefits

24  Defendants because Plaintiff would then be estopped from claiming higher income than the amount

25  stated in response to the interrogatory.  *See Maldonado v. St. Croix Discount, Inc.*, 77 F.R.D. 501,

26  503 (D. V.I. 1978) (court denied defendant's motion to compel tax returns of plaintiff who provided

27  W–2 forms, but ruled that plaintiff would be estopped from claiming any greater amounts of past

28

income).

Defendants shall ensure that any requests permitted herein are limited in scope to the time period during which Plaintiff claims to have performed projects from CrowdFlower's website.

**IT IS SO ORDERED**

Dated: April 10, 2013

_____

Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

4