UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OTEY,<br><br>           Plaintiff,<br><br>   v.<br><br>CROWDFLOWER, INC., et al.,<br><br>           Defendants. | Case No. 12-cv-05524-JST<br><br>**AMENDED ORDER DENYING MOTION TO BIFURCATE AND STAY DISCOVERY; DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF Nos. 44, 92 |

In this putative collective action for violations of the Fair Labor Standards Act, Defendants CrowdFlower, Lucas Biewald, and Chris Van Pelt move under Federal Rule of Civil Procedure 26 to stay discovery and motion practice pertaining to Otey's collective action claims until the merits of Otey's individual claims are resolved. For the reasons set forth below, the motion is DENIED.

### I.   BACKGROUND

In the first amended complaint, Otey alleges that Defendants failed to pay their employees minimum wages as required by the Fair Labor Standards Act ("FLSA") and Oregon labor laws. First Am. Compl. ¶ 1, ECF. No. 2.

Defendants move to stay all discovery and motion practice pertaining to Otey's collective action claims until after the merits of Otey's individual claims are resolved. Specifically, Defendants urge the Court to determine the question of whether CrowdFlower was Otey's employer under the FLSA before Otey is permitted to conduct class discovery, as such a determination could be dispositive of Otey's individual claims and this action. Mot. at 1, ECF No. 44. Defendants argue their proposed bifurcation of the case would promote efficiency and prevent them from needlessly undertaking the expensive and "herculean task" of identifying the names

and contact information of "over 4,000,000" putative class members.[1] *Id.* at 8. Defendants agree to toll the statute of limitations on the class members' FLSA claims in the event that their motion is granted. *Id.* at 12.

Otey opposes the motion, arguing that Defendants' request to stay discovery pending the resolution of his individual claims is "unprecedented," premature, prejudicial to the putative class members, and inefficient. ECF No. 54.

Before this action was reassigned to this Court, Otey filed a motion for conditional class certification. ECF No. 46. District Judge Breyer granted a stipulated request to stay the briefing on that motion until Defendants' motion to stay discovery is resolved. ECF No. 76.

## II. LEGAL STANDARD

A court may grant a motion to stay or alter the sequence of discovery upon showing of good cause by the moving party. *See* Fed. R. Civ. P. 26(c) & (d). "Generally, such motions are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future." *See White v. E-Loan, Inc.*, No. 05-cv-02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006) (citation omitted). Therefore, before the district court grants a request to stay discovery, the moving party must make a "strong showing why discovery should be denied" by establishing a specific need for the stay. *Id.* (citation and internal quotation marks omitted).

## III. DISCUSSION

The FLSA allows an employee to bring a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). An employee is not a party to the collective action unless he opts into the action. *Id.* Whether a putative collective action can proceed typically depends on whether the plaintiff is able to establish that the putative collective action is certifiable; certification requires a showing that the putative class members are "similarly situated." *Lewis v. Wells Fargo*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) (citation omitted).

Most courts in this circuit follow a two-stage process for certifying a putative collective

---

[1] The order previously issued by the Court, ECF No. 90, contained a typographical error, incorrectly stating this figure as "40,000." Because the reasoning of that order was based on the correct number – 4,000,000 – Defendants' motion for leave to file a motion for reconsideration of that order, ECF No. 92, is DENIED.

action. In the first stage, the court conditionally certifies the putative collective action and gives the plaintiff permission to conduct class discovery if the plaintiff shows by declarations or other evidence that "the putative class members were together the victims of a single decision, policy, or plan." *Id.* (citation omitted).

In the second stage, the court reevaluates the collective action under a stricter standard after discovery is completed and usually on a motion for decertification by the defendant. *Id.* (citation omitted). At this point, the court considers several factors, including the disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant with respect to each plaintiff, fairness and procedural considerations, and whether the plaintiffs made any required filings before instituting suit. *Id.* (citation omitted).

Here, denying Otey class discovery at this stage of the litigation would be premature, because Otey has not yet had the opportunity to show that the putative collective action is suitable for conditional certification, and consequently, that class discovery is justified. It is during the conditional certification stage that the court determines whether to allow the plaintiff to discover the information at issue here, namely the names and contact information of putative class members, for the purpose of giving the class members notice of the litigation and discovering information relevant to certification. *See* 7B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 1807 (3d ed.) (noting that discovery at the conditional certification stage focuses on "identifying the names and addresses of potential group members, and preliminarily determining whether those potential collective members are 'similarly situated'"). The court's determination depends on whether the plaintiff can show, through declarations or other evidence, that "the putative class members were together the victims of a single decision, policy, or plan." *Lewis*, 669 F. Supp. 2d. at 1127 (citation omitted).

Denying Otey the opportunity to argue his motion for conditional certification on the basis that it would be more efficient and cost-effective for Defendants to resolve Otey's individual claims in the first instance would turn this putative collective action into an action by an individual, which would contravene the language and the purpose of the enforcement provisions of the FLSA. *See* 29 U.S.C. § 216(b) (containing no requirement that a plaintiff prove the merits of his individual claims before pursuing a collective action); *Hoffmann-La Roche Inc. v. Sperling*,

493 U.S. 165, 169 (1989) (noting that the purpose of collective actions is to give affected employees "the advantage of lower individual costs to vindicate rights by the pooling of resources" and to encourage the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity").

Accordingly, Defendants' motion is DENIED.

**IT IS SO ORDERED**.

Dated: May 8, 2013



_____
JON S. TIGAR
United States District Judge