UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OTEY<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CROWDFLOWER, INC., et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 12-5524 JST (MEJ)<br><br>**DISCOVERY ORDER<br>RE: DKT. NO. 105** |

Before the Court is the parties' joint discovery dispute letter, filed June 9, 2013. Dkt. No. 105. The letter concerns discovery related to Contributor Channel Partners ("CCP"), websites through which Defendant CrowdFlower offers discrete tasks to online contributors in exchange for monetary compensation or other non-cash rewards. *Id.* at 3, 5. Although Plaintiff Christopher Otey worked for CrowdFlower through a single CCP (Amazon Mechanical Turk), he seeks discovery regarding CrowdFlower's policies, practices and treatment of workers for all CrowdFlower's CCPs. *Id.* at 3. Plaintiff argues that information for all CCPs is relevant because the same policies and practices, including the same type of work, written terms and conditions, training, supervision, and pay apply to all CrowdFlower's workers, regardless of the CCP through which those workers access the work. *Id.* at 3-4.

In response, Defendants seek to limit their discovery responses to only Amazon Mechanical Turk, arguing that CrowdFlower does not control all aspects of the CCPs, including the types of CrowdFlower tasks offered by individual CCPs, the user interface, and the type of compensation offered. *Id.* at 5. Defendants further argue that the evidence Plaintiff provides to support his argument that all CCPs operate in the same manner is highly unreliable. *Id.* at 7.

Upon review of the parties' arguments, the Court finds that discovery regarding all CCPs is appropriate. First, the presiding judge in this matter, the Honorable Jon S. Tigar, has already determined that class discovery is justified and that Plaintiff should be provided the opportunity to show, through declarations or other evidence, that "the putative class members were together the

victims of a single decision, policy, or plan." Dkt. No. 96 at 3 (citing *Lewis v. Wells Fargo*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009)).

Second, an FLSA plaintiff is entitled to discovery from locations where he never worked if he can provide some evidence to indicate company-wide violations. *Nguyen v. Baxter*, 275 F.R.D. 503, 508 (C.D. Cal. 2011). Here, Plaintiff has presented evidence which suggests that all CrowdFlower's workers perform "simple repetitive tasks;" CrowdFlower has no requirements for its workers other than the ability to follow its instructions; all workers are bound by the same written agreement which uniformly classifies them as independent contractors and specifies application of California law; CrowdFlower provides its workers detailed "step-by-step" instructions on how to perform the work and requires each of them to complete training on each assignment before performing paid work; Crowdflower's computer programs and interfaces guide the workers through each step of each task so that the work must be performed in accordance with CrowdFlower's methods and instructions; CrowdFlower chooses the "appropriate work flow" to "ensure accuracy and efficiency;" CrowdFlower controls the speed / pace at which the work is performed; CrowdFlower uses technology to monitor the workers, catch errors in their work, train them, motivate them to improve quality, quality control their work, and manage the quality of the worker's results; CrowdFlower tracks completion of their work; and it may warn, ban, "flag" or punish workers who exceed its accuracy thresholds either from all jobs or specific jobs, and the workers perform CrowdFlower's primary business of compiling and labelling large data sets. Without weighing the evidence Plaintiff has presented, the Court finds that he has presented evidence that would help establish company-wide violations.

Based on this analysis, the Court finds that, at this early stage in the proceedings, Plaintiff is entitled to discovery from CrowdFlower regarding CCPs, including those at which he did not work.

**IT IS SO ORDERED**

Dated: June 20, 2013

_____
Maria-Elena James
United States Magistrate Judge

2