UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OTEY, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>CROWDFLOWER, INC., et al.,<br><br>        Defendants. | Case No.  12-cv-05524-JST<br><br>**ORDER DENYING MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDERS OF MAGISTRATE JUDGE**<br><br>ECF Nos. 132, 136, 140 |

CrowdFlower moves for relief from three nondispositive orders entered by the Magistrate Judge presiding over discovery in this case.  For the reasons set forth below, each of the motions is DENIED.

## I.        LEGAL STANDARD

After a district court refers a pretrial matter to a magistrate judge, the district court may reconsider the matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed."  Wi–Lan, Inc. v. LG Elec., Inc., No. 10–cv–80254, 2011 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011) (citation omitted).  "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt."  Id. (citation omitted).

//

//

## II.      DISCUSSION

**A.      Dispute Regarding Requests for Admission, ECF No. 132**

On April 15, 2013, CrowdFlower served on Otey eight requests for admissions ("RFA"), all of which relate to Otey's work for employers other than CrowdFlower and to the amount of money that Otey earned from those employers.  ECF No. 117 at 4.  Otey refused to provide substantive answers to any of the RFA on the ground that the information sought is not relevant to the claims or defenses in this action.  ECF No. 117, Ex. A.

The parties filed a discovery letter brief, in which CrowdFlower requested an order requiring Otey to respond to the RFA.  ECF No. 117.  The Magistrate Judge denied CrowdFlower's request, finding that "this case turns only on the alleged employment relationship between [Otey] and CrowdFlower" and, for that reason, Otey's "other employment or receipt of other income is irrelevant to the question of whether [Otey] was Defendants' employee or whether he was an independent contractor."  ECF No. 124 at 2-3.  The Magistrate Judge based her ruling on "the reasons stated in the Court's April 11, 2013 Order."  Id.  In that order, the Magistrate Judge properly relied on Nesselrodte v. Diva's, LLC, Case No. 3:11-cv-95, 2012 WL 2061523, at *2 (N.D. W.Va. June 7, 2012) and Young F. Ke v. Fourth Ave., Case No. 07-cv-6897, 2009 WL 1058627, at *4 (S.D.N.Y. Apr. 20, 2009), for the proposition that evidence of other sources of income is irrelevant to the question of whether a plaintiff is an employee within the meaning of the FLSA.

CrowdFlower now argues that the Magistrate Judge's ruling is "clearly erroneous" and "contrary to law" in light of several Ninth Circuit cases, including Hale v. Arizona, 993 F.2d 1387, 1393-94 (9th Cir. 1993), Real v. Driscoll Strawberry Assoc., Inc., 603 F. 2d 748, 754 n. 5 (9th Cir. 1979), and Donovan v. Sureway Cleaners, 656 F. 2d 1368, 1370 (9th Cir. 1981).  Each of these cases holds that the existence of an employer-employee relationship under the FLSA depends on whether, as a matter of economic reality, the employee is dependent upon the business to which he renders service.  These cases also hold that a court may consider several factors in determining whether an employer-employee relationship exists, such as the employer's right to control the manner in which the work is to be performed, and the degree of permanence of the working

2

relationship.  See, e.g., Donovan, 656 F.2d at 1370.

CrowdFlower contends that, contrary to the Magistrate Judge's ruling, Otey's work for other employers is relevant to the employer-employee relationship inquiry because the Ninth Circuit recognized in Donovan that "independent contractors typically offer their services to different employers in analyzing permanency," ECF No. 132 at 3.  For this reason, CrowdFlower argues that the Magistrate Judge's order erroneously "precludes Defendants from finding out whether (and the degree to which) Otey has provided services to other task requesters and the extent to which he is involved in other business pursuits."  Id.

The Court concludes that CrowdFlower has not shown that the Magistrate Judge's ruling is clearly erroneous or contrary to law.  Neither Donovan nor the other Ninth Circuit cases that CrowdFlower has cited compel a finding that CrowdFlower is entitled to information pertaining to Otey's work for other employers, because the question of whether Otey had the capacity to offer his services to other employers can be answered by determining the quantity, nature, and duration of the work that Otey performed for CrowdFlower.  Moreover, CrowdFlower concedes that it already has "reliable evidence supporting that [Otey] performed tasks for hundreds of other Requesters during the relevant period."  ECF No. 132 at 3.  CrowdFlower does not explain why, in addition to this evidence, it also needs specific information about Otey's earnings from other employers.

Accordingly, CrowdFlower's request for relief from the Magistrate Judge's order is DENIED.

**B.      Dispute Regarding Otey's Deposition, ECF No. 140**

This dispute pertains to CrowdFlower's request for an order compelling Otey to appear for an additional two hours of deposition for the purpose of questioning him about work he performed for other employers.  ECF No. 118 at 6.

The Magistrate Judge denied CrowdFlower's request on the basis that Otey's other employment or income is irrelevant to the question of whether Otey was CrowdFlower's employee under the FLSA.  ECF No. 126.

CrowdFlower now moves for relief from that order based on the same arguments and

1    authorities discussed in the previous section.  ECF No. 40.  For the same reasons articulated

2    above, CrowdFlower's request for relief from the Magistrate Judge's order is DENIED.

3    **C.      Dispute Regarding Discovery as to Contributor Channel Partners, ECF No. 136**

4            CrowdFlower offers work through various websites called "contributor channel

5    partners" ("CCPs").   Otey worked for CrowdFlower through a "contributor channel partner"

6    called "Amazon Mechanical Turk" or "AMT."  Otey has sought discovery regarding

7    CrowdFlower's policies, practices, and treatment of workers with respect to all of CrowdFlower's

8    CCPs, not just AMT.  Defendants, however, limited their discovery responses to AMT.  ECF No.

9    105 at 3.

10           The parties filed a discovery letter brief, in which CrowdFlower requested an order

11   denying Otey discovery as to non-AMT CCPs on the basis that Otey has not shown that all CCPs

12   operate "in exactly the same manner."  ECF No. 132 at 7.

13           The Magistrate Judge held that "discovery regarding all CCPs is appropriate" because Otey

14   has presented sufficient evidence to suggest company-wide violations.  ECF No. 123 at 2; cf.

15   Nguyen v. Baxter, 275 F.R.D. 503, 508 (C.D. Cal. 2011) (denying an FLSA plaintiff discovery

16   pertaining to facilities where he never worked because he failed to produce any evidence to

17   indicate company-wide violations).

18           CrowdFlower seeks relief from that order, arguing that the evidence that Otey has

19   presented in support of his request for the discovery at issue is unreliable.  ECF No. 136 at 3.

20           The Court agrees with the Magistrate's Judge's conclusion as to the sufficiency of Otey's

21   evidentiary showing for the purpose of establishing his entitlement to the discovery at issue.

22   Additionally, the Court finds that the discovery at issue is relevant to the question of whether this

23   action is suitable for conditional certification.  Accordingly, CrowdFlower's motion for relief from

24   the Magistrate Judge's order is DENIED.

25           **IT IS SO ORDERED**.

26   Dated: July 8, 2013

27   _____
                              JON S. TIGAR
28                            United States District Judge

United States District Court
Northern District of California

4