1   ARTHUR M. EIDELHOCH, Bar No. 168096
    aeidelhoch@littler.com
2   GALEN M. LICHTENSTEIN, Bar No. 251274
    glichtenstein@littler.com
3   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
4   San Francisco, California 94108.2693
    Telephone:  415.433.1940
5   Facsimile:  415.399.8490

6   JACQUELINE E. KALK (admitted *pro hac vice*)
    jkalk@littler.com
7   LITTLER MENDELSON, P.C.
    80 South 8th Street, Suite 1300
8   Minneapolis, MN 55402.2136
    Telephone:  612-313-7645
9   Facsimile:  612.677.3139

10  KELLY D. REESE (admitted *pro hac vice*)
    kreese@littler.com
11  LITTLER MENDELSON, P.C.
    63 South Royal Street, Suite 901
12  Mobile, AL 36602.3218
    Telephone:  251-432-2477
13  Facsimile:  251-432-0427

14  Attorneys for Defendants
    CROWDFLOWER, INC., LUKAS BIEWALD
15  AND CHRIS VAN PELT

16
                  UNITED STATES DISTRICT COURT
17              NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION
18

19  CHRISTOPHER OTEY, on behalf of        Case No.  3:12-cv-05524-JST
    himself and all others similarly situated,
20                                        **DEFENDANTS' NOTICE OF MOTION
                 Plaintiff,               AND MOTION TO DISMISS PURSUANT
21                                        TO RULE 12(b)(1) OF THE FEDERAL
         v.                               RULES OF CIVIL PROCEDURE**
22
    CROWDFLOWER, INC., LUKAS              **DATE:      August 29, 2013**
23  BIEWALD and CHRIS VAN PELT,           **TIME:      2:00 p.m.**
                                          **DEPT.:     Courtroom 9**
24               Defendant.               **JUDGE:     Jon S. Tigar**

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND                          Case No. 3:12-cv-05524-JST
MOTION TO DISMISS

1    **TO PLAINTIFF CHRISTOPHER OTEY AND HIS ATTORNEYS OF RECORD:**

2         PLEASE TAKE NOTICE that on August 29,  2013 at 2:00 p.m., or as soon thereafter as it

3    may be heard, in Courtroom 9 of the United States District Court for the Northern District of

4    California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants

5    CrowdFlower, Inc., Lukas Biewald, and Chris Van Pelt (collectively "Defendants") will and hereby

6    do move this Court to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil

7    Procedure.

8         This Motion is based on the Notice of Motion to Dismiss Pursuant to Rule 12(b)(1) of the

9    Federal Rules of Civil Procedure, the accompanying Motion in support thereof, all exhibits attached

10   thereto, all records and papers filed with the Court in this action, and on such evidence and argument

11   as may be presented at the hearing on this Motion.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                              2.                    Case No. 3:12-cv-05524-JST

**TABLE OF CONTENTS**

**PAGE**

I.   STATEMENT OF FACTS ........................................................................................ 1

    A.   Plaintiffs' Complaint ................................................................................... 1

    B.   Defendants' Rule 68 Offers of Judgment .................................................. 2

        1.   The June 24, 2013 Offers of Judgment ........................................... 2

        2.   The July 16, 2013 Offers of Judgment ........................................... 4

II.  ARGUMENT ....................................................................................................... 6

    A.   Dismissal Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ................... 6

    B.   Mootness Principles ................................................................................... 6

    C.   Plaintiffs' Individual Claims and Collective FLSA Claims are Moot as They are Fully Satisfied by Defendants' Offers of Judgment ................................. 7

    D.   Plaintiff's Purported "Collective Claims" also are Moot ........................... 9

    E.   Public Policy Concerns Do Not Preserve Plaintiffs' Collective Claims Under the FLSA ......................................................................................... 12

    F.   Plaintiff Otey's Class Claims Under Oregon Law Do Not Meet the Amount in Controversy Requirements for Original Jurisdiction Under 28 U.S.C. § 1332(d)(2) .................................................................................. 13

    G.   The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff Otey's Class Claims Under Oregon Law .................................... 15

III. CONCLUSION.................................................................................................... 15

i.

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aaron v. Aguirre*,
   2008 U.S. Dist. LEXIS 123440 (S.D. Cal. Sept. 3, 2008).......................................15

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006)...................................................................................................6

*Arizonans for Official English v. Arizona*,
   520 U.S. 43 (1997).....................................................................................................6

*Banks v. Robinson*,
   2011 U.S. Dist. LEXIS 135622, * (D. Nev. Nov. 22, 2011) ...................................11

*Bilabo v. Bros. Produce*,
   2013 U.S. Dist. LEXIS 65812, *6 (S.D. Fla. May 7, 2013) ..........................11, 12, 15

*Board of Locomotive Eng'rs Div., 269 v. Long Island R.R. Co.*,
   85 F. 3d 35, 39 (2d Cir. 1996)..................................................................................15

*Briggs v. Arthur T. Mott Real Estate*,
   2006 U.S. Dist. LEXIS 892891 at **11-12 (E.D.N.Y. 2006) .................................15

*Camreta* v. *Greene*,
   131 S. Ct. 2020...........................................................................................................7

*Chen v. AllState Ins. Co.*,
   2013 U.S. Dist. LEXIS 81409 (N.D. Cal. June 10, 2013) .......................................11

*Deposit Guar. Nat'l Bank v. Roper*,
   445 U.S. 326 (1980)...................................................................................................7

*Echlin v. Columbia Collectors, Inc.*,
   2013 U.S. Dist. LEXIS 31811 (W.D. Wash. March 7, 2013)...................................10

*Gator.com Corp. v. L.L. Bean, Inc.*,
   398 F. 3d 1125 (2005)............................................................................................6, 7

*Genesis HealthCare Corp. et al. v. Symczyk*,
   133 S. Ct. 1523 (2013) ...............................................................................9, 10, 11, 12

*Heleine v. Saxon Mortgage Servs., Inc.*,
   2013 U.S. Dist. LEXIS 47466 (D. N.J. April 2, 2013).............................................14

*Hildreth v. Unilever United States, Inc.*,
   2010 U.S. Dist. LEXIS 136584 ................................................................................14

*In re Burrell*,
   415 F. 3d 994 (9th Cir. 2005) .....................................................................................7

ii.

