William T. Payne (Cal Bar #90988)
Ellen M. Doyle (Admitted *Pro Hac Vice*)
Edward J. Feinstein (Admitted *Pro Hac Vice*)
Feinstein Doyle Payne & Kravec, LLC
429 Forbes Avenue, 17th Floor
Pittsburgh, PA   15219
412-281-8400 (T)
412-281-1007 (F)
wpayne@fdpklaw.com
edoyle@fdpklaw.com
efeinstein@fdpklaw.com

Mark A. Potashnick (Admitted *Pro Hac Vice*)
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone:  (314) 997-9150
Fax: (314) 997-9170
markp@wp-attorneys.com

Ira Spiro (Cal. Bar #67641)
Jennifer Connor (Cal. Bar #241480)
Justin F. Marquez (Cal. Bar #262417)
SPIRO MOORE LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles California 90064
Telephone:  (310) 235-2468;
Fax: (310) 235-2456
ira@spiromoore.com
jennifer@spiromoore.com
justin@spiromoore.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER OTEY and MARY GRETH, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CROWDFLOWER, INC., LUKAS BIEWALD, and CHRIS VAN PELT,<br><br>                    Defendants. | Case No. C 12-5524 JST<br><br>Judge:  Hon. John S. Tigar<br><br>**PLAINTIFFS' NOTICE OF MOTION FOR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE CERTAIN DEFENSES**<br><br>**Date:    September 12, 2013**<br>**Time:   2:00 p.m.**<br>**Place:  Courtroom 9** |

1

## **TABLE OF CONTENTS**

2 TABLE OF AUTHORITIES ......................................................................... ii

3 PLAINTIFF'S NOTICE OF MOTION AND MOTION.................................... 1

4 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT ...................................... 3

5     I.    INTRODUCTION .......................................................................... 3

6     II.    STANDARD OF REVIEW ON MOTION FOR JUDGMENT ON

7            THE PLEADINGS.................................................................. 4

8     III.    ARGUMENT............................................................................. 5

9           A.    Defendants Bear The Burden Of Proof For Affirmative Defenses Under
               The FLSA ................................................................. 5

10           B.    Defenses Should Be Plead With Facts Sufficient To Demonstrate

11                Their Plausibility ........................................................ 6

12           C.    Defendants' "Affirmative Defenses" Are Insufficiently Plead And Should Be
               Dismissed ................................................................. 7

13     IV.    CONCLUSION........................................................................20

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

*Alvarez v. IBP, Inc.,* 339 F.3d 894 (9th Cir. 2003) ..................................................................16

4

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) ...................................................18

5

*Ansari v. Elec. Document Processing, Inc.*, 2013 WL 664676 (N.D.Cal. 2013) ...........................6

6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. passim

7

8

*Ayers v. Consol. Constr. Servs. of S.W. Fla., Inc.*, 2007 WL 4181910
    (M.D. Fla. Nov. 26, 2007) ..................................................................................................10

9

*Bailon v. Seok AM # 1 Corp.*, 2009 WL 4884340 (W.D.Wash. Dec. 9, 2009) ...........................10

10

11

*Barnes & Noble, Inc. v. LSI Corporation*, 849 F.Supp.2d 925 (N.D.Cal. 2012).......................4, 6

12

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167
    (N.D.Cal. 2010).........................................................................................................2, 4, 6, 7

13

14

*Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 101 S.Ct. 1437,
    67 L.Ed.2d 641 (1981) .......................................................................................................13

15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ passim

16

*Block v. City of L.A.*, 253 F.3d 410 (9th Cir. 2001) ...................................................................15

17

*Bollinger v. Residential Capital, LLC.*, 863 F. Supp. 1050 .........................................................5

18

*Bonnette v. California Health & Welfare Agency,* 704 F.2d 1465 (9th Cir.1983) ......................13

19

*Bonshahi v. Fedex Corp.*, 2012 WL 3638608 (N.D.Cal. 2012) ...................................................6

20

*Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878 (N.D. Cal., Aug. 22, 2011)..................................7

21

*Brazil v. Dell Inc.*, 2010 WL 5258060 (N.D.Cal. 2010) (Whyte, J.)......................................1, 4, 7

22

23

*Breville Pty Limited v. Storebound LLC,* 2013 WL 1758742
    (N. D. Cal., April 24, 2013) ...................................................................................................2

24

25

*Busk v. Integrity Staffing Solutions, Inc.*, 2013 WL 1490577 (9th Cir., April 12, 2013) .............16

26

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047
    (9th Cir. 2011)..................................................................................................................1, 4

27

28

*Corning Glass Works v. Brennan*, 417 U.S. 188 (1974).........................................................5, 14

*Criswell v. Western Air Lines, Inc.*, 709 F.2d 544 (9th Cir. 1983) ................................................14

*Davison Design & Dev. Inc. v. Riley*, 2012 WL 4051189 (N.D.Cal. 2012) ........................................7

*DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99 (2d Cir.2010) ...........................................................11

*Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221 (N.D.Cal. 2012) ...............................6

*Dodson v. Strategic Restaurants Acquisition Company II, LLC*, 2013 WL 3120322
    (E.D. Cal., June 18, 2013) ...........................................................................................................7

*Ear v. Empire Collection Auth.*, 2012 WL 3249514 (N.D.Cal. 2012) .....................................1, 2, 4

*F.D.I.C. v. Luping Lai*, 2012 WL 50370 (N.D.Cal. 2012) ...............................................................6

*G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284
    (N.D. Cal. 2010) .................................................................................................................4, 8, 12

*Gessele v. Jack In the Box, Inc.*, 2011 WL 3881039 (D.Or., Sept. 2, 2011) ......................... passim

*Gonzalez v. Heritage Pacific Financial, LLC,* 2012 WL 3263749 (C.D.Cal. 201) .......................7

*Green v. City & Cnty. of San Francisco Cal.*, 2007 WL 521240
    (N.D. Cal. Feb. 15, 2007) .........................................................................................................10

*Harris v. County of Orange*, 682 F.3d 1126 (9th Cir. 2012) .......................................................1, 4

*Holmberg v. Armbrecht*, 327 U.S. 392 (1946) .............................................................................10

*In re Century Aluminum Company Securities Litigation*, 704 F.3d 1119 (9th Cir. 2013) ..............6

*J & J Sports Productions, Inc. v. Mendoza-Govan* (N.D. Cal. 2011)
    2011 WL 1544886 ......................................................................................................................9

*Jones v. Taber*, 648 F.2d 1201 (9th Cir. 1981) ..............................................................................5

*Lambert v. Ackerley,* 180 F.3d 997 (9th 1999) .......................................................................13, 14

*Lemieux v. City of Holyoake*, 740 F.Supp.2d 246 (D. Mass. 2010) .............................................10

*Lewis v. Wells Fargo,* 669 F.Supp.2d 1124 (N.D. Cal. 2009) ......................................................16

*Lindow v. U.S.*, 738 F.2d 1057 (9th Cir. 1984) ...........................................................................18

*Lopez Reyes v. Kenosian & Miele, LLP*, 525 F.Supp.2d 1158 (N.D.Cal. 2007) ...........................4

*Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896 (3rd Cir. 1991) .............................................15

*McKeen-Chaplin v. Franklin American Mortg. Co.*, 2012 WL 6629608
(N.D. Cal. Dec. 19, 2012) ...........................................................................................10