1

TABLE OF AUTHORITIES

(CONTINUED)PAGE(S)

2

3

*In re: Ford Motor Co./Citibank (S.D.), N.A.*,
   264 F. 3d 952 (9th Cir. 2001) ...................................................................6

4

*Lewis v. Verizon Commc'n, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ...................................................................13

5

6

*Lowdermilk v. United States Bank National Assoc.*,
   479 F.3d 994 (9th Cir. 2007) ...................................................................14

7

*Mackenzie v. Kindred Hosps. E., L.L.C.*,
   276 F. Supp. 2d 1211 (M.D. Fla. June 30, 2003)..........................................2, 12

8

9

*Makreas v. The Moore Law Group, A.P.C.*,
   2012 U.S. Dist. LEXIS 17211 (N.D. Cal. Feb. 2, 2012) .......................................7, 9

10

*Marek v. Chesny*,
   473 U.S. 1 (1985)...................................................................................2

11

12

*Marschall v. Recovery Solution Specialists, Inc.*,
   399 Fed. Appx. 186 (9th Cir. 2010)...........................................................7, 9

13

*Martin v. Easton Publ'g Co.*,
   85 F.R.D. 312 (E.D. Pa. 1980) ...................................................................8

14

15

*McNutt v. General Motors Acceptance Corp.*,
   298 U.S. 178 (1936)...............................................................................13

16

*O'Brien v. Ed Donnelly Enter., Inc.*,
   575 F.3d 567 (6th Cir. 2009) ...................................................................7

17

18

*Pitts v. Terrible Herbst, Inc.*,
   653 F.3d 1081 (9th Cir. 2011) ...................................................................6, 10, 11

19

*Russell v. United States of Am.*,
   2009 U.S. Dist. LEXIS 113235 ...................................................................9

20

21

*Sandoz v. Cingular Wireless LLC*,
   553 F.3d 913 (5th Cir. 2008) ...................................................................7

22

*Scott v. Federal Bond and Collection Serv., Inc.*,
   2011 U.S. Dist. LEXIS 5278 ...................................................................10

23

24

*St. Clair v. City of Chico*,
   880 F. 2d 199 (9th Cir. 1989) ...................................................................6

25

*Tran v. Napolitano*,
   497 Fed. Appx. 724 (9th Cir. Oct. 25, 2012) ...................................................6

26

27

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715 (1966)...............................................................................15

28

*Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*,
   454 U.S. 464 (1982)...............................................................................6

iii.

TABLE OF AUTHORITIES
(CONTINUED) **PAGE(S)**

*Vogel v. American Kiosk Mgt.*,
371 F. Supp. 2d 122 (D. Conn. 2005) ........................................................................11

*Ward v. Bank of New York*,
455 F. Supp. 2d 262 (S.D. N.Y. 2006) ..................................................................11, 15

*Zimmerman v. Bell*,
800 F.2d 386 (4th Cir. 1986) ...............................................................................7, 8

**STATUTES**

28 U.S.C. § 1332(d)(6) .................................................................................................13

28 U.S.C. § 1332(d)(2) .................................................................................................13

**OTHER AUTHORITIES**

FED. R. CIV. P. 12(b)(1) .................................................................................................6

FED. R. CIV. P. 12(h)(3) .................................................................................................6

Fed. R. Civ. P. 26(a)(1)(E) ...........................................................................................8

U.S. CONST. Art. III § 2 .................................................................................................6

13B Wright & Miller, FED. PRAC. & PROC.: JURIS. 3d § 3533.2 at 800 (2008) ...........................7

1         Pursuant to FED. R. CIV. P. 12(b)(1), Defendants CrowdFlower, Inc. ("CrowdFlower"), Lukas

2   Biewald and Chris Van Pelt, by and through their undersigned attorneys, respectfully move to

3   dismiss this action.  Plaintiffs' individual and collective FLSA claims as well as Plaintiff Christopher

4   Otey's individual claims are moot following Defendant's Rule 68 offers of judgment to fully satisfy

5   Plaintiffs' claims, depriving this Court of subject matter jurisdiction over those claims.  Further, the

6   amount in controversy does not meet the $5,000,000 threshold required under 28 U.S.C. §

7   1332(d)(2), depriving this Court of original jurisdiction over any remaining class claims under

8   Oregon law.

9   **I.**      **STATEMENT OF FACTS**

10        **A.**     **Plaintiffs' Complaint**

11        Plaintiff Otey commenced this putative collective action on October 26, 2012 alleging that

12  Defendants failed to pay him and others similarly situated the minimum wage for mini-tasks made

13  available online by CrowdFlower and which Plaintiffs performed through Amazon Mechanical Turk

14  ("AMT"), one of many Contributor Channel Providers ("CCPs") through which CrowdFlower

15  makes tasks available online. (Dkt. Nos. 1, 27.)  Despite the fact that (1) this case has been pending

16  for nearly nine months, (2) Plaintiffs' counsel have been advertising the existence of this lawsuit and

17  soliciting inquiries from prospective opt-in plaintiffs via its website and elsewhere for months (*See*

18  Spiro Moore LLP web page attached as Exhibit ("Ex.") A) and (3) the existence of this case has

19  been well-publicized over the internet and in crowdsourcing discussion forums (*See* Declaration of

20  Amy Oliver, attached as Ex. B, stating that a Google Search reveals over 12,800 hits for

21  "CrowdFlower lawsuit"),   only one person – Mary Greth, now a named Plaintiff, has opted into this

22  lawsuit.  Nonetheless, Plaintiffs seek to have this Court certify a nationwide collective action under

23  the Fair Labor Standards Act ("FLSA") against Defendants on behalf of all people who performed