*New Hampshire v. Maine,* 532 U.S. 742, 121 S.Ct. 1808,
149 L.Ed.2d 968 (2001) ...............................................................................................11

*O'Sullivan v. AMN Services, Inc.*, 2012 WL 2912061 (N.D.Cal. 2012).............................6

*PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686 (N.D.Cal. 2012) ...............................6

*Perez-Nunez v. N. Broward Hosp. Dist.*, 2009 WL 723873, *2 (S.D. Fla. Mar. 13, 2009)...........10

*Powertech Tech., Inc. v. Tessera, Inc.,* 2012 WL 1746848 (N.D.Cal. 2012) ................................6

*Quintana v. Baca*, 233 F.R.D. 562 (C.D. Cal. 2005) .......................................................4

*Robertson v. Alaska Juneau Gold Mining Co.*, 157 F.2d 876 (9th Cir. 1946).............................10

*RSI Corp. v. IBM*, 2010 WL 726032 (N.D.Cal. 2010) ....................................................5

*Santiago v. Amdocs, Inc.*, 2012 WL 2343626  (N.D.Cal. Jun. 20, 2012) ......................................13

*Solis v. Cascom, Inc.*, 2011 WL 10501391 (S.D. Ohio Sept. 21, 2011)......................................15

*Spears v. First American EAppraiseIt,* 2013 WL 1748284
(N.D. Cal., April 23, 2013) ........................................................................2, 8, 12

*Steiner v. Mitchell,* 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956) .......................................16

*Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123,* 321 U.S. 590,
64 S.Ct. 698, 88 L.Ed. 949 (1944) ..............................................................................5

*Wong v. HSBC Mortgage Corporation (USA)*, 749 F. Supp. 2d 1009
(N.D. Cal., Sept. 29, 2010) .........................................................................................5

*Wren v. RGIS Inventory Specialists*, 2009 WL 2612307 (N.D. Cal. Aug. 24, 2009)...................18

*Wyshak v. City Nat'l Bank,* 607 F.2d 824 (9th Cir. 1979) ..............................................2, 5, 6

*Yates v. Perko's Cafe*, 2011 WL 2580640 (N.D.Cal. 2011) ............................................7

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002)......................................4, 8

*Zody v. Microsoft*, 2013 WL 2468250 (N.D. Cal., June 7, 2013)......................................7

1

**Regulations**

2

29 C.F.R. § 785.19 ...........................................................................................................17

3

29 C.F.R. § 785.27 ...........................................................................................................17

4

29 C.F.R. § 790.14(a) .........................................................................................................5

5

**Statutes**

6

29 U.S.C. §§ 201, *et seq.* ........................................................................................ passim

7

29 U.S.C. § 203(g) ...........................................................................................................19

8

29 U.S.C. § 207 ................................................................................................................14

9

29 U.S.C. § 216 (b) ..........................................................................................................11

10

29 U.S.C. § 254 ................................................................................................................16

11

29 U.S.C. § 254(a) ...........................................................................................................16

12

29 U.S.C. § 255 ..................................................................................................................9

13

29 U.S.C. §259 ...................................................................................................................5

14

29 U.S.C. §260 ................................................................................................................15

15

ORS § 12.080 .....................................................................................................................9

16

17

**Other Authorities**

18

U.S. DOL Fact Sheet # 64 ...............................................................................................16

19

20

**Rules**

21

Fed. R. Civ. P. 8(c) ............................................................................................................3

22

Fed. R. Civ. P. 8(c)(1) ..........................................................................................3, 9, 10, 19

23

Fed. R. Civ. P. 12(c) ..........................................................................................................1

24

Fed. R. Civ. P. 23 ............................................................................................................11

25

Rule 12(b)(6) ......................................................................................................................4

26

27

28

PLAINTIFF'S NOTICE OF MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS AND MOTION TO STRIKE CERTAIN
DEFENSES                                              v                    Case No. 12-5524 JST

**PLAINTIFF'S NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on September 12, 2013, at 2:00 p.m., or as soon as thereafter as may be heard by the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA  94102, Plaintiffs Christopher Otey and Mary Greth will, and hereby do, move the Court for an Order Pursuant to Federal Rule of Civil Procedure 12(c), granting partial judgment on the pleadings as to Defenses 2, 3, 4, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, and 19 asserted in Defendants' Answer and Defenses to Plaintiff's Second Amended Complaint (Dkt 149) (" Answer").  Plaintiff also moves for an order striking Defenses 2, 5, 6, and 12 of the Answer, because they fail to state defenses which are cognizable under applicable law. This Motion is based on this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities.

In setting forth their Defenses, Defendants have failed to plead sufficient facts to make their defenses (2, 3, 4, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, and 19) plausible.  Such pleading does not meet the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which require Defendants to plead facts sufficient to put Plaintiff on notice of a plausible defense.

*Iqbal* and *Twombly* set the standard for Plaintiff's motion under Fed. R. Civ. P. 12(c), which courts in this district have recognized is "evaluated under the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6)." *Brazil v. Dell Inc.*, 2010 WL 5258060, at *1 (N.D. Cal., Dec 21, 2010) (Whyte, J.) (citations omitted); *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012); (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)).  Moreover, courts in this district have evaluated challenges to the pleading of affirmative defenses under *Iqbal* and *Twombly*. *See Ear v. Empire Collection Auth.*, 2012 WL 3249514, at *1 (N.D. Cal., Aug. 7, 2012) (Conti, J.) ("judges in this district have, uniformly so far as the undersigned can tell, adopted the plausibility standard"). Defendants' Defenses fail under *Iqbal* and *Twombly* because they fail to plead facts sufficient to put Plaintiff on notice of a plausible defense. Other courts in this district have recognized that pleading conclusions of law does not satisfy the requirement to plead facts to show that the defense is plausible.  A court should dismiss these

1   Defenses when they "consist solely of citations to various legal authorities and do not point to the

2   existence of identifiable facts, let alone any facts that would make each defense plausible on its

3   face."  *Ear*, 2012 WL 3249514 at *3 (citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained*

4   *Program*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010)).

5        Plaintiff also moves to strike Defenses 1, 2, 5, 6, and 12 as set forth in Defendants' Amended

6   Answer (Dkt 89) because they are not cognizable as affirmative defenses.  A defense asserting

7   defects in the pleading of claims as to issues which the plaintiff has the burden to prove is not an

8   affirmative defense and may be struck.  *Spears v. First American EAppraiseIt*, 2013 WL 1748284 at

9   *7 (N.D. Cal., April 23, 2013).  This court very recently recognized that it is appropriate to strike an

10  affirmative defense which is insufficiently plead.  *Breville Pty Limited v. Storebound LLC,* 2013 WL

11  1758742 at *4 (N. D. Cal., April 24, 2013).  A defense is also insufficient it if does not provide the

12  plaintiff with fair notice of the defense.  *Id.* and *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th

13  Cir. 1979).

14        A Proposed Order is attached.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

PLAINTIFF'S NOTICE OF MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS AND MOTION TO STRIKE CERTAIN
DEFENSES                                                    2                    Case No. 12-5524 JST

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2

### I.  INTRODUCTION

3      In this collective action under the FLSA for all persons in the United States and its

4 possessions and territories performing online work through the internet at the request of

5 CrowdFlower, and class action for workers in Oregon, Plaintiff Otey claimed that he and others

6 similarly situated were employees of CrowdFlower, that they performed work at its request and that

7 it failed to pay them at the minimum wage rate required by federal and state law. (Dkt 27, First