24  crowd-sourced work in the United States during the last three years in response to any online posting

25  by CrowdFlower and to authorize notice to those individuals.  (Plaintiffs' Motion for Conditional

26  Collective Action Certification and Dissemination of Notice Pursuant to 29 U.S.C. § 216(b)

27  ("Certification Motion") at p. 2 [Dkt. 46]).  Additionally, Plaintiff Otey has asserted wage-based

28  claims under Oregon law and seeks to pursue such claims on behalf of a class pursuant to Fed. R.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS

Case No. 3:12-cv-05524-JST

1   Civ. P. 23.[1]  (*See generally*, Second Amended Complaint ("2nd Am. Compl.") [Dkt. 121] ¶¶ 76-104.)

2   To date, Plaintiff Otey has not moved to certify a class under Fed. R. Civ. P. 23.

3          **B.      Defendants' Rule 68 Offers of Judgment**

4          Although Defendants contend that Plaintiffs were properly classified as independent

5   contractors, they offered to allow judgment to be entered against them with respect to Plaintiffs'

6   claims pursuant to Rule 68 of the Federal Rules of Civil Procedure, for the sole purpose of resolving

7   this matter without the costs and burdens associated with further litigation.  *See Marek v. Chesny*,

8   473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid

9   litigation."); *see also*, *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1216 (M.D.

10  Fla. June 30, 2003) ("Rule 68 [ ], contains no exclusion that precludes its application in a FLSA

11  case. . . .  Thus, a Rule 68 offer of judgment is an acceptable method of resolving a case brought

12  pursuant to the FLSA.").  Indeed, on June 24, 2013, Defendants served written offers of judgment on

13  Plaintiffs Otey and Greth under FED. R. CIV. P. 68.  (*See* Offers of Judgment dated June 24, 2013,

14  attached as composite Ex. C.  Both of these offers exceed the full value of each Plaintiff's claims

15  including unpaid compensation/wages (Plaintiff Otey - $285.00; Plaintiff Greth - $1,000) as well as

16  "reasonable attorney's fees, costs and expenses as the Court may determine are appropriate." (*See*

17  Ex. C.).  More recently, on July 16, 2013, Defendants served amended offers of judgment on

18  Plaintiffs Otey and Greth pursuant to FED. R. CIV. P. 68.  (*See* Amended Offers of Judgment dated

19  July 16, 2013, attached as composite Ex. D.)

20          **1.      The June 24, 2013 Offers of Judgment**

21          As detailed below, the June 24 offers were calculated to exceed each of Plaintiff's wage

22  claims.  For example, the time included for tasks completed by Plaintiffs included the total time the

23  task was open, even though it seems highly unlikely that Plaintiffs were actually working for every

24  moment that they had a particular task open.  Additionally, some of the time Plaintiffs were credited

25  for in these calculations would not be compensable under the *de minimus* rules.  Further, the

26  calculations were "rounded up" in some respects as described below.  On July 3, 2013, Plaintiffs

27

28  _____

[1] Plaintiff Greth resides in Georgia and does not seek to represent the Oregon class.  (*See* 2nd Am. Compl. ¶¶ 7; 76-83.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                                    2.                          Case No. 3:12-cv-05524-JST

1  rejected Defendants' offers. (*See* correspondence from Plaintiffs' counsel, attached as Exhibit E.)

2  Initially, Plaintiff Otey's pre-suit demand was for wages in the amount of $280.00, $5.00 less than

3  the amount offered by Defendants. (*See* 2nd Am. Compl. Ex. 1.) According to Plaintiff Otey, this

4  amount was based on an estimate of 40 hours of work. (*See* Deposition of Plaintiff Christopher Otey

5  ("Otey Dep." pp. 164-65, excerpts of which are attached as Composite Exhibit F.) CrowdFlower's

6  records, however, support that Plaintiff Otey worked, at most, only 16.5 hours. (*See* Declaration of

7  Chris Van Pelt ("Van Pelt Decl."), attached as Exhibit G ¶¶ 13-15). Plaintiff Otey evidently has

8  wrongly assumed that tasks performed for DIY customers are actually CrowdFlower tasks.[2] In any

9  event, even using Plaintiff's larger 40 hour estimate and applying Oregon's 2012 minimum wage

10 rate of $8.80 (even though Plaintiff performed some of his work for CrowdFlower in 2010 and 2011

11 when the minimum wage rate in Oregon was lower), his alleged damages would be a total of

12 $352.00, less $84.67 (the amount AMT paid him for performing tasks posted on its website by

13 CrowdFlower), which equals $267.33 (an amount well below Defendants' offer of $285). (*See* Ex.

14 F, Pl. Dep. pp. 174-75; 106, Dep. Ex. 5, ¶ 4, Ex. A.)

15     With regard to Plaintiff Greth, who has not yet been deposed and as explained below, has

16 declined to provide damages information in response to written discovery requests, Defendants

17 calculated the amount of her offer of judgment relying on its own records (produced to Plaintiffs and

18 attached as "CrowdFlower's Spreadsheet for Greth," Ex. H). Using a total of 312 hours for having

19 completed tasks open and the Federal minimum wage of $7.25, Defendants calculated a conservative

20 estimate of Plaintiff Greth's alleged damages as totaling $2,254.75, from which $1,289.25 (the

21

22 [2] Separately from managing the execution of crowdsourcing solutions to its customers' business
needs, CrowdFlower also makes its Platform available to businesses and individuals that choose to

23 post their own tasks directly onto the CrowdFlower Platform. CrowdFlower calls this option "DIY."
DIY customers design or build their own jobs without customization by or other direct assistance

24 from CrowdFlower. CrowdFlower has no involvement in determining the task to be done,
identifying the level of skill required, deciding how a Contributor might qualify to perform a task,

25 determining how the task will be performed, determining quality control criteria or deciding the
compensation offered to Channels for DIY tasks. (*See* Ex. G, Van Pelt Decl. ¶ 11). The DIY