8 Amended Complaint ("FAC"))[1]   On June 18, 2013, Plaintiffs Otey and Greth filed the Second

9 Amended Complaint in this action ("SAC") (Dkt 120)  Defendants filed their Answer including

10 nineteen defenses on July 16, 2013 (Dkt 149)  On behalf of themselves and others similarly situated,

11 Plaintiffs now move for judgment on the pleadings and to strike defenses plead in Defendants'

12 Answer to the SAC.

13      In their first Answer to Plaintiff's Amended Complaint, Defendants alleged twenty-two (22)

14 purported "Defenses" in conclusory terms, but plead no facts in support of those defenses, (Dkt 38,

15 pps. 13-17) and failed to identify any of their Defenses as avoidances or affirmative defenses, as

16 required by Fed. R. Civ. P. 8(c)(1).  Plaintiff Otey filed a motion for judgment on the pleadings as to

17 twenty of those defenses. (Dkt 71)  Defendants filed their Amended Answer to Plaintiff's Amended

18 Complaint on April 23, 2013 (Dkt 89), which did not address the pleading deficiencies raised by

19 Plaintiff Otey.  On May 2, 2013, Plaintiff Otey renewed his motion for judgment on the pleadings

20 and moved to strike Defendants' nineteen defenses.  (Dkt 94) On June 17, 2013, Plaintiff filed the

21 SAC.  (Dkt 120)  Defendants filed their Answer on July 16, 2013 (Dkt 149), but once again failed to

22 identify and affirmatively plead their avoidances and affirmative defenses as required by Fed. R.

23 Civ. P. 8(c).  In addition, Defendants have failed to plead sufficient facts to show that almost all of

24 the defenses they have raised are plausible.  Under the federal heightened pleading standards, parties

25 must plead beyond the speculative level and provide more than labels and conclusions.  *Twombly,*

26 550 U.S. at 555.  In *Twombly*, the Supreme Court described the pleading party's burden of pleading

27

28 [1] Plaintiff has moved for conditional certification of the FLSA collective class.  (*See* Dkt 46 & 47)

---

PLAINTIFF'S NOTICE OF MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS AND MOTION TO STRIKE CERTAIN
DEFENSES                                                        3                    Case No. 12-5524 JST

1    facts as crossing the line between conceivable and plausible.  *Id.* at 570.  In addition, several of the

2    Defenses are merely attacks denying the merits of Plaintiff's claims and are not cognizable as

3    affirmative defenses.  "A defense which demonstrates that plaintiff has not met its burden of proof is

4    not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *G &*

5    *G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284 (N.D. Cal., Sept. 23, 2010) (stating that

6    "denials of allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of

7    his claims are not affirmative defenses.").  Rather, an "affirmative defense" defeats a plaintiff's case

8    "even where the plaintiff has stated a *prima facie* case for recovery."  *Quintana v. Baca*, 233 F.R.D.

9    562, 564 (C.D. Cal. 2005).

10          Application of these standards for pleading defenses supports Plaintiff's request for partial

11   judgment on the pleadings as to Defendants' Defenses 2, 3, 4, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18,

12   and 19, and as to Plaintiff's request to strike Defendants' Defenses 2, 5, 6, and 12 as set forth in

13   Defendants' Amended Answer (Dkt 89).

14   **II.  STANDARD OF REVIEW ON MOTION FOR JUDGMENT ON THE PLEADINGS**

15          "A motion for judgment on the pleadings is evaluated under the same legal standard as a

16   motion to dismiss pursuant to Rule 12(b)(6)," *Brazil*, 2010 WL 5258060 at *1 (citing *Lopez Reyes v.*

17   *Kenosian & Miele, LLP*, 525 F.Supp.2d 1158, 1160 (N.D. Cal. 2007)). The Ninth Circuit explains

18   the standard is the same because the two motions are "functionally identical." *Harris*, 682 F.3d at

19   1131 (citing *Cafasso*, 637 F.3d at 1054 n.4).  Although the Ninth Circuit has not addressed the issue,

20   courts in this district apply the "plausibility" standard of *Twombly* and *Iqbal* to affirmative defenses.

21   *See Ear*, 2012 WL 3249514 at *1 ("judges in this district have, uniformly so far as the undersigned

22   can tell, adopted the plausibility standard"); *see also Barnes*, 718 F.Supp.2d at 1171 (applying

23   plausibility standard to affirmative defenses); *Barnes & Noble, Inc. v. LSI Corporation*, 849

24   F.Supp.2d 925, 929 (N.D. Cal. 2012) (same). As Judge Conti of this district recently observed, "[t]he

25   plausibility standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is

26   commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the

27   claims asserted.'" *Ear*, 2012 WL 3249514 at *1 (quoting *Barnes*, 718 F.Supp.2d at 1172). Under the

28   *Iqbal/Twombly* plausibility standard, Plaintiff is entitled to judgment on the pleadings as to

Defendants' affirmative defenses because they plead insufficient facts and are purely "'naked assertion[s] devoid of further factual enhancement." *RSI Corp. v. IBM*, 2010 WL 726032, at *2 (N.D. Cal., Feb 26, 2010) (Whyte, J.) (quoting *Iqbal*, 556 U.S. at 678).

## III.  ARGUMENT

### A.      Defendants Bear The Burden Of Proof For Affirmative Defenses Under the FLSA

The Ninth Circuit long ago recognized that "[t]he key to pleading an affirmative defense is to give the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979).  The FLSA, which was enacted in 1938, embodies "a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act."  *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 602, 64 S.Ct. 698, 88 L.Ed. 949 (1944).  The employer bears the burden of proof for affirmative defenses under the FLSA.  *See Corning Glass Works v. Brennan*, 417 U.S. 188 (1974), at 196–97.  More generally, the Ninth Circuit has recognized that the burden of proving an affirmative defense always rests with the party asserting it.  *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981).

Numerous cases have also recognized the need for FLSA defendants to plead and prove their affirmative defenses to FLSA claims including *Wong v. HSBC Mortgage Corporation (USA)*, 749 F. Supp. 2d 1009, 1017-1020 (N.D. Cal., Sept. 29, 2010) (summary judgment granted against employers as to affirmative defenses that employees were highly compensated employees and that the employer had a defense of good faith reliance on Department of Labor interpretation); *Gessele v. Jack In the Box, Inc.*, 2011 WL 3881039 at *2-3  (D. Or., Sept. 2, 2011) (affirmative defense in FLSA case based on failure to state a claim stricken in the answer); and *Bollinger v. Residential Capital, LLC.*, 863 F. Supp. at 1050-1053 (granting summary judgment to plaintiffs on defendants' assertion of conformity with administrative guidance under 29 U.S.C. §259   and 29 C.F.R. § 790.14(a) when guidance does not clearly apply to employer's circumstances).  Defendants here have utterly failed to allege facts to demonstrate the plausibility of their affirmative and other defenses under the FLSA.

1

2

**B.      Defenses Should Be Plead With Facts Sufficient To Demonstrate Their Plausibility**

3      The Ninth Circuit has recognized that "*Iqbal* and *Twombly* moved us away from a system of

4 pure notice pleading." *In re Century Aluminum Company Securities Litigation*, 704 F.3d 1119, at

5 1121 (9th Cir. 2013).   After *Iqbal* and *Twombly*, a pleading must provide fair notice and provide

6 sufficient facts to suggest at least a plausible chance of success. *Id.*.