26 Customer simply posts its tasks on the Platform which in turn makes the tasks available on the
Channels. DIY Customers set the rate of compensation for task completion and they are responsible

27 for any compensation paid to the Channels for completed tasks.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                3.                Case No. 3:12-cv-05524-JST

1   amount AMT paid Plaintiff Greth for performing tasks posted by CrowdFlower) was deducted for a

2   total of $972.75 (well below Defendants' $1,000 offer).  (*See* Decl. of Andrea Effgen, attached as

3   Ex. I].

4           **2.      The July 16, 2013 Offers of Judgment.**

5           Subsequent to making the above offers of judgment and in response to subpoena issued on

6   June 21, 2013 to AMT, Defendants received an excel spreadsheet which contains a record of all time

7   that Plaintiff Otey had tasks windows open using the AMT platform during the period from

8   September 6, 2010 to June 5, 2013 and all time that Plaintiff Greth had task windows open using the

9   AMT platform from August 17, 2010 to May 1, 2013.  (Decl. of Amy Oliver dated July 12, 2013

10  (Oliver Decl. II") ¶ 3, attached as Ex. J.)  The data includes the beginning and end times that task

11  windows were open, associated task requester and date/time.  (*See id*.)  Using these beginning and

12  end times, the total amount of time that Plaintiff Otey and Plaintiff Greth each had task windows

13  open for CrowdFlower was calculated.  This calculation was without regard to whether the tasks was

14  completed and submitted and without regard to whether the task was DIY or non-DIY based.  (*See*

15  *id*. at ¶¶ 4-5.)  Plaintiff Otey had CrowdFlower tasks open for a total of 101 hours, 28 minutes, 53

16  seconds, and Plaintiff Greth had CrowdFlower tasks open for a total of 1013 hours, 53 minutes, 34

17  seconds.  (*See id*.)  Notably, based on the AMT spreadsheet and with respect to each Plaintiff, the

18  beginning and end times for some CrowdFlower tasks overlap each other as well overlap other non-

19  CrowdFlower tasks.  (*See id*. at ¶ 4.)  In other words, the spreadsheet reflects that there were times

20  when Plaintiff Greth and Plaintiff Otey, respectively, had more than one task open at the same time

21  and they obviously could not be working on both simultaneously.  (*See id*.)  Nonetheless, the offers

22  of judgment were based on all time task were open for each Plaintiff even though Plaintiffs clearly

23  could not have been performing multiple tasks simultaneously.  Using the AMT data, the amount of

24  each Plaintiff's offer was calculated as follows:

25  PLAINTIFF OTEY:

26

27          **Step 1**         *Round up time to reflect even number of hours:*

28                      101 hours, 28 minutes, 53 seconds  >>>>>  **102 hours**

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                                4.                          Case No. 3:12-cv-05524-JST

**Step 2**          *Multiply total hours by 2012 Oregon Minimum Wage (even though Plaintiff Otey also performed CrowdFlower tasks in 2010 and 2011 when Oregon's minimum wage was lower):*

102 hours   X   $8.80 =   **$897.60**

**Step 3**          *Double the total from Step 2 to address alleged liquidated damages:*

$897.60   X   2 (alleged liquidated damages)   =   **$1,795.20**

**Total**                **$1,795.20**

**Amount offered**       **$2,148.00**

PLAINTIFF GRETH:

**Step 1**          *Round up time to reflect even number of hours:*

1013 hours, 53 minutes, 34 seconds   >>>>> **1014 hours**

**Step 2**          *Multiply total hours by Federal Minimum Wage:*

1014 hours   X   $7.25 =   **$7,351.50**

**Step 3**          *Double the total from Step 2 to address alleged liquidated damages:*

$7,351.50   X   2 (alleged liquidated damages)   =   **$14,703**

**Total**                **$14,703**

**Amount offered**       **$15,000.00**

The above amounts that were offered to Plaintiff Otey and Plaintiff Greth clearly exceed the maximum amounts each Plaintiff could recover in this action as evidenced by a number of important facts:   (1) Defendants calculated the offers based on data from AMT that is unquestionably and significantly over-inclusive relative to the time each Plaintiff actually spent performing tasks for CrowdFlower (given the time overlaps described above and the *de minimus*  issues identified in Defendants' Memorandum of Law in Opposition to Plaintiffs Motion for Conditional Certification

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                5.                Case No. 3:12-cv-05524-JST

of a Class and Dissemination of Notice (Dkt. No.131)); (2) Defendants did not make any deductions from the total amounts based on sums already paid to each Plaintiff (discussed, *supra,* Section I.B.1.); (3) Defendants doubled the amount calculated for each Plaintiff to account for Plaintiffs' prayers for liquidated damages under the FLSA, even though Plaintiffs would not be able to recover such damages; and (4) Defendants then offered an amount in excess of the calculated totals.

## II.   ARGUMENT

### A.   Dismissal Under Rule 12(b)(1) of the Federal Rules of Civil Procedure

If a court determines that it lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The objection that a federal court lacks subject matter jurisdiction . . . may be raised by any party, or by a court on its own initiative, at any stage in the litigation. . . ." *Arbraugh v. Y & H Corp*., 546 U.S. 500, 506 (2006). Despite their formal sufficiency, a defendant may properly attack the jurisdictional allegations in the complaint under Rule 12(b)(1) and in doing so, rely on affidavits or other evidence before the Court. *See St. Clair v. City of Chico*, 880 F. 2d 199, 201 (9th Cir. 1989). Once that occurs, the party opposing the motion has the burden of presenting affidavits or other evidence sufficient to establish that the Court possesses subject matter jurisdiction. *See id*.; *see also In re: Ford Motor Co./Citibank (S.D.), N.A.*, 264 F. 3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