7      The members of this court to have addressed the issue have uniformly held that affirmative

8 defenses must be affirmatively plead and supported by facts sufficient to demonstrate the plausibility

9 of those defenses under *Iqbal* and *Twombly*. *See Ansari v. Elec. Document Processing, Inc.*, 2013

10 WL 664676, at *2 (N.D. Cal., Feb 22, 2013) (Koh, J.) ("the Court again rejects Defendants'

11 arguments and sides with the vast majority of district courts that have held that *Twombly* and *Iqbal*

12 do apply to affirmative defenses"); *Bonshahi v. Fedex Corp.*, 2012 WL 3638608, at *1 (N.D. Cal.,

13 Aug 22, 2012) (Henderson, J.) ("this Court agrees with the vast majority of district courts that have

14 [applied *Iqbal* and *Twombly* to affirmative defenses]") (internal citation and quotations omitted);

15 *F.D.I.C. v. Luping Lai*, 2012 WL 50370, at *2 n.1 (N.D. Cal., Jan 9, 2012) (Davila, J.) ("Under the

16 *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an

17 affirmative defense") (internal citation and quotes omitted); *PageMelding, Inc. v. ESPN, Inc.*, 2012

18 WL 3877686, at *1 (N.D. Cal., Sept. 6, 2012) (Alsup, J.) ("Whether *Iqbal* and *Twombly* apply to

19 affirmative defenses has not been decided by our court of appeals...[w]ithin this district, however,

20 there is widespread agreement that they do"); *Powertech Tech., Inc. v. Tessera, Inc.,* 2012 WL

21 1746848, at *4 (N.D. Cal., May 16, 2012) (Wilken, J.) ("*Twombly* and *Iqbal* changed the legal

22 foundation underlying the Ninth Circuit's *Wyshak* decision, and the reasoning in those decisions also

23 applies in the context of affirmative defenses); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d

24 925, 928 (N.D. Cal. 2012) (Chen, J.) ("Most courts have held that the *Ashcroft/Twombly* pleading

25 standards apply to affirmative defenses, such that they must state a plausible claim for relief"); *Dion*

26 *v. Fulton Friedman & Gullace LLP*, 2012 WL 160221 (N.D. Cal., Jan 27, 2012) (Conti, J.) ("the

27 Court applies the heightened standard derived from *Twombly* and *Iqbal* and explicated in *Barnes*");

28 *O'Sullivan v. AMN Services, Inc.*, 2012 WL 2912061, at *7 (N.D. Cal., July 16, 2012) (Spero, M.J.)

1  ("This court agrees with the reasoning of *Barnes* and therefore joins the judges of this district who

2  have ruled on the question in finding that the standard of *Twombly* and *Iqbal* applies to affirmative

3  defenses); *Davison Design & Dev. Inc. v. Riley*, 2012 WL 4051189, at *1 (N.D. Cal., Sept. 13, 2012)

4  (Hamilton, J.) (applying *Iqbal* and *Twombly* to affirmative defenses); *Bottoni v. Sallie Mae, Inc.*,

5  2011 WL 3678878, at *1 (N.D. Cal., Aug. 22, 2011) (Beeler, M.J.) ("courts in this district

6  consistently have applied the *Twombly–Iqbal* pleading standard to the pleading of affirmative

7  defenses, requiring a defendant to allege enough facts to state a claim to relief that is plausible on its

8  face"); *Yates v. Perko's Cafe*, 2011 WL 2580640, at *3 (N.D. Cal., Jun 29, 2011) (Illston, J.) ("the

9  majority of district courts have applied the heightened pleading standard dictated by the Supreme

10 Court in *Twombly* and *Iqbal* to affirmative defenses"); *Barnes v. AT & T Pension Ben. Plan-*

11 *Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (Patel, J.) ("the vast majority

12 of courts presented with the issue have extended *Twombly's* heightened pleading standard to

13 affirmative defenses) and *Zody v. Microsoft*, 2013 WL 2468250 (N.D. Cal., June 7, 2013) (Gonzales

14 Rogers, J.) (striking numerous affirmative defenses with or without leave to amend). Also *see Brazil*;

15 *Gonzalez v. Heritage Pacific Financial, LLC,* 2012 WL 3263749, *2 (C.D.Cal., Aug. 8, 2010)

16 (observing that conclusory recitations that an affirmative defense exists without facts, nor notice of

17 how it applies "is precisely the type of 'labels and conclusions' that *Iqbal/Twombly* forbids.");and

18 *Dodson v. Strategic Restaurants Acquisition Company II, LLC*, 2013 WL 3120322 at *6 (E.D. Cal.,

19 June 18, 2013) ("Including [factual] information in the answer furthers the goals of (i) placing the

20 plaintiff on notice as to the nature of the affirmative defenses pled, (ii) spurring defendants to omit

21 unsupported and irrelevant defenses, and (iii) ensuring that the parties conduct discovery with a

22 minimum of waste.")

23

24  **C.    Defendants' "Affirmative Defenses" are Insufficiently Plead and
        Should Be Dismissed**

25        This Court should grant partial judgment on the pleadings for Plaintiff as to Defendants'

26 Defenses 2, 3, 4, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, and 19, and should also strike Defendants'

27 defenses 2, 5, 6, and 12, based on the above-stated principles and as more fully discussed herein:

28

Defendants' **Second Defense** asserts that:

> Defendants did not employ Plaintiffs or any potential members of the putative class or any subclass that Plaintiffs purport to represent.  Indeed, among myriad other reasons demonstrating Plaintiffs and the putative class were not employees, Defendants had no control over whether Plaintiffs or any member of the putative class ever performed a task, when, where, why or how a task was performed.  Defendants also had no control over whether once a task was identified by Plaintiffs or any particular putative class member, that person chose to finish such task.

This is essentially a denial of Plaintiff's claims rather than an assertion of a defense.  Thus, it should be stricken as it is not an affirmative defense at all.  *Zivkovic*, 302 F.3d at 1088; *G & G Closed Circuit Events,* 2010 WL 3749284, at *5 (recognizing that "denials of allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses" and striking such purported defenses).  Simply denying a plaintiff's claims "is not a valid affirmative defense," and such denials should be stricken.  *Spears*, 2013 WL 1748284 at *7 (striking mere denial of the plaintiff's claim asserted as an affirmative defense); *Gessele*, 2011 WL 3881039, at *2-3 (same); *G & G Closed Circuit Events*, 2010 WL 3749284 at *5 (same).

There was little disagreement between the parties in the Joint Case Management Statement (Dkt 62) that the determination of whether a relationship constitutes employment for purposes of the Fair Labor Standards Act involves consideration by the Court of the following factors:

1)  the degree of the alleged employer's right to control the manner in which the work is to be performed;

2)  the alleged employee's opportunity for profit or loss, depending upon his managerial skill;

3)  the alleged employee's investment in equipment or material required for his task, or his employment of helpers;

4)  whether the service rendered requires a special skill;

5)  the degree of permanence of the working relationship; and

6)  whether the service rendered is an integral part of the alleged employer's business.

Yet, Defendants, in their Second Defense, plead no facts as to items 2-6 and alleged only conclusions regarding item 1 that, "among myriad other reasons demonstrating Plaintiff and the putative class were not employees, Defendants had no control over whether Plaintiff or any member of the putative class ever performed a task, when, where, why or how a task was performed.