### B.   Mootness Principles

Article III of the Constitution limits federal-court jurisdiction to "Cases" and "Controversies." U.S. CONST. Art. III § 2; *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Pitts v. Terrible Herbst, Inc*., 653 F. 3d 1081, 1086 (9th Cir. 2011). When events subsequent to the lawsuit being filed eliminate any actual controversy between the parties, the action is moot and must be dismissed. *See, e.g.*, *Tran v. Napolitano*, 497 Fed. Appx. 724, *725 (9th Cir. Oct. 25, 2012). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Pitts*, 653 F. 3d at 1086; *Gator.com Corp. v. L.L. Bean,*

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                    6.                    Case No. 3:12-cv-05524-JST

*Inc.*, 398 F. 3d 1125, 1128-1129 (2005). Indeed, the Ninth Circuit has expressly recognized its "constitutional obligation to police jurisdictional matters assiduously. . . ." *See Gator.com Corp*, 398 F. 3d at 1128. To establish federal-court jurisdiction, a plaintiff must demonstrate that he or she possesses a legally cognizable personal stake in the outcome of the action. *See Camreta* v. *Greene*, 131 S. Ct. 2020, 2023; 2028 (2011). Importantly, "the definitive mootness of a case or controversy . . . ousts the jurisdiction of the federal courts and requires dismissal of the case." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 335 (1980); *see also In re Burrell*, 415 F. 3d 994, 998 (9ᵗʰ Cir. 2005) ("If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction and the concomitant 'power to declare the law' by deciding claims on the merits.").

## C. Plaintiffs' Individual Claims and Collective FLSA Claims are Moot as They are Fully Satisfied by Defendants' Offers of Judgment

Plaintiffs' individual claims and collective FLSA claims are moot as they are fully satisfied by Defendants' offers of judgment. "Where a defendant offers to have judgment entered [against] it in an amount equal to or greater than the maximum recovery the plaintiff could obtain, and the plaintiff does not accept the offer, a case or controversy no longer exists, and the plaintiff's claims are subject to dismissal." *Makreas v. The Moore Law Group, A.P.C.*, 2012 U.S. Dist. LEXIS 17211, *4 (N.D. Cal. Feb. 2, 2012) (citing *Marschall v. Recovery Solution Specialists, Inc.*, 399 Fed. Appx. 186, 187 (9ᵗʰ Cir. 2010) (holding that "district court properly dismissed [plaintiff's] claims against [defendant] for lack of subject matter jurisdiction because [defendant's] offer of judgment was for more than [plaintiff] was legally entitled to recover"); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 n.5 (5th Cir. 2008) (*citing Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009) ("[A]n offer of judgment that satisfies a plaintiff's entire demand moots the case."); 13B Wright & Miller, Fᴇᴅ. Pʀᴀᴄ. & Pʀᴏᴄ.: Jᴜʀɪs. 3d § 3533.2 at 800 (2008) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case."). In *Zimmerman v. Bell*, 800 F.2d 386 (4th Cir. 1986), for example, the U.S. Court of Appeals

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

7.

Case No. 3:12-cv-05524-JST

for the Fourth Circuit affirmed the dismissal of a plaintiff's claim after the defendants offered judgment for the full amount of damages:

> [Plaintiff] also seeks relief from the dismissal of her individual claims after defendants offered judgment.  Since ... defendants had offered [plaintiff] the full amount of damages ... to which she claimed individually to be entitled, there was no longer any case or controversy....  [Plaintiff's] personal stake in the outcome had disappeared, and federal courts do not sit simply to bestow vindication in a vacuum.

*Id.* at 390.

Here, as detailed above, Defendants' respective Rule 68 offers to each Plaintiff unquestionably more than satisfy the full value of each Plaintiff's claims assuming each Plaintiff recovered all alleged damages sought, including unpaid compensation, alleged liquidated damages, attorney's fees, costs, expenses and interest.  (*See* Section I.B., *supra*; Ex. C).  Plaintiffs cannot credibly dispute the adequacy of these amounts, and have no evidence that would enable them to do so.  Indeed, Defendants have, through written discovery, Plaintiff Otey's deposition and correspondence repeatedly sought to procure Plaintiffs' own damages calculations.  (*See* Plaintiff Otey's Responses to CrowdFlower, Inc.'s First Set of Interrogatories ¶¶ 7-11 and Plaintiff Greth's Responses to CrowdFlower, Inc.'s First Set of Interrogatories ¶¶ 7-11, attached as Composite Ex. K; Ex. F, Pl. Dep. pp. 164-175; Letter to Plaintiffs' Counsel Regarding Offers of Judgment dated June 24, 2013, attached as Ex. L.)  Those efforts have been met with vague and indefinite responses and general assertions that phantom documents and experts may be needed to make these calculations for only two Plaintiffs.[3]  (*See id.*)  Plaintiffs also have failed to provide damage calculations in their Initial Disclosures as required by the applicable rules of procedure.[4]  (*See* Plaintiff's Initial Disclosures, attached as Exhibit M.)  Notably, even though Defendants requested updates and damage calculations, these disclosures have not been updated and no information has been provided

---

[3] Plaintiffs have an obligation to provide such calculations.  *See, e.g., Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 316 (E.D. Pa. 1980) ("Where a plaintiff alleges loss of income because of a defendant's actions the assumption that plaintiff is in a position to furnish details is a reasonable one. Plaintiff's inexact responses to these questions are insufficient.").

[4] Fed. R. Civ. P.  26(a)(1)(E) provides that, "[a] party must make its initial disclosures [which includes computation of damages] based on the information then reasonably available to it.  A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                                                8.                    Case No. 3:12-cv-05524-JST

regarding Ms. Greth. (*See* Exhibit L.) Notably, Defendants have provided Plaintiffs with the data that they possess bearing on Plaintiffs' performance of CrowdFlower tasks during the relevant period. Plaintiffs have failed to identify any additional potential sources of documents or information that are somehow going to place them in a better position to detail their damages at a later time. Indeed, Plaintiffs have continually maintained that the information to calculate damages lies with CrowdFlower. Now that CrowdFlower has borne the burden of producing that information and running the appropriate calculations, Plaintiffs cannot defeat Defendants' proper Rule 12(b)(1) motion and thwart Rule 68 by hiding the proverbial ball on the issue of damages and generally speculating that unidentified documents and information that may later be discovered or unspecified expert analyses might support a greater damages sum. *See Russell v. United States of Am.*, 2009 U.S. Dist. LEXIS 113235, \*\*15-16 (N.D. Cal. Nov. 20, 2009) (rejecting Plaintiff's challenge to Defendant's offer of judgment calculations in the face of Rule 12(b)(1) motion to dismiss where Plaintiff claimed that "further factual development *may* show that the United States has incorrectly calculated damages.") For the foregoing reasons, Plaintiffs have no competent evidence that Defendants' offers of judgment do not fully satisfy the maximum amount Plaintiffs could recover for their purported claims and therefore have not met their burden of demonstrating that this Court has subject matter jurisdiction over their individual claims.