---

1    Defendants also had no control over whether once a task was identified by Plaintiff or any particular

2    putative class member, that person chose to finish such task." Thus, the conclusory allegations plead

3    by Defendants also provide no plausible defense to the specific facts plead by Plaintiff regarding

4    CrowdFlower's supervision and control of Otey and the putative class as set forth in its Contributor

5    Handbook.  (Dkt 27, Amended Complaint ¶¶ 23-35)   Accordingly, Defendants have not plead facts

6    sufficient to make plausible their assertion that Otey or any putative class or collective action

7    member was not employed by CrowdFlower.

8           Defendants' **Third Defense** alleges that:

9           Because Defendants do not at this stage in the litigation understand the full temporal
            scope of Plaintiffs' claims and the claims of the putative class, Defendants assert this
10          affirmative defense to avoid any potential waiver.  That being said, to the extent
            Plaintiffs or any member of the putative class claims to have performed work
11          outside of the applicable statutes of limitations set forth in 29 U.S.C. § 255 and ORS
            §12.080, such claims are barred in whole or in part.
12

13   Fed. R. Civ. P. 8(c)(1) identifies the defense of a statute of limitations as an affirmative defense

14   which must be affirmatively plead.  As written, Defendants' Third Defense is speculative and

15   theoretical.  It provides no facts from which Plaintiff or this Court can determine the plausibility of

16   any statute of limitations defense as to Otey or the members of the putative class or subclass.  It also

17   ignores that Defendants moved for a stay in these proceedings and Plaintiff demanded and received

18   tolling of the FLSA statute of limitations for the putative class during the stay.  (Dkt 52, ¶5).

19          In *Gessele*, the same pleading of a statute of limitations affirmative defense was stricken

20   because the defendant failed to plead which claims are untimely.  Moreover, *Gessele* recognizes that

21   affirmative defenses based upon facts not yet known should be stricken.  2011 WL 3881039 at *4

22   (striking affirmative defense of non-compensability of work time when defendant did not yet know

23   what work time was non-compensable), *5 (striking affirmative defense of waiver / estoppel when

24   defendant did not yet know of supporting evidence). Merely setting forth that the action is barred by

25   the applicable statutes of limitations is insufficient.  *See J & J Sports Productions, Inc. v. Mendoza-*

26   *Govan* (N.D. Cal. 2011) 2011 WL 1544886, *4 (striking defense where "Defendant does not allege

27   any theory or facts giving plaintiff notice of how the claims are outside the applicable statutes of

28

1   limitations") This is an obvious application of the rule against speculative claims and affirmative

2   defenses.

3           Defendants' **Fourth Defense** also appears to assert an affirmative defense, judicial estoppel,

4   that should have been affirmatively plead under Fed. R. Civ. P. 8(c)(1).   This defense is also

5   speculative and theoretical, without any basis in facts alleged:

6           Plaintiffs' purported claims may be barred in whole or in part by the doctrine of
            judicial estoppel.  This defense may also apply to the purported claims of some or all
7           of the potential members of the putative class or any subclass that Plaintiffs purport to
            represent.   This affirmative defense would apply, by way of illustration and not
8           limitation, if Plaintiffs and/or any member of the putative class filed for bankruptcy
            and did not list this action as an asset or took any other inconsistent position in any
9           judicial action.  Because Defendants do not at this early stage in the action understand
            the full legal and factual scope of Plaintiffs' claims and the claims of each member of
10          the putative class, Defendants assert this affirmative defense in order to provide
            notice and avoid waiver.

11

12          First, "the equitable defenses of waiver, estoppels, laches, and unclean hands, are not

13   appropriate defenses to FLSA claims." *Bailon v. Seok AM # 1 Corp.*, 2009 WL 4884340, *5 (W.D.

14   Wash. Dec. 9, 2009) (citing cases); *Perez-Nunez v. N. Broward Hosp. Dist.*, 2009 WL 723873, *2

15   (S.D. Fla. Mar. 13, 2009) (citing *Ayers  v. Consol. Constr. Servs. of S.W. Fla., Inc.*, 2007 WL

16   4181910 (M.D. Fla. Nov. 26, 2007) ("[T]he Court finds no basis to consider this case outside the

17   general rule that an employee cannot waive her rights under the FLSA without supervision by the

18   Secretary of Labor or the Court.")); *Lemieux v. City of Holyoake*, 740 F.Supp.2d 246, 257 (D. Mass.

19   2010) (laches is not available as a defense to an FLSA claim because Congress has explicitly

20   provided a statute of limitations) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946))

21   ("Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end

22   of the matter.  The Congressional statute of limitation is definitive.").  These decisions are based on

23   the general principle that employees can only waive FLSA claims in two situations: (1) settlement

24   supervised by the Secretary of Labor or (2) settlement granted judicial approval.  *See, e.g.*,

25   *Robertson v. Alaska Juneau Gold Mining Co.*, 157 F.2d 876, 879 (9th Cir. 1946); *McKeen-Chaplin v.*

26   *Franklin American Mortg. Co.*, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012).  For such reasons,

27   this Court has stricken a waiver and estoppel defense to an FLSA claim, *Green v. City & Cnty. of*

28

---

PLAINTIFF'S NOTICE OF MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS AND MOTION TO STRIKE CERTAIN
DEFENSES                                    10          Case No. 12-5524 JST

1    *San Francisco Cal.*, 2007 WL 521240, *2-3 (N.D. Cal. Feb. 15, 2007), and similarly should dismiss

2    Defendants' judicial estoppel defense here.

3         Additionally, as *Gessele* recognizes, affirmative defenses based upon facts not yet known are

4    speculative and should be stricken.  2011 WL 3881039 at *4-5.  Defendants' Fourth Defense also

5    fails on this ground.

6         Nothing about Defendants' Fourth Defense provides notice to Plaintiff regarding the facts,

7    circumstances or persons about whom this defense is raised.  For the doctrine of judicial estoppel to

8    apply, "a party's later position must be clearly inconsistent with its earlier position." *New Hampshire*

9    *v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).  Defendants invoke the

10   doctrine without any facts, far less plausible facts alleged to show that Otey or members of the

11   putative class (whom Defendants currently claim they cannot identify) (1) adopted a factual position

12   "clearly inconsistent with [their] earlier position"; (2) the prior position was "adopted in some way

13   by the court in the earlier proceeding"; and (3) plaintiffs would "derive an unfair advantage" against

14   defendants in asserting the inconsistent statements.  *DeRosa v. Nat'l Envelope Corp.,* 595 F.3d 99,

15   103 (2d Cir.2010) (internal quotation marks omitted); *see also New Hampshire,* 532 U.S. at 749

16   (noting that party may not maintain "contrary position" to position taken in prior proceeding if

17   change prejudices party who "acquiesced in the [former] position").  The application of judicial

18   estoppel is limited to instances where "the risk of inconsistent results with its impact on judicial

19   integrity is certain." *DeRosa,* 595 F.3d at 103 (internal quotation marks omitted).[2]

20        Defendant's **Fifth Defense** should be stricken as it is merely another denial of

21   Plaintiff's allegations, not an affirmative defense.  That defense states:

22        The potential members of the putative class or any subclass Plaintiffs purport to
          represent cannot proceed collectively under 29 U.S.C. § 216(b) or Federal Rule of
23        Civil Procedure 23, because they are not similarly situated in that each Contributor

24   _____

25   [2] In this case, Defendants have consistently informed their online U.S. Workers that they are not
     employees and not entitled to minimum wages which Plaintiffs have alleged and expect to prove is
26   untrue and willful.  *See* Defendants' Terms & Conditions of Use (Dkt. 046-12) ("nothing in this
     Agreement will be deemed to establish a[n] … <u>employment relationship between us and you</u>.")
27   Such statements certainly deterred the online Workers from assuring vindication of their rights in
     prior proceedings.