### D.  Plaintiff's Purported "Collective Claims" also are Moot

In *Genesis HealthCare Corp. et al. v. Symczyk*, the Court held that in the FLSA collection action context, mooting the representative plaintiff's claims renders moot the collective claims in the absence of any claimant's opting in. *See Genesis,* 133 S. Ct. 1523, 129 (2013). Initially, while the Supreme Court in *Genesis*, did not directly reach the issue of "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot," the Ninth Circuit *has* recognized that a court lacks subject matter jurisdiction over an action where an offer of judgment in full satisfaction of a plaintiff's claims is made. *See Marschall*, 399 Fed. Appx. at 187 (concluding that the "district court properly dismissed [the plaintiff's] individual claims against [the defendant] for lack of subject matter jurisdiction because [the defendant's] offer of judgment was far more than [the plaintiff] was legally entitled to recover."; *see also Makreas*, 2012 U.S. Dist. LEXIS 17211 at \*4

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS

9.

Case No. 3:12-cv-05524-JST

("Where a defendant offers to have a judgment entered in an amount equal to or greater than the maximum recovery the plaintiff could obtain, and the plaintiff does not accept the offer, a case or controversy no longer exists, and the plaintiff's claims are subject to dismissal."); *Echlin v. Columbia Collectors, Inc.*, 2013 U.S. Dist. LEXIS 31811, *7 (W.D. Wash. March 7, 2013) (granting defendant's motion to dismiss under Rule 12(b)(1) and reasoning that the "Offer of Judgment [plaintiff] rejected would have netted her more than the amount she currently seeks, and her claim is therefore moot.  Mootness deprives this Court of subject matter jurisdiction."); *Scott v. Federal Bond and Collection Serv., Inc.*, 2011 U.S. Dist. LEXIS 5278, **8-9 (N.D. Cal. Jan. 19, 2011).  Given the foregoing authority, a rejected or unaccepted offer of judgment to Plaintiffs for the full amount of their claims renders Plaintiffs' FLSA claims moot.  Consequently, and as the *Genesis* Court observed, the remaining issue is whether the action "remain[s] justiciable based on the collective allegations in [the] complaint."  *See Genesis*, 133 S. Ct. at 1529.  In addressing this issue, the Court reasoned, "[a] straightforward application of well-settled mootness principles compels our answer.  **In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action.**"  *Genesis*, 133 S. Ct. at 1529 (emphasis supplied).

In *Pitts v. Terrible Herbst, Inc.*, the Ninth Circuit held that "an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a *class* action.  If the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the certification issue."  653 F. 3d at 1091-92 (emphasis supplied).  Although the *Pitts* decision did not involve an FLSA collective action, Plaintiffs likely will argue that based on *Pitts*, even if their *individual* claims are moot, their *collective* claims under the FLSA somehow survive.  This argument clearly fails as to the FLSA claims following the Supreme Court's decision in *Genesis*.  Notably, in concluding that dismissal of Plaintiff's FLSA claims was appropriate, the Supreme Court directly rejected the plaintiff's reliance on Rule 23 class action cases, reasoning that "Rule 23 actions are fundamentally different from collective actions under the FLSA."  *See Genesis*, 133 S. Ct. at 1529 ("[T]he mere presence of collective-action

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                    10.                    Case No. 3:12-cv-05524-JST

1  allegations in the complaint cannot save the suit from mootness once the individual claim is

2  satisfied."); *see also*, *Chen v. AllState Ins. Co.*, 2013 U.S. Dist. LEXIS 81409, *17 (N.D. Cal. June

3  10, 2013) (observing that "under the FLSA, a 'conditional certification' does not confer independent

4  legal status (as a Rule 23 certification does).") (citing *Genesis*, *supra* at 1530.)  Thus, *Genesis*, not

5  *Pitts*, is controlling with regard to Plaintiffs' putative collective claims under the FLSA.[5]

6          Here, nearly nine months have passed since the original Complaint was filed.  Not one

7  individual has opted into Plaintiffs' FLSA collective action other than Plaintiff Greth, who also

8  received an offer of judgment in excess of the full amount of her alleged damages.[6]  Thus, by

9

10  [5] Even prior to *Genesis*, the District Court for the District of Nevada rejected extension of the *Pitts* decision to the FLSA collective action context.  In *Banks v. Robinson*, the Court reasoned:

11          The Ninth Circuit recently decided that a "rejected offer of judgment for the full
12          amount of a putative class representative's individual claim" does not moot an action
           "where the offer precedes the filing of a motion for class certification."  *Pitts v.*
13          *Terrible Herbst, Inc.*, 653 F. 3d 1081, 1084 (9th Cir. 2011).  The *Pitts* court
           determined that the putative class representative still had an interest in the case until a
14          motion for class certification would no longer be timely.  *Id.* at 1091-92.  However,
           here, Banks does not bring her Fair Labor Standards Act ("FLSA") claim as a class
15          action claim pursuant to Federal Rule of Civil Procedure 23, but as a collective action
           pursuant to the FLSA.  **FLSA claims under 29 U.S.C. §216(b) are inherently**
16          **different from Rule 23 class actions because the named plaintiff has no**
           **procedural right to represent other similarly situated parties. . . . Thus, *Pitt[s]* is**
17          **not on point**.