28

1    makes his or her own choice about whether to perform a task, what task to choose,
2    what skill level or interest level exists, when, where or why a task is performed,
     which Contributor Channel to use, and regarding profit and loss for that individual,
3    among myriad other reasons.  Additionally, Contributors are not similarly situated
     with regard to the myriad types of pay structures available and other applicable
4    defenses.

5    *See Spears*, 2013 WL 1748284 at *7 (striking mere denial of the plaintiff's claim asserted as an

6    affirmative defense); *Gessele*, 2011 WL 3881039 at *2-3, 4 (striking mere denial of the plaintiff's

7    claim asserted as an affirmative defense); *G & G Closed Circuit Events*, at *5 (same).

8            Further, the Fifth Defense also fails as a factual matter.  Defendants fail to plead that neither

9    Otey nor Greth performed work for CrowdFlower Defendants, or that no class could be certified

10   under federal and state law because of legal developments in federal or state class action law.  To the

11   contrary, Defendants purport to defend against Plaintiff's class allegations based, not on plausible

12   facts, but on vague conclusory assertions unsupported by facts suggesting that online piece-workers

13   were not working on the web platforms where and when CrowdFlower posted its tasks, but rather at

14   locations and times convenient to them; that the online workers were sharing in profits of the

15   company rather than receiving sub-minimum wages for their piece work; that the U.S. online

16   workers were working on tasks geared toward their skills and interests, rather than on menial

17   repetitive work as alleged in the Amended Complaint and described by CrowdFlower Defendants;

18   and other suggestions alleged without facts.  Defendants' Fifth Defense should be struck.

19           Defendants' **Sixth Defense** asserts that:

20       Assuming *arguendo* that Plaintiffs are deemed to be employees under the FLSA or
         Plaintiff Otey is deemed an employee under Oregon minimum wage laws, their
21       claims lack merit because, upon information and belief, Plaintiffs were paid for all of
         the time they actually worked, at a rate equal to or greater than the required hourly
22       minimum wage.

23   This "defense" should be stricken as it is merely another denial of Plaintiff's *prima facie* allegations.

24   *Spears*, 2013 WL 1748284 at *7 (striking mere denial of the plaintiff's claim asserted as an

25   affirmative defense); *Gessele*, 2011 WL 3881039 at *2-3, 4; *G & G Closed Circuit Events*, 2010 WL

26   3749284 at *5 (same).  Defendants also fail to plead facts sufficient to demonstrate the plausibility

27   of this defense.  It is merely a conclusion.

28

Defendants' **Seventh Defense** states:

Plaintiffs' purported claims and those of the putative class, to the extent based on a contract theory, are barred in whole or in part by Plaintiffs' contract(s) with Amazon Mechanical Turk and any other relevant third parties.

A cursory review of the SAC demonstrates that Plaintiffs have not brought contract claims on behalf of themselves or the putative classes.  Plaintiffs' three claims are based on statutory minimum wage violations. Defendants' Seventh Defense, therefore, should be stricken because it raises a defense to claims that are not even asserted in this litigation.

Moreover, it is axiomatic that employees cannot validly waive or release FLSA claims by written contract, absent either court approval or supervision by the U.S. Department of Labor. *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Santiago v. Amdocs, Inc.*, 2012 WL 2343626, *1-2 (N.D. Cal., Jun. 20, 2012).  Defendants have failed to plead any court approval or DOL supervised agreement which effectively waived by agreement Plaintiff's FLSA claims.   Plaintiff is entitled to judgment on the pleadings as to Defendants' Seventh Defense.

Defendants assert in their **Eighth Defense**:

Plaintiffs' claims and those of the putative class against defendants Biewald and Van Pelt, to the extent Plaintiffs are deemed an employee of CrowdFlower under the FLSA or the Oregon minimum wage laws, cannot be maintained as defendants and Biewald are not subject to individual liability. Neither Biewald or Van Pelt exercised sufficient control over the terms and conditions of the alleged employment and made no decisions with respect to Plaintiffs' alleged employment, let alone decisions which violated the FLSA.

Defendants plead no plausible facts to support lack of individual liability by Defendants Biewald and Van Pelt.  Rather, they pled only a bare conclusion of insufficient exercise of control. Plaintiff plead specific facts alleging that Biewald as Chief Executive Officer ("CEO") and Van Pelt as Chief Technology Officer ("CTO") were aware of, involved with, and publicly supported the payment of less than minimum wage to CrowdFlower's United States online workers.  The Ninth Circuit has held that "the definition of 'employer' under the FLSA ... 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'" *Lambert v. Ackerley,* 180 F.3d 997, 1011–12 (9th 1999) (quoting *Bonnette v. California Health & Welfare Agency,* 704 F.2d 1465, 1469 (9th Cir.1983)). Thus, "[w]here an individual exercises control over the nature and

structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the [FLSA], and is subject to liability." *Id.* at 1012 (holding that evidence strongly supported the jury's determination that the Chief Operating Officer and Chief Executive Officer were employers within the meaning of the FLSA. In this case a generic conclusion of lack of exercise of "sufficient control" and action towards <u>Mr. Otey</u> by these two executives, without pleading of the underlying facts, is not a defense to Plaintiff's allegations of conscious, willful, publicly justified assertions made by them that CrowdFlower knew it was paying less than minimum wage to its U.S. online workforce.

Defendants' **Ninth Defense** merely asserts:

> Plaintiff's claims and the claims of "other persons similarly situated" **may** be barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207. (emphasis added)

Employers bear the burden of proving entitlement to exemptions under the FLSA. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) and *Criswell v. Western Air Lines, Inc.*, 709 F.2d 544, 553 (9th Cir. 1983). Defendants blithely assert that they are entitled to exemptions under Section 7 of the FLSA, but do not identify for the Court or Plaintiffs what exemptions they claim are applicable in this lawsuit and they plead no facts to support any plausible assertion of exemption. This kind of conclusory allegation is insufficient as a matter of law. Plaintiffs are entitled to judgment on the pleadings as to Defendants' unsupported assertion of "exemptions" under the FLSA.

Defendants' **Tenth Defense** alleges:

> To the extent Plaintiffs are entitled to recover additional compensation, Defendants reasonably believe that Contributors are not employees and have not willfully or intentionally failed to pay—liquidated damages should not be awarded and only a two-year statute of limitations should apply.

This is a purely conclusory allegation. Defendants have not plead facts that they programmed their computers to pay minimum wage and there was a programming error. They have not identified any legal advice or regulatory advice upon which they relied that would make their intentional failure to pay minimum wages to tens of thousands of U.S. workers from whom they

sought "labor on demand" reasonable and not willful. Defendants have plead no facts to meet their obligation to demonstrate the plausibility of any defense based on the reasonableness of their belief that their United States online workers were not employees owed minimum wages.  Thus, Plaintiffs are entitled to judgment on Defendants' Tenth Defense.