18  2011 U.S. Dist. LEXIS 135622, * (D. Nev. Nov. 22, 2011); *see also Ward v. Bank of New York*, 455
    F. Supp. 2d 262, 264 (S.D.N.Y. 2006) (concluding that Rule 68 offer of judgment mooted plaintiff's
19  FLSA collective action claims and granting motion to dismiss under Rule 12(b)(1); "[Plaintiff's]
    damages are definitively calculable under the FLSA, and they are minimal.  [Defendant's] offer far
20  exceeds all [Plaintiff] could recover at trial, and included reasonable attorney's fees and costs as
    required by the FLSA.  Under the FLSA, [Plaintiff] can be afforded no equitable relief. Furthermore,
21  in the twelve months since the original complaint was filed, not one individual has come forward to
    opt in to [Plaintiff's] FLSA collective action.  Hence, [Plaintiff] advances only her own individual
22  claims."); *Vogel v. American Kiosk Mgt.*, 371 F. Supp. 2d 122, 127-28 (D. Conn. 2005) (holding that
    Rule 23 policy considerations did not apply to collective actions because the named plaintiff in a
23  section 216(b) action under the FLSA had no procedural right to represent other plaintiffs;
    "[W]ithout the inclusion of other active plaintiffs who have 'opted in' to the suit, the section 216(b)
24  plaintiff simply presents only her claim on the merits….  Thus, the general application of Rule 68
    Offers of Judgment applies such that settlement of a plaintiff's claims moots an action….").
25  [6] Even if, between the date Defendants submitted their offers of judgment to Plaintiff and the Court's
    disposition of this motion, Plaintiffs attempt to file additional opt-in consents, they would not save
26  Plaintiffs' claims, including their FLSA collective allegations, from dismissal.  *See Genesis*, 133 S.
    Ct. at 1530 (concluding that "respondent's suit became moot when her individual claim became
27  moot [] because she lacked any personal interest in representing others in this action.")  In *Bilabo v.*
    *Bros. Produce*, the District Court for the Southern District of Florida granted a defendant's motion to
28  dismiss where the defendant made an offer of judgment to Plaintiff two weeks before four other
    plaintiffs submitted notices to "opt-in" to the FLSA collective action.  2013 U.S. Dist. LEXIS 65812,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                          11.                          Case No. 3:12-cv-05524-JST

operation of Defendants' offers of judgment to Plaintiffs in complete satisfaction of their claims, Plaintiffs' collective claims were mooted, depriving this Court of subject matter jurisdiction over them. *See Genesis*, 133 S. Ct. at 152 9 ("While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' 29 U.S.C. §216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied.").

**E. Public Policy Concerns Do Not Preserve Plaintiffs' Collective Claims Under the FLSA**

Plaintiffs also may argue that their FLSA collective claims should be preserved from mootness for public policy reasons and to prevent defendants from "picking off" individual plaintiffs prior to collective treatment. The United States Supreme Court's *Genesis* decision plainly rejects this argument as well. Plaintiffs have no public policy interest to advance this action because, under the FLSA structure, hypothetical un-joined parties are free to litigate their claims separately against Defendants following dismissal. As the Supreme Court held in *Genesis*, "[w]hile settlement [with respondent] may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in *respondent's* suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all." *Genesis*, 133 S. Ct. at 1530; *see also Mackenzie*, 276 F. Supp. 2d at 1216-17 ("[U]nlike a Rule 23 class action where the rights of class members may be determined by the representative plaintiff's actions, resolution of the plaintiff's FLSA claim will not compromise the right of any other employee to file suit against the defendant since no one has opted into this lawsuit."; "It was plainly economically reasonable for the defendant to offer to pay the

---

*6 (S.D. Fla. May 7, 2013). The Court followed *Genesis* and found that "a potential collective-action ends the moment the 'lone plaintiff's case becomes moot.'" *See id.* at *6. The hypothetical possibility that other parties may join at a later time – even when they eventually did – did not preserve the court's subject matter jurisdiction over the collective claims. *See id.* at **6-7 ("[Plaintiff's] lone claim was mooted more than two weeks before [notice was filed for four opt-in plaintiffs]. At that moment, the case was closed and other similarly situated individuals could not join."). Further, following *Genesis*, pendency of Plaintiffs' conditional certification motion or grant of conditional certification does not bestow subject matter jurisdiction upon the Court. *See Genesis*, 133 S. Ct. at 1530 ("Even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness.").

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

12.

Case No. 3:12-cv-05524-JST

1  plaintiff's claim in full in order to avoid attorneys' fees that could substantially exceed the amount

2  paid. Indeed, it would seem unfair if the defendant were precluded from taking that action,

3  especially since such a payment would have no effect on any other person's claim."). The bare

4  assertions of collective FLSA claims are inadequate to preserve those claims from mootness.

5  **F.  Plaintiff Otey's Class Claims Under Oregon Law Do Not Meet the Amount in**

6  **Controversy Requirements for Original Jurisdiction Under 28 U.S.C. § 1332(d)(2)**

7  Under the Class Action Fairness Act, district courts have "original jurisdiction over any civil

8  action in which the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and

9  costs, and is a class action in which—any member of a class of plaintiffs is a citizen of a State

10  different from any defendant." 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'n, Inc.*,

11  627 F. 3d 395, 396 (9th Cir. 2010). "In any class action, the claims of the individual class members

12  shall be aggregated to determine whether the matter in controversy exceeds the sum or value of

13  $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). The party asserting federal

14  jurisdiction bears the burden of proving that the case meets the statutory requirements and properly

15  should be in federal court. *See Lewis*, 627 F. 3d at 399. As the Supreme Court has recognized:

16  > The prerequisites to the exercise of jurisdiction are specifically defined and the plain
17  > import of the statute is that the District Court is vested with authority to inquire at any
     > time whether these conditions have been met. They are conditions which must be
18  > met by the party who seeks the exercise of jurisdiction in his favor. He must allege in
     > his pleading the facts essential to show jurisdiction. If he fails to make the necessary
19  > allegations he has no standing. If he does make them, an inquiry into the existence of
     > jurisdiction is obviously for the purpose of determining whether the facts support his
20  > allegations. In the nature of things, the authorized inquiry is primarily directed to the
     > one who claims that the power of the court should be exerted in his behalf.