Defendants' **Eleventh Defense** asserts:

> Plaintiffs' claims and the claims of the putative class are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.  Defendants reasonably believed — and continue to believe — in good faith that Plaintiffs and members of the putative class are not and have never been employees of Defendants.  Further responding, CrowdFlower's business model is the same as all other web-based companies that have chosen to use the crowd to perform various tasks.

Defendants know that they bear the "burden of proving both that the employer acted in subjective good faith and that it had reasonable grounds for believing it was not violating the FLSA," *Block v. City of L.A.*, 253 F.3d 410, 420 (9th Cir. 2001), 29 U.S.C. § 260.  Yet they plead no facts from which this Court and Plaintiffs can infer that any failure to pay minimum wage was reasonable -- nothing about who, what, when, where, or how types of facts that move their assertion of this defense from conjectural to plausible.  *See, e.g., Gessele*, 2011 WL 3881039 at *3 (recognizing "deficiency in failing to allege a sufficient factual basis for defendant's good faith belief," but refusing to strike defense due to agreement between those parties resolving the issue").

Also, Defendants improperly seek to rely on "industry standards" as a "good faith" defense to FLSA claims.  However, even if this is true, it is axiomatic that an employer's adherence to customary or widespread industry practice that violates the FLSA is not evidence of good faith. *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 910 (3rd Cir. 1991); *Solis v. Cascom, Inc.*, 2011 WL 10501391, *7 (S.D. Ohio Sept. 21, 2011) ("As for industry standards, 'the law...is that 'simple conformity with industry-wide practice' fails to demonstrate good faith under the FLSA") (edits in original, citations omitted)).   Thus, Defendants have again failed to adequately plead their affirmative defense.

Defendants' **Twelfth Defense** is repetitive of their Fifth Defense, and it should be stricken for the same reasons. Further, Defendants purport to defend against Plaintiffs' class allegations

based on their unsupported assertion that "no two Contributors are alike" (an assertion that could be made about all human beings — no two are alike), rather than based on facts relevant to whether or not this action may be certified as a class action — i.e., declarations or other evidence that "the putative class members were together the victims of a single decision, policy, or plan." Doc. 90 (citing *Lewis v. Wells Fargo,* 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009)).

Defendants' **Thirteenth Defense** contends:

> Plaintiffs' claims and the claims of the putative class are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they were engaged in activities that were preliminary or post-preliminary to their principal activities. These activities may include activities such as powering up a computer, logging into the computer, logging into a particular Contributor Channel, opening and loading tasks, closing tasks, logging out of websites and or powering down a computer, among such other items.

The Ninth Circuit recently addressed this particular provision of the Portal-to-Portal Act, stating that it:

> generally precludes compensation for activities that are "preliminary" or "postliminary" to the "principal activity or activities" that the employee "is employed to perform." 29 U.S.C. § 254(a). But preliminary and postliminary activities are still compensable under the Portal-to-Portal Act if they are "integral and indispensable" to an employee's principal activities. *Steiner v. Mitchell,* 350 U.S. 247, 332, 76 S.Ct. 330, 100 L.Ed. 267 (1956) (changing clothes and showering were "integral and indispensable" to producing batteries). To be "integral and indispensable," an activity must be (1) "necessary to the principal work performed" and (2) "done for the benefit of the employer." *Alvarez v. IBP, Inc.,* 339 F.3d 894, 902–03 (9th Cir. 2003), *aff'd on other grounds,* 546 U.S. 21, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005).

*Busk v. Integrity Staffing Solutions, Inc.*, 2013 WL 1490577 (9th Cir., April 12, 2013). Defendants' business model is to provide work over the internet, through websites which Defendants call "contributor channel partners," for its U.S. online workforce. Those workers perform the work on their own computers, logging into the platforms of contributor channel partners, opening and loading tasks, and finishing and closing tasks. Defendants' suggestion that these tasks necessary for CrowdFlower's work to be performed by the Workers are not integral and indispensable to the principal work performed by them for CrowdFlower simply ignores the law in this Circuit. *See also, e.g.* U.S. DOL Fact Sheet # 64 ("An example of the first principal activity of the day for agents/specialists/ representatives working in call centers includes starting the computer to download work instructions, computer applications, and work-related materials.") (Attached as Ex. 1 (*See*

1  http://www.dol.gov/whd/ regs/compliance/whdfs64.pdf)).   Plaintiffs request that this Court grant

2  them judgment on the pleadings as to Defendants' Thirteenth Defense.

3      Defendants' **Fourteenth Defense** asserts:

4      Any claim for additional compensation by Plaintiffs and the putative class must be
       reduced by compensation already paid to them by the applicable Contributor Channel

5      Partner.  *See, e.g., 29 C.F.R. § 785.19.*

6  This defense is puzzling because 29 C.F.R. § 785.19 relates to meal and break times.  Defendants

7  have alleged no facts to plausibly assert that CrowdFlower's contributor channel partners are

8  compensating U.S. online workers for meals and break times and that those amounts should be

9  deducted from any compensation owed as a result of minimum wage violations by CrowdFlower

10 Defendants.   Plaintiff should be granted judgment on the pleadings as to this unsupported,

11 immaterial, and implausible defense.

12      Defendants' **Fifteenth Defense** alleges:

13      Some work allegedly performed by Plaintiffs and the putative class, such as tasks
        chosen because of the individual's personal interests, for research and survey

14      purposes was completely voluntary in nature and without CrowdFlower's knowledge
        or authorization.   This is particularly true as no Contributor is ever required to

15      perform any task at any time in any particular manner.   Accordingly, certain or all
        tasks then may not constitute compensable working time under the FLSA as a matter

16      of law pursuant to 29 C.F.R. § 785.27, *et seq.*

17 The regulation cited by Defendants provides:

18      Attendance at lectures, meetings, training programs and similar activities need *not* be counted
        as working time if the following four criteria are met:

19

20      (a) Attendance is outside of the employee's regular working hours;
        (b) Attendance is in fact voluntary;

21      (c) The course, lecture, or meeting is not directly related to the employee's job; and
        (d) The employee does not perform any productive work during such attendance.

22

23 *Id.*   Defendants fail to state a defense under 29 C.F.R. § 785.27, even under the old notice pleading

24 standards, which allowed parties to plead conclusory allegations.   They completely ignore the

25 heightened factual pleading standards and fail to plausibly state facts supporting a defense under the

26 terms of the regulation, including, but not necessarily limited to, failure to plead any facts showing

27 that any work performed was voluntary or for reasons other than earning compensation, and that the

28 workers did not perform any productive work in accomplishing such tasks (which Defendants fail to

1   identify).  In sum, there are no facts pled to exceed the speculative level obvious from Defendants'

2   pleading.

3          Defendants' **Sixteenth Defense** states:

4          Any time spent by Plaintiffs or the putative class was *de minimis*.  The vast majority
           of tasks offered by CrowdFlower on the various Contributor Channels are capable of
5          being performed in 1 to 2 minutes or less such that the time spent on any given task
           by a Contributor is *de minimis*.  A significant amount of the time Plaintiffs spent
6          working on tasks was *de minimis* as outlined in Defendants' Opposition to Plaintiffs'
           Motion for Certification of a Collective Action and Dissemination of notice.  Further,
7          any determination as to whether the *de minimis* doctrine applies requires an
           individualized inquiry, thereby making certification of a putative class inappropriate.

8

9   In *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692 (1946)*,* the Supreme Court noted that

10  "[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled

11  working hours, such trifles may be disregarded."  The 9th Circuit holds that "in determining whether

12  otherwise compensable time is *de minimis*, [courts] will consider (1) the practical administrative

13  difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3)

14  the regularity of the additional work."  *Lindow v. U.S.*, 738 F.2d 1057, 1062-63 (9th Cir. 1984).