21  *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

22  Here, Plaintiffs vaguely allege that this Court "has subject matter jurisdiction over this case

23  under 28 U.S.C. § 1332(d)(2) because the claim is brought as a class action between citizens of

24  different states and the amount in controversy exceeds $5,000,000, exclusive of interest and costs."

25  (2nd Am. Compl. ¶ 14.) With regard to the purported Oregon Class, Plaintiffs allege only that "upon

26  information and belief, the Oregon Class consists of hundreds, if not thousands, of persons who are

27  geographically dispersed." (2nd Am. Compl. ¶ 78.) Even though, at the time the Second Amend

28  Complaint was filed, this matter had been pending for approximately eight months, Plaintiffs have

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS

13.

Case No. 3:12-cv-05524-JST

failed to provide any allegations that might indicate that Plaintiffs have any clue as to the amount actually in controversy or the number of purported class members.  Plaintiffs cannot properly rest on these vague and speculative allegations supporting jurisdiction for Plaintiff Otey's class claims.  Because Plaintiffs are unable to provide sufficient evidence to demonstrate that jurisdiction is proper, any remaining class claims under Oregon law should be dismissed under Rule 12(b)(1) due to Plaintiff Otey's failure to satisfy the requirements of 28 U.S.C. § 1332(d)(2).  *See Hildreth v. Unilever United States, Inc*., 2010 U.S. Dist. LEXIS 136584, **11-12 (C.D. Cal. Dec. 15, 2010) ("As respects the alleged amount in controversy, plaintiffs allege only that 'the aggregated claims . . . exceed the sum or value of $5,000,000 and that plaintiffs purchased defendants' products 'on several occasions.'  Plaintiffs provide no specific indication of the amount of economic injury sustained individually, or by the class.  This allegation does not demonstrate that the aggregate $5,000,000 amount in controversy requirement is satisfied. . . .  The court may not exercise jurisdiction under CAFA on the basis of this type of speculation."); *Heleine v. Saxon Mortgage Servs., Inc*., 2013 U.S. Dist. LEXIS 47466 (D. N.J. April 2, 2013) (granting defendant's motion to dismiss pursuant to Rule 12(b)(1) based on plaintiffs' failure to carry their burden, in light of defendants' challenge, to demonstrate the amount in controversy of the proposed class exceeded the $5,000,000 threshold where plaintiffs failed to "respond to Defendants' jurisdictional challenge with any declarations, affidavits, or other evidence to support their position."); *see also Lowdermilk v. United States Bank National Assoc*., 479 F. 3d 994, 1002 (9th Cir. 2007) (concluding, in the removal context, that "Defendant has left us to speculate as to the size of the class, the amount of unpaid wages owed due to the rounding policy, and whether or not members of the class qualify for penalty wages; such speculation does not meet the 'legal certainty' standard.  Until the parties are able to more definitely ascertain the potential size of the class or the extent of the damages, we cannot base our jurisdiction on Defendant's speculation and conjecture.").

**G.**     **The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff Otey's Class Claims Under Oregon Law.**

Further, the Court should decline to exercise supplemental jurisdiction over Plaintiff Otey's Oregon class claims.  Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS                          14.                    Case No. 3:12-cv-05524-JST

jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Here, for the reasons set forth above, Plaintiffs' federal claims are due to be dismissed, and the Court otherwise no longer has original subject matter jurisdiction over Plaintiffs' remaining claims. "Ordinarily, a court should dismiss the state claims when all federal claims have been resolved prior to trial." *Aaron v. Aguirre*, 2008 U.S. Dist. LEXIS 123440, *30 (S.D. Cal. Sept. 3, 2008) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Board of Locomotive Eng'rs Div.*, 269 *v. Long Island R.R. Co.*, 85 F. 3d 35, 39 (2d Cir. 1996) ("When all bases for federal jurisdiction have been eliminated . . . the federal court should ordinarily dismiss the state claims."). Accordingly, Defendants respectfully request that the Court decline to exercise supplemental jurisdiction of Plaintiff Otey's class claims. *See*, *e.g.*, *Ward*, 455 F. Supp. 2d at 270 (declining to exercise supplemental jurisdiction over plaintiff's state law claims after granting defendant's motion to dismiss plaintiff's FLSA claims based on Rule 68 offer of judgment); *Bilbao*, 2013 U.S. Dist. LEXIS 65812 at **4-5 (same); *Briggs v. Arthur T. Mott Real Estate*, 2006 U.S. Dist. LEXIS 892891 at **11-12 (E.D.N.Y. 2006) (same).

## III.   CONCLUSION

Plaintiffs' individual claims in this action and their collective claims under the FLSA have been fully satisfied by Defendants' Rule 68 offers of judgment, mooting those claims. Further, Plaintiffs cannot satisfy the requirements for original jurisdiction based on diversity under 28 U.S.C. § 1332(d)(2). Accordingly, the Court lacks subject matter jurisdiction over this action, which is due to be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

15.

Case No. 3:12-cv-05524-JST

1    Dated: July 19, 2013                              Respectfully submitted,

2                                                      LITTLER MENDELSON, P.C.

3

4                                                      By:____/s/ Jacqueline E. Kalk_____
                                                            JACQUELINE E. KALK
5                                                           ARTHUR M. EIDELHOCH
                                                            GALEN M. LICHTENSTEIN
6                                                           KELLY D. REESE
                                                            Attorneys for Defendants
7                                                           CROWDFLOWER, INC., LUKAS
                                                            BIEWALD AND CHRIS VAN PELT
8

9

     Firmwide:121714316.2 073860.1001
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND            16.          Case No. 3:12-cv-05524-JST
MOTION TO DISMISS