15  Defendants must prove that the *de minimis* defense applies.  *Wren v. RGIS Inventory Specialists*,

16  2009 WL 2612307 at *25 (N.D. Cal. Aug. 24, 2009).  However, Defendants fail to **plead** any facts

17  showing that there is any practical administrative difficulty of recording time spent performing

18  Defendants' work, that the aggregate amount of compensable time is insignificant or insubstantial,

19  or that the work occurs with sufficient irregularity.  Thus, the affirmative defense should be stricken

20  as insufficiently pled.  *See, e.g.*, *Gessele*, 2011 WL 3881039 at *6 (striking *de minimis* defense when

21  the defendant failed to "identify what compensation was *de minimis* or how or why it is *de*

22  *minimis.*").

23         Additionally, Defendants attempt to use the *de minimis* rule in this case in a manner

24  completely distinguishable from how the rule was articulated more than sixty years ago to address

25  the problem that existed then as compared to the technological revision of work in online

26  crowdsourcing.  In this new paradigm of work the Defendants break up work into small mini-tasks

27  which can be performed in a couple of minutes, **all** of the work performed by a single worker

28

performing multiple mini-tasks may be claimed to be *de minimis.*  No court decision has approved such an absurd extension of the *de minimis* rule, perverting both the intent and letter of the FLSA.

Finally, Defendants are required to affirmatively plead their affirmative defenses under Fed. R. Civ. P. 8(c)(1) and plead facts under *Iqbal* and *Twombly.*  Referring the Court and Plaintiffs to defense counsel's arguments made in briefing in opposing conditional certification is not an adequate substitute for pleading facts in support of their Sixteenth Defense.

Defendants' **Seventeenth Defense** asserts:

> Defendants received no benefit or value from some of the services performed by Plaintiffs and the putative class.  These services would include services performed by DIY [Do It Yourself] platform users and any others for which CrowdFlower does not receive compensation based on task performance.

There is no basis, legal or factual, supporting a defense to an FLSA or Oregon state minimum wage claim, grounded on the nature of the benefit received by the alleged employer.  The FLSA defines "employ" as "to suffer or permit to work," (29 U.S.C. § 203(g)), not "to receive benefit or value from work."  How CrowdFlower bills and is paid for "DIY" work that it performs for its customers has no relationship to its responsibility to pay minimum wage for work which it "suffers or permits" its workers to perform for it or on its behalf.  Thus, this defense should be stricken.

Defendants' **Eighteenth Defense** asserts:

> Upon information and belief, some work such as booting up computers, connecting to the internet, reviewing and identifying tasks, opening, loading and closing tasks, logging out of the internet or shutting down a computer, that has been allegedly performed by Plaintiffs and any putative class member constituted "downtime" or other non-compensable work hours that was not subject to compensation under the provisions of the FLSA.

There is no FLSA exemption from paying minimum wage for "downtime" nor is that term reflected in the DOL guidance.  Plaintiffs submit that there is no "downtime" defense to a minimum wage claim under the FLSA claim so that they are entitled to summary judgment as to Defendants' Eighteenth Defense.  This Defense also appears to be virtually the same as Defendants' Thirteenth Defense.  To the extent that Defendants have simply re-stated that defense, Plaintiffs should also be granted judgment on the pleadings as to this Defense for the reasons set forth above.

1    Defendants also contend in their **Nineteenth Defense** that "Plaintiffs and the putative class

2    are not entitled to equitable relief as they have an adequate remedy at law."  Again, cursory review

3    of the SAC shows that Plaintiffs seek no equitable relief.  Further, Defendants allege no facts to

4    support this Defense. Thus, Defendants' purported affirmative defense should be stricken.

5    **IV.  CONCLUSION**

6    Plaintiffs are entitled to partial judgment on the pleadings as to Defendants' Second through

7    Nineteenth Defenses because Defendants plead insufficient facts to suggest a plausibility of any of

8    these defenses.  Plaintiffs also seek to strike Defenses 2, 5, 6 and 12 because these defenses are not

9    cognizable.

10                                                    **Feinstein Doyle Payne & Kravec, LLC**

11   Date:  July 31, 2013                              By:  s/   Ellen M. Doyle                   .
                                                          Ellen M. Doyle (*Pro Hac Vice*)
12
                                                       William T. Payne (SBN 90988)
13                                                     Edward J. Feinstein (*Pro Hac Vice*)

14                                                     429 Forbes Avenue, 17th Floor
                                                       Pittsburgh, PA   15219
15                                                     (412) 281-8400 (T)
                                                       (412) 281-1007 (F)
16                                                     Email:  edoyle@fdpklaw.com
                                                               wpayne@fdpklaw.com
17                                                             efeinstein@fdkplaw.com

18                                                     Mark A. Potashnick (*Pro Hac Vice*)
                                                       Weinhaus & Potashnick
19                                                     11500 Olive Boulevard, Suite 133
                                                       St. Louis, MO  63141
20                                                     314-997-9150(T)
                                                       314-997-9170 (F)
21                                                     Email:  markp@wp-attorneys.com

22                                                     Ira Spiro, Esquire, Bar (SBN 67641)
                                                       Jennifer Connor, Esquire, Bar (SBN 241480)
23                                                     Justin F. Marquez (SBN 262417)
                                                       Spiro Moore, LLP
24                                                     11377 W. Olympic Blvd, 5th Floor
                                                       Los Angeles, CA  89064
25                                                     310-235-2468 (T)
                                                       310-235-2456 (F)
26                                                     Email:  ira@spiromoore.com
                                                               jennifer@spiromoore.com
27                                                             Justin@spiromoore.com

28                                                     ***Attorneys for Plaintiffs, Christopher Otey and
                                                       Mary Greth***

PLAINTIFF'S NOTICE OF MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS AND MOTION TO STRIKE CERTAIN
DEFENSES                                          20                    Case No. 12-5524 JST

1

**PROOF OF SERVICE**

2

STATE OF PENNSYLVANIA          )
                               ) ss.:
3

COUNTY OF ALLEGHENY            )

4

     I am employed in the County of Allegheny, State of Pennsylvania. I am over the age of 18

5

and am not a party to the within action. My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, PA 15219.

6

     On July 31, 2013, using the Northern District of California's Electronic Case Filing

7

System with the ECF ID registered to Ellen M. Doyle, I filed and served the document(s) described as:

8

**PLAINTIFFS' NOTICE OF MOTION FOR PARTIAL JUDGMENT**
9
**ON THE PLEADINGS AND MOTION TO STRIKE CERTAIN**
**DEFENSES**

10

**[X]    BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:**

11

     I caused the above document(s) to be transmitted by electronic mail to those ECF

12

registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed. R. Civ. P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the

13

Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF,*

14

*when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed. R. Civ. P. 5(d)(1). A copy of the NEF shall be attached to*

15

*any document served in the traditional manner upon any party appearing pro se."*

16

     I declare that I am admitted *pro hac vice* in this action.

17

     I declare under penalty of perjury under the laws of the United States that the above is true

18

and correct.

19

     Executed on July 31, 2013, at Pittsburgh, Pennsylvania.

20

               s/  Ellen M. Doyle          .
                 Ellen M. Doyle

21

22

23

24

25

26

27

28