1    ARTHUR M. EIDELHOCH, Bar No. 168096
     aeidelhoch@littler.com
2    GALEN M. LICHTENSTEIN, Bar No. 251274
     glichtenstein@littler.com
3    LITTLER MENDELSON, P.C.
     650 California Street, 20th Floor
4    San Francisco, California 94108.2693
     Telephone: 415.433.1940
5    Facsimile: 415.399.8490

6    JACQUELINE E. KALK (admitted *pro hac vice*)
     jkalk@littler.com
7    LITTLER MENDELSON, P.C.
     80 South 8th Street, Suite 1300
8    Minneapolis, MN 55402.2136
     Telephone: 612-313-7645
9    Facsimile: 612.677.3139

10   KELLY D. REESE (admitted *pro hac vice*)
     kreese@littler.com
11   R. BRADLEY ADAMS (admitted *pro hac vice*)
     radams@littler.com
12   LITTLER MENDELSON, P.C.
     63 South Royal Street, Suite 901
13   Mobile, AL 36602.3218
     Telephone: 251-432-2477
14   Facsimile: 251-432-0427

15   Attorneys for Defendants
     CROWDFLOWER, INC., LUKAS BIEWALD
16   AND CHRIS VAN PELT

17

18             UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
19               SAN FRANCISCO DIVISION

20

21   CHRISTOPHER OTEY, on behalf of    Case No. 3:12-cv-05524-JST
     himself and all others similarly situated,

22             Plaintiff,    **DEFENDANTS' REPLY TO PLAINTIFFS'
                            RESPONSE IN OPPOSITION TO
23             v.                     DEFENDANTS' MOTION TO DISMISS
                            FOR LACK OF SUBJECT MATTER
24   CROWDFLOWER, INC., LUKAS     JURISDICTION**
     BIEWALD and CHRIS VAN PELT,

25             Defendant.

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION             Case No. 3:12-cv-05524-JST
TO DISMISS

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ..................................................................................................................... 1

     A.   The Offer of Judgment for Plaintiff Otey Did Not Need to Include An Amount for "Wage Penalties" Under Oregon Law In Addition To An Amount for Liquidated Damages Under the FLSA.......................................................................... 1

     B.   Even Assuming Arguendo That Otey Could Recover Wage Penalties Under Oregon Law (in Addition to Liquidated Damages Under the FLSA), the Offer Mooted All Other Individual Claims In This Action As Well As the Collective Claims Under the FLSA............................................................................................. 3

     C.   Plaintiffs' Arguments Regarding Defendants' Document Production Should Have No Bearing On Resolution of Defendants' Motion........................................... 7

     D.   Genesis Healthcare Corp. v. Symczyk Squarely Applies to this Matter .................... 8

     E.   Dismissal of Plaintiffs' Federal Claims Would Impact The Amount in Controversy for Purposes of Determining Jurisdiction ............................................. 11

     F.   The Court Should Decline to Exercise Supplemental Jurisdiction Over Any Claims that May Remain Under State Law ............................................................... 12

III.  CONCLUSION.................................................................................................................. 14

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1

# TABLE OF AUTHORITIES

2

PAGE

3

CASES

4

*Arkla Energy Resources v. Roye Realty & Devel., Inc,*
5    9 F. 3d 855 (10th Cir. 1993) ...........................................................................5

6

*Asis Internet Servs. v. Member Source Media, LLC,*
    2010 U.S. Dist. LEXIS 47865 (N.D. Cal. April 20, 2010) ......................................13

7

*Asus Computer Int'l v. Compsolutions VA, Inc.,*
8    2008 U.S. Dist. LEXIS 120119 (N.D. Cal. June 5, 2008) .......................................5

9

*Bilabo v. Bros. Produce,*
10    2013 U.S. Dist. LEXIS 65812 (S.D. Fla. May 7, 2013) ...................................9, 14

11

*Bolduc v. National Semiconductor Corp.,*
    35 F. Supp. 2d 106 (D. Maine) ......................................................................2

12

*Briggs v. Arthur T. Mott Real Estate,*
13    2006 U.S. Dist. LEXIS 892891 (E.D.N.Y. 2006)...............................................14

14

*Carnegie-Mellon Univ. v. Cohill,*
15    484 U.S. 343 (1988)......................................................................................12

16

*Chen v. AllState Ins. Co.,*
    2013 U.S. Dist. LEXIS 81409 (N.D. Cal. June 10, 2013) ......................................10

17

*Chie v. Reed Elsevier, Inc.,*
18    2011 U.S. Dist. LEXIS 99153 (N.D. Cal. Sept. 2, 2011) ...................................5, 6

19

*Colson v. Avnet, Inc.,*
    687 F. Supp. 2d 914 (D. Ariz. 2010) ..................................................................2

20

*Divine v. Levy,*
21    36 F. Supp. 55 (W.D. La. 1940).......................................................................2

22

*Echlin v. Columbia Collectors, Inc.,*
23    2013 U.S. Dist. LEXIS 31811 (W.D. Wash. March 7, 2013)...................................9

24

*Erdman v. Cochise County,*
    926 F.2d 877 (9th Cir. 1991) ............................................................................5

25

*Genesis Healthcare Corp. v. Symczyk,*
26    133 S. Ct. 1523 (2013)...........................................................................8, 9, 10

27

*Hildreth v. Unilever United States, Inc.,*
28    2010 U.S. Dist. LEXIS 136584 (C.D. Cal. Dec. 15, 2010) ..................................12

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

# TABLE OF CONTENTS
### (CONTINUED)

PAGE

*Makreas v. The Moore Law Group, A.P.C.*,
  2012 U.S. Dist. LEXIS 17211 (N.D. Cal. Feb. 2, 2012) ..........................................9

*Marquez v. Harper Sch. Dist. No. 66*,
  2011 U.S. Dist. LEXIS 130810 (D. Or. Nov. 10, 2011)...........................................5

*Marschall v. Recovery Solutions Specialists, Inc.*,
  399 Fed. Appx. 186 (9th Cir. 2010).................................................................9, 10

*Morse v. Univ. of Vermont*,
  973 F. 2d 122 (2d Cir. 1992)..............................................................................13

*Pitts v. Terrible Herbst, Inc.*,
  653 F. 3d at 1091 ...............................................................................................10

*Robinson v. Hornell Brewing Co.*,
  2012 U.S. Dist. LEXIS 176699 (D. N.J. Dec. 12, 2012) .......................................11

*Roman v. Maietta Constru., Inc.*,
  147 F. 3d 71 (1st Cir. 1998)..................................................................................2

*Rounseville v. Zahi*,
  13 F. 3d 625 (2d Cir. 1994)................................................................................13

*Schultz v. Sundberg*,
  759 F. 2d 714 (9th Cir. 1985) .............................................................................12

*Scott v. Federal Bond and Collection Serv., Inc.*,
  2011 U.S. Dist. LEXIS 5278 (N.D. Cal. Jan. 19, 2011) ........................................9

*Stonebrae L.P. v. Toll Bros., Inc.*,
  2013 U.S. App. LEXIS 6369 (9th Cir. March 29, 2013)........................................5

*Tombrello v. USX Corp.*,
  763 F. Supp. 541 (N.D. Ala. 1991)........................................................................2

*Travis v. Knappenberger*,
  Dkt. 186, 3:00-cv-00393 (D. Or. Sept. 25, 2002) ..............................................1, 3

*United States v. Trident Seafoods Corp.*,
  92 F. 3d 855 (9th Cir. 1996) .................................................................................5

*United Steel, Paper & Forestry, Rubber, Manuf., Enerey, Allied Indus. & Serv. Workers Int'l
  Union v. Shell Oil Co.*,
  602 F. 3d 1087 (9th Cir. 2010) ...........................................................................11

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS

ii.

Case No. 3:12-cv-05524-JST

# TABLE OF CONTENTS
### (CONTINUED)

PAGE

*Ward v. Bank of New York,*
   455 F. Supp. 2d 262 (S.D. N.Y. 2006)......................................................................13

**STATUTES**

28 U.S.C. § 1332(d)(2) ..........................................................................................1, 12

CAFA ................................................................................................................11, 12

Fair Labor Standards Act § 216 .....................................................................................2

FLSA, 29 U.S.C.A. § 218 .............................................................................................2

O.R.S. § 652.150.....................................................................................................1, 3

O.R.S. § 653.055.........................................................................................................2

**OTHER AUTHORITIES**

Rule 12(b)(1) of the Federal Rules of Civil Procedure............................................1, 14

Rule 23 of the Federal Rules of Civil Procedure ..........................................................10

Rule 68 of the Federal Rules of Civil Procedure ...........................................................3

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS

iii.

Case No. 3:12-cv-05524-JST

## I.   INTRODUCTION

Notwithstanding Plaintiffs arguments to the contrary, Defendants' offer of judgment to Plaintiff Christopher Otey ("Otey"), which includes liquidated damages under the FLSA, did not need to also include an amount for "wage penalties" under Oregon law because recovery of penalties under both the federal and state law would be duplicative.  Further, even if Defendants' offer to Otey did not moot his claim for wage penalties, it mooted all of his other claims under state and federal law as well as his collective claim under the FLSA.  Consequently, and for the reasons explained below and in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Dkt. 150] ("Motion"), the Court lacks subject matter jurisdiction over those claims as well as Plaintiff Mary Greth's ("Greth") claims under the FLSA.  Further, the amount in controversy does not meet the $5,000,000 threshold required under 28 U.S.C. § 1332(d)(2), depriving this Court of jurisdiction over any remaining claims under Oregon law.  Additionally, to the extent that any state law claims remain, the Court should decline to exercise supplemental jurisdiction over them.

## II.   ARGUMENT

### A.   The Offer of Judgment for Plaintiff Otey Did Not Need to Include An Amount for "Wage Penalties" Under Oregon Law In Addition To An Amount for Liquidated Damages Under the FLSA.

Plaintiff's Response, in large part, is premised on Plaintiffs' argument that Defendants' offer of judgment to Otey did not fully satisfy all of his claims because it did not include an allocation for "wage penalties" under Oregon law, ORS § 652.150.  (*See* Dkt. pp. 3; 7-8.)  Otey is not, however, entitled to penalty wages under Oregon *in addition to* liquidated damages under the FLSA, which clearly were included in Defendants' offer of judgment to Otey.  In *Travis v. Knappenberger*, the plaintiffs asserted claims under both federal and Oregon law for alleged unpaid overtime.  *See Travis v. Knappenberger*, Dkt. 186, 3:00-cv-00393 (D. Or. Sept. 25, 2002).[1]  The plaintiffs later accepted an offer of judgment for overtime wages and liquidated damages, calculated pursuant to the FLSA.  *See id.*  The plaintiffs later sought an additional approximately $12,000 in penalties under Oregon law based on the defendant's late payment of overtime.  *See id.*  In concluding that the plaintiffs could not recover the wage penalties under Oregon law, the district court reasoned as follows:

---

[1]  Copies of this unpublished Order from this case are attached as Exhibit A.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION TO DISMISS

Case No. 3:12-cv-05524-JST

1    Courts have consistently held that the remedies provided under 216(b) of the FLSA,
2    which includes liquidated damages, are the exclusive remedies for enforcing rights
     created under the FLSA. *See, e.g., Roman v. Maietta Construction, Inc.*, 147 F. 3d
3    71, 76 (1st Cir. 1998); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 544 (N.D. Ala.
     1991).  As a matter of law, plaintiffs cannot circumvent the exclusive remedies
4    prescribed by Congress by asserting, as to the overtime violation, a right to receive
     penalties under state law claim in addition to the penalties they have already received
5    under the FLSA.  *Roman*, 147 F. 3d at 76; *Tombrello*, 763 F. Supp. at 545.
     Therefore, I conclude that because plaintiffs sought and recovered liquidated damages
6    under the FLSA for the overtime pay violations, they cannot recover again under
     Oregon law.  Plaintiffs are not entitled to a double recovery. *Bolduc v. National*
7    *Semiconductor Corp.*, 35 F. Supp. 106, 117 (D. Maine).

8    *See id.*, *aff'd*, 87 Fed. Appx. 24, *26 (9th Cir. Dec. 17, 2003) ("The district court properly declined to

9    award penalty wages to plaintiffs under O.R.S. § 653.055.  Because plaintiffs accepted [the

10   defendant's] offer of judgment pursuant to Federal Labor Standards Act § 216, recovery under

11   O.R.S. § 653.055 would have been cumulative.").  Further, in *Divine v. Levy*, another district court

12   directly addressed this precise issue, concluding that the "savings clause" of the FLSA, 29 U.S.C.A.

13   § 218:

14      refers only to minimum wage, maximum workweek, and child-labor; it is silent as to
        penalty provisions.  Therefore, we should assume that the act of Congress, through
15      this section, by implication, supersedes the penalty provisions of the various state
        statutes on the relation of employer and employee.  Under § 216(b), we find that
16      penalties under civil liability fixed by the Act to be 'the amount of their unpaid
        minimum wages, or their unpaid overtime compensation, as the case may be, *and in*
17      *an additional equal amount as liquidated damages*. . . .

18      The plaintiff has entered the court under the Federal act, seeking for himself all of its
        advantages.  Should he be benefited additionally with whatever penalties the
19      Louisiana state may accord him?  We answer in the negative.

20      Even though the penalties of both the state and federal statutes could be imposed
        without there being a direct conflict, we believe the penalty provision of the Federal
21      act, when invoked, becomes exclusive and the penalty provisions of the state statute
        may not be applied.  There may be no exact conflict in actual application of the two
22      penalties, but, nevertheless, they conflict in essence because of duplicity.  The
        Congress measured the penalty by the exactions of the Act (minimum wage,
23      maximum hours, etc.) and no other than the specific penalties are to be imposed.

24   *Divine v. Levy*, 36 F. Supp. 55, 57-58 (W.D. La. 1940).  Otey likewise cannot then recover wage

25   payment penalties under Oregon law in addition to liquidated damages under the FLSA.  *See id.*;

26   *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 923-24 (D. Ariz. 2010) (dismissing Oregon state law

27   claim under O.R.S. § 653.055 as preempted by the FLSA, reasoning that the plaintiff "essentially

28

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION     2.                    Case No. 3:12-cv-05524-JST
TO DISMISS

1  seeks to piggy-back thirty days' wages worth of waiting-time penalties onto any alleged FLSA

2  violation"); *see also*, *Travis*, *supra*.

3  **B.  Even Assuming *Arguendo* That Otey Could Recover Wage Penalties Under Oregon Law (in Addition to Liquidated Damages Under the FLSA), the Offer Mooted All Other Individual Claims In This Action As Well As the Collective Claims Under the FLSA.**

4

5  Even assuming arguendo that Otey could recover penalties under ORS § 652.150 (in addition

6  to liquidated damages under the FLSA), all of his other individual claims were mooted as well as the

7  collective claims under the FLSA.  Defendants' most recent offer to Otey states, in pertinent part,

8  "[p]ursuant to Rule 68 of the Federal Rules of Civil Procedure, CrowdFlower, Inc., Christopher Van

9  Pelt and Lukas Biewald (collectively "Defendants"), offer to allow judgment to be taken against

10  them without any finding of liability or wrongdoing for the claims made by Christopher Otey."  (*See*

11  Dkt. 150, Ex. D).  While Plaintiffs assert that, by its terms, the offer applied generally to "the claims

12  made by Christopher Otey" and "was not limited to certain claims" [Dkt. 163 p. 8], this argument

13  ignores the fact that it was understood by all parties that the offer did not encompass the Oregon

14  penalty claim.

15  As background, Defendants' offers of judgment were served on Plaintiffs Otey and Greth on

16  July 16, 2013.  Defendants' motion to dismiss [Dkt. 150] was filed on July 19, 2013, only a few days

17  later and more than ten (10) days before Plaintiffs' deadline passed for responding to the offers.

18  Defendants' motion detailed the damages calculations, which make abundantly clear that they

19  covered only alleged minimum wage damages as well as liquidated damages.  (*See* Dkt. 150 pp. 4-

20  5.)  There plainly was no calculation of penalty wages under Oregon law included in Defendants'

21  motion.  Notably, Otey also waited until the last possible day to respond to the offer of judgment,

22  even though, according to an article prepared by his counsel and published on July 21, 2013 on

23  Indybay, indicated that the offer had already been rejected.[2]  Thus, Otey had an approximately 10-

24

---

25  [2]  A copy of that article, entitled "CrowdFlower Offers to Buy Off Plaintiffs to Avoid Nationwide Lawsuit for Minimum Wages" and authored by Ellen Doyle is attached as Exhibit B.  The article

26  expressly states that "CrowdFlower offered the two plaintiffs money to settle, **which they did not accept."**  Notwithstanding this public representation that the offers had been rejected as of at least

27  July 21, 2013, the date of publication, Plaintiffs' counsel requested an extension of time to respond to Defendants' Motion, citing a need to wait until the July 30, 2013 deadline to respond to the offers.

28  Plaintiffs' counsel inexplicably asked, despite the representation in the article, that Defendants "not

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS

3.

Case No. 3:12-cv-05524-JST

1    day period with the benefit of both the offer and Defendant's motion, which made clear that the offer

2    did not include penalty wages.

3            Even were it not obvious from Defendants' Motion that wage penalties under Oregon law

4    were not included in the offer, Otey's counsel never sought clarification regarding the scope of the

5    offer and in counsel's eleventh hour, 3-page letter rejecting the offer, never once mentioned that it

6    was being rejected based on the omission of the Oregon wage penalty claim under Oregon law.

7    Instead, counsel simply stated, in the most general terms, that "Defendants' Offers of Judgment are

8    insufficient.  The relief offered does not satisfy both of the named Plaintiffs' anticipated recoveries if

9    they prevailed at trial." (Dkt. 163-9 p. 4.)  The vagueness in describing the basis for rejecting the

10   offer hardly seems coincidental given that reference to the omission of the penalty wages

11   presumably would have either confirmed counsel's understanding of the scope of the offer and/or

12   provided Defendants with an opportunity to clarify the terms of the offer to the extent necessary.[3]

13   Nonetheless, Plaintiffs' Response, which Plaintiffs, through a motion for extension of time ensured

14   would be filed well after the time for responding to the offers of judgment had passed, makes clear

15   that Plaintiffs' counsel understood that Defendants' offer to Otey did not include wage penalties

16   under Oregon law.  Indeed, Plaintiffs candidly acknowledge, "Defendants intentionally chose not to

17   offer any judgment for Mr. Otey's 'penalty wage' claim under Oregon law" while simultaneously

18   arguing that "[t]he offer was not limited to certain claims." (*See* Dkt. p. 8, n. 2.)

19           While Defendants concede that the offer to Otey itself did not expressly state that it did not

20   cover the wage penalty claim under Oregon law, the Motion made that clear to Plaintiffs' counsel,

21   who has conceded as much in their Response.  (*See id.*)  Thus, even though counsel for Plaintiff

22   knew that wage penalties were intentionally excluded from the offer, their legal position is that the

23   offer applied to all claims and was therefore insufficient because the amount was insufficient to

24

25

26   consider the posting referenced [] to constitute Plaintiffs' responses to the pending Rule 68 offers."
     A copy of the emails exchanged by counsel regarding this matter are attached as Exhibit C.

27   [3]   Moreover, it also is notable that very shortly after rejecting the offer (without providing an
     explanation as to its purported inadequacy based on the omission of the penalty wage claim),

28   Plaintiffs filed the Notice of Consent by Nancy Miller to join this action.  (*See* Dkt. 156.)

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS                                          4.                              Case No. 3:12-cv-05524-JST

cover the wage penalty claim.[4]  The Ninth Circuit repeatedly has recognized that the normal rules of contract construction apply to offers of judgment under Rule 68, and thus extrinsic evidence may be considered to resolve ambiguities (which are construed against the offeror).  *See Stonebrae L.P. v. Toll Bros., Inc.*, 2013 U.S. App. LEXIS 6369, **2-4 (9th Cir. March 29, 2013); *Erdman v. Cochise County*, Ariz., 926 F. 2d 877, 880 (9th Cir. 1991).   Here, the Court then should consider the circumstances surrounding Defendants' extension of the offer of judgment to Otey and his rejection of it as well as his counsel's acknowledgment that the offer did not include "any judgment for Mr. Otey's 'penalty wage' claim under Oregon law."  (*See* Dkt. 163 p. 8 n. 2.); *see also Stonebrae*, 2013 U.S. App. LEXIS 6369 at *3 (concluding that the district court "appropriately resolved any ambiguity by considering extrinsic evidence", including attorney's statements in court regarding the Rule 68 offer); *Asus Computer Int'l v. Compsolutions VA, Inc.*, 2008 U.S. Dist. LEXIS 120119, *6 (N.D. Cal. June 5, 2008) (observing that "where necessary, [a court] will consider extrinsic evidence of the parties' intentions in order to clarify the offer's material terms.")  Indeed, this Court should not countenance counsel's gamesmanship designed to thwart Defendants' good faith efforts to use a favored procedural mechanism, sanctioned by the Federal Rules of Civil Procedure, to resolve this action without further litigation.[5]  *See, e.g., Marquez v. Harper Sch. Dist. No. 66*, 2011 U.S. Dist. LEXIS 130810, *5 (D. Or. Nov. 10, 2011) ("Rule 68 offers and acceptances are favored by the courts for purposes of encouraging termination of litigations."), *citing*, *United States v. Trident Seafoods Corp.*, 92 F. 3d 855, 860 (9th Cir. 1996).

Plaintiffs' reliance on *Chie v. Reed Elsevier, Inc.* is misplaced as that case is easily distinguishable.  (*See* Dkt. 163 pp. 8-9.)  While in *Chie*, the defendants similarly argued that the

---

[4] Even if there had been some doubt as to the terms of the offer, which is belied by Plaintiffs' Response, the appropriate course for Otey would have been to seek clarification regarding the terms of the offer.  "A plaintiff may seek clarification of an ambiguous offer of judgment.  Initially, the plaintiff should seek clarification from the offering defendant.  If clarification is not forthcoming, the plaintiff should consider filing a motion to strike."  *See* 4-49 FEDERAL LITIGATION GUIDE § 49.30; *see also Arkla Energy Resources v. Roye Realty & Devel., Inc*, 9 F. 3d 855 (10thCir. 1993) (observing that the plaintiff had responded to the defendant's offer of judgment with a motion to clarify offer of judgment, which the district court granted).

[5] In addition to the foregoing, as detailed more fully in Defendants' Motion, Defendants have repeatedly sought to have Plaintiffs clarify the amount of damages to which they believe they are entitled.  Plaintiffs have repeatedly declined to provide such information.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION TO DISMISS                5.                Case No. 3:12-cv-05524-JST

1   plaintiffs' federal and state wage and hour claims should be dismissed as moot based on offers of

2   judgment, importantly, the offers at issue in *Chie* did not include an amount that sufficiently covered

3   the maximum damages that the plaintiffs could have recovered for their wage-and-hour claims.

4   2011 U.S. Dist. LEXIS 99153, **6-7 (N.D. Cal. Sept. 2, 2011).  More specifically, the offers did not

5   include allocations for potential liquidated damages or straight time pay, which the plaintiffs sought.

6   *See id.* at *7.  Additionally, the offers did not include prejudgment interest and attorneys' fees.  *See*

7   *id.*  Here, in stark contrast, the Defendants' offers to Plaintiffs clearly included wage-based damages,

8   liquidated damages as well as "reasonable attorneys' fees, costs, expenses and interest as the Court

9   may determine are appropriate."  The only omission from the offer was penalty wages under Oregon

10  law, which would have been duplicative of liquidated damages under the FLSA.

11      Plaintiffs' additional argument that Defendants' offers were based on "estimates" is also

12  unavailing.  (*See* Dkt. 163 p. 9.)  Initially, to the extent that Plaintiffs are suggesting that the *Chie*

13  Court ruled as it did because the offers of judgment were based on "estimates," such a suggestion is

14  inaccurate.  In finding that the offers were insufficient for the reasons summarized above, the court

15  "put[] aside the fact that the amounts were calculated based on estimates only."  *See Chie*, 2011 U.S.

16  Dist. LEXIS 99153 at *7.  Further, Plaintiffs' argument ignores the fact that, here, Defendants

17  calculated the offers based on data from AMT that is unquestionably and significantly over-inclusive

18  relative to the time each Plaintiff actually spent performing tasks for CrowdFlower, did not make

19  any deductions from the total amounts based on sums already paid to each Plaintiff and then offered

20  an amount in excess of the calculated totals.  (*See* Dkt. 150 pp. 4-6.)  All that Defendants must show

21  is that they have offered Plaintiffs as much as or more than they would be legally entitled to recover

22  should they prevail.  *See Chie*, 2011 U.S. Dist. LEXIS 99153 at *8.  Defendants need not, as

23  Plaintiffs seem to suggest, estimate with mathematical certainty the exact amount of Plaintiffs'

24  potential back wages based on the precise amount of time each Plaintiff worked.  As Plaintiffs

25  should realize by now, based on the limited data available and the manner in which time was

26  tracked, doing so simply is not possible *and will not become possible at some later time in this*

27  *litigation*.  What can definitely be determined (using the AMT data), however, is the maximum

28  amount of time Plaintiffs could have possibly worked based on all time during which tasks were

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS                    6.                    Case No. 3:12-cv-05524-JST

1   open.  Due to task over lap and the fact that Plaintiffs presumably were not working during every

2   second that a task was open, the AMT data places a reliable ceiling on the total amount of time each

3   Plaintiff could have worked.  It is also worth pointing out that Plaintiff Otey's written demand to

4   Defendants [Dkt. 121 p. 20] states that "Mr. Otey's minimum wages due are estimated at $280.00."

5   While that demand presumably did not include liquidated damages, the disparity between his $280

6   demand and Defendants' offer in the amount $2,148 underscores the unreasonableness of Plaintiffs'

7   position.  By Plaintiffs' logic, if one's potential damages were determined to be more than $10.00

8   but less than $100.00, an offer of $1,000.00 would be insufficient to cover the potential damages

9   because it is based on an "estimate."  Such logic might be persuasive if $75 was offered in that

10  scenario, or even $99.00, but not in a situation such as this where the offer exceeds the maximum

11  amount of recovery.  In short, the exact amount of Plaintiffs' damages does not need be determined

12  in order to conclude whether the amount offered covers all that they may be legally entitled to

13  recover.[6]

14  **C.    Plaintiffs' Arguments Regarding Defendants' Document Production Should Have No
           Bearing On Resolution of Defendants' Motion.**

15

16          Plaintiffs' arguments regarding Defendants' purported failure to produce documents that

17  Plaintiffs require to calculate damages are a red herring that have no bearing on the issues before the

18  Court.  (*See* Dkt. 163 pp. 9-12.)  Tellingly, in their response, aside from the wage penalty issue

19  already addressed above, Plaintiffs have provided absolutely no substantive challenge to the

20  adequacy of the offers made to Otey and Greth.  Instead, their strategy appears to be to continue to

21  insist that there are documents/data somewhere in CrowdFlower's possession that will somehow

22  place them in a position to determine their damages at some later time and until that occurs, no

23

24  [6]  While Plaintiffs make much of Defendants' previous offers of judgment to Otey, Plaintiffs fail to
     acknowledge that the first three offers were for amounts within $5.00 of Plaintiff's pre-lawsuit
25   demand.  (*See* Dkt. 121 p. 20).  Those offers did not cover liquidated damages, which Defendants
     did not (and do not) believe Plaintiffs would be able to recover should they otherwise prevail.  The
26   substantial increase in the more recent offer was intended to not only cover potential liquidated
     damages but also to take the offer well outside of any realm that Otey might be able to, for any
27   reason, challenge as potentially being less than his "best day."  In other words, Defendants believe
     that Otey's "best day" would result in damages in an amount that is far less than Defendants most
28   recently offered.

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION       7.                Case No. 3:12-cv-05524-JST
TO DISMISS

1   matter how much Defendants offer, they will never know with certainty whether the amount is

2   sufficient to cover their claims.  Moreover, notwithstanding Plaintiffs arguments to the contrary,

3   Defendants have provided Plaintiffs with the data that they possess bearing on Plaintiffs'

4   performance of CrowdFlower tasks during the relevant period (data which reflect that Plaintiffs

5   worked significantly less than the amount of time Defendants computed using the AMT data).[7]

6          Finally, Plaintiffs fail to provide any explanation as to why the AMT data (a detailed

7   description of which is included in Dkt. 150 pp. 4-6) is somehow unreliable or should not be used to

8   determine the maximum amount of time Plaintiffs could have spent performing tasks for

9   CrowdFlower.  Indeed, it is undisputed that all of the work performed by both Otey and Greth was

10  performed on the AMT platform, not through CrowdFlower's website.  (Deposition of Plaintiff

11  Christopher Otey[8] pp. 19; 114-15; 212; Opt-In Plaintiff Mary Greth's Responses to Defendant

12  CrowdFlower, Inc.'s Interrogatories (Set One)[9] ¶ 14.)  Thus, it is nonsensical for Plaintiffs to insist

13  that the AMT data should not be used.

14  **D.    _Genesis Healthcare Corp. v. Symczyk_ Squarely Applies to this Matter.**

15         Plaintiffs' various arguments attempting to distinguish _Genesis Healthcare Corp. v. Symczyk_,

16  133 S. Ct. 1523, 129 (2013), and convince that Court that it does not apply to this matter are

17  unavailing.  Initially, Plaintiffs assert that _Genesis_ does not apply here because Defendants' offer to

18  Otey did not cover his wage penalty claim under Oregon law.  (_See_ Dkt. 163 p. 12.)  As more fully

19  addressed, _supra_, the offer properly excluded that claim and in any event, Plaintiffs understood it to

20  have been excluded from the offer.

21

22

23  [7] Without directly acknowledging that CrowdFlower does not have all of the data that Plaintiffs seek, Plaintiffs further assert that the FLSA and Oregon wage-and-hour laws impose record-keeping

24  requirements and generally require employers to preserve records of wages and hours worked.  Yet, whether Defendants were employers covered by those laws is a disputed issue in this case.  If

25  Defendants were not employers, the record-keeping requirements of federal and state wage-and-hour law simply do not apply.  In any event, any obligation Defendants may or may not have had with

26  regard to record-keeping does not change the reality of what data actually exists or somehow impact or undermine the AMT data relied upon by Defendants in making their damages calculations.

27  [8] Copies of the excerpts from the transcript of Plaintiff Christopher Otey's Deposition, cited herein, are attached as composite Exhibit D.

28  [9] A copy of Opt-In Plaintiff Mary Greth's Responses to Defendant CrowdFlower, Inc.'s Interrogatories (Set One) is attached as Exhibit E.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS                              8.                    Case No. 3:12-cv-05524-JST

1    Plaintiffs also argue that *Genesis* does not apply here because there are two opt-in Plaintiffs.

2    (*See* Dkt. 163 p. 12.)   Yet, one of those opt-in Plaintiffs was Greth, who also received an offer of

3    judgment in full satisfaction of her claims.   The other opt-in, Nancy Miller, did not opt-in to this

4    action until August 1, 2013, *after* the offers of judgment were extended (and rejected).   (*See* Dkt.

5    156.)   Thus, for the reasons explained in Defendants' Motion, Plaintiffs' claims were mooted before

6    Miller opted in to this action.   *See Bilabo v. Bros. Produce*, 2013 U.S. Dist. LEXIS 65812, *6 (S.D.

7    Fla. May 7, 2013) (granting the defendant's motion to dismiss where the defendant made an offer of

8    judgment to Plaintiff two weeks before four other plaintiffs submitted notices to "opt-in" to the

9    FLSA collective action).

10    Plaintiffs further assert that *Genesis* is inapplicable because in *Genesis*, "Ms. Symczyk had

11    not filed a motion for conditional certification at the time of the offer of judgment."   (Dkt. 163 p.

12    13.)   As the Supreme Court pointed out, however, "respondent's suit became moot when her

13    individual claim became moot [] ***because she lacked any personal interest in representing others in***

14    ***this action***."   *See Genesis*, 133 S. Ct. at 1530.   Thus, following *Genesis*, pendency of Plaintiffs'

15    conditional certification motion or even conditional certification does not save Plaintiffs' federal and

16    state wage-and-hour claims from mootness.   *See Genesis*, 133 S. Ct. at 1530 ("Even if respondent

17    were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her

18    suit from mootness.").   Since a plaintiff bringing a putative collective action "lack[s] any personal

19    interest in representing others," the sole threshold question that needs to be resolved to determine the

20    outcome of the collective claims is whether the plaintiff's claims became moot by the offer of

21    judgment.   While the Supreme Court in *Genesis* did not reach this issue and noted a split among the

22    circuits, the Ninth Circuit has reached the issue and determined that a court lacks subject matter

23    jurisdiction where an offer of judgment in full satisfaction of a plaintiff's claims is made.   *See*

24    *Marschall v. Recovery Solutions Specialists, Inc.*, 399 Fed. Appx. 186, 187 (9th Cir. 2010)

25    (concluding that the "district court properly dismissed [the plaintiff's] individual claims against [the

26    defendant] for lack of subject matter jurisdiction because [the defendant's] offer of judgment was far

27    more than [the plaintiff] was legally entitled to recover."); *see also Makreas v. The Moore Law*

28    *Group, A.P.C.*, 2012 U.S. Dist. LEXIS 17211, *4 (N.D. Cal. Feb. 2, 2012); *Echlin v. Columbia*

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1   *Collectors, Inc.*, 2013 U.S. Dist. LEXIS 31811, *7 (W.D. Wash. March 7, 2013); *Scott v. Federal*

2   *Bond and Collection Serv., Inc.*, 2011 U.S. Dist. LEXIS 5278, **8-9 (N.D. Cal. Jan. 19, 2011).

3          Plaintiffs also assert that "Defendants unreasonably rely on the Ninth Circuit's memorandum

4   decision in *Marschall*" "instead of the Ninth Circuit's later, fully-reasoned decision in *Pitts*" as if the

5   two decisions were directly at odds on the same issue.  (Dkt. 163 p. 15.)  They clearly are not.

6   Defendants rely on *Marschall* as controlling the threshold issue not reached by the Supreme Court in

7   *Genesis* of "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render

8   the claim moot."  *See Genesis*, 133 S. Ct. at 1528-29.  *Marschall* clearly compels the answer as the

9   Ninth Circuit concluded that the "district court properly dismissed [the plaintiff's] ***individual*** claims

10  against [the defendant] for lack of subject matter jurisdiction because [the defendant's] offer of

11  judgment was far more than [the plaintiff] was legally entitled to recover."[10]  *Marschall,* 399 Fed.

12  Appx. at 187.  In contrast, in *Pitts v. Terrible Herbst, Inc.*, the Ninth Circuit held that "an unaccepted

13  Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made

14  before the named plaintiff files a motion for class certification—does not moot a ***class*** action.  If the

15  named plaintiff can still file a timely motion for class certification, the named plaintiff may continue

16  to represent the class until the district court decides the certification issue."  653 F. 3d at 1091-92

17  (emphasis supplied).  *Pitts* does not stand for the broader proposition that an unaccepted offer of

18  judgment (outside of the class action context) that fully satisfies a plaintiff's claims does not render

19  the claims moot.  *Pitts* was limited to class actions and in *Genesis*, the Supreme Court directly

20  rejected the plaintiff's reliance on Rule 23 class action cases in the collective action context,

21  reasoning that "Rule 23 actions are fundamentally different from collective actions under the

22  FLSA."  *See Genesis*, 133 S. Ct. at 1529; *see also*, *Chen v. AllState Ins. Co.*, 2013 U.S. Dist. LEXIS

23  81409, *17 (N.D. Cal. June 10, 2013) (observing that "under the FLSA, a 'conditional certification'

24  does not confer independent legal status (as a Rule 23 certification does).") (citing *Genesis*.)  Thus,

25  *Pitts* is not controlling with regard to Plaintiffs' putative collective claims under the FLSA.

26

27  ----
    [10] As reflected in the district court's civil minutes from that case, attached hereto as Exhibit F, the
    offer of judgment at issue was not accepted.  *See Marschall v. Recovery Solutions Specialists, Inc.*,
28  SACV 07-726 JVS (ANx), Dkt. 42, p. 3 (C.D. Cal. Dec. 17, 2007)

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Finally, Plaintiffs' argument that Defendants' Motion should be denied because jurisdictional issues are intertwined with the merits is completely misguided and rests on the faulty premise that the adequacy of Defendants' offers of judgment cannot be determined until a later stage of litigation. As explained above, determining with mathematical precision an exact amount that a plaintiff could recover is not required.  Courts routinely have dismissed as moot actions where offers of judgment were made which clearly met or exceeded all that a plaintiff could conceivably recover.  Given that Defendants unquestionably have offered Plaintiffs more than they could possibly recover in the event that they prevail on their federal and state wage-and-hour claims, Plaintiffs' argument is simply a straw man.  Aside from the omission of wage penalties from Otey's offer, Plaintiffs have made no substantive challenge to the adequacy of Defendants' offers or even professed a good faith belief that data that they expect to obtain through additional discovery will show that the amounts offered by Defendants may be inadequate.  Nor could they as Defendants relied on the AMT data, which was significantly over-inclusive of time worked and exceeded the amount of time worked by Otey and Greth as reflected in CrowdFlower's own records.

**E.      Dismissal of Plaintiffs' Federal Claims Would Impact The Amount in Controversy for Purposes of Determining Jurisdiction.**

Much of Plaintiffs argument regarding diversity jurisdiction is irrelevant to the basis for Defendants' jurisdictional challenge, which was directed at Plaintiffs failure to satisfactorily demonstrate that the aggregate $5,000,000 amount in controversy requirement is satisfied.  Further, Defendants' answer to the Amended Complaint respecting allegations relating to jurisdiction obviously occurred prior to the mootness of Plaintiffs' claims, including the collective claims under the FLSA, which clearly eliminates that vast majority of the putative class.  Additionally, while Plaintiffs claim that "[u]nder the CAFA, with minor exceptions, 'post-filing developments do no defeat jurisdiction if jurisdiction was properly invoked at the time of filing,'" one of the "minor exceptions" identified by the Ninth Circuit is mootness.  *See United Steel, Paper & Forestry, Rubber, Manuf., Enerey, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F. 3d 1087, 1091-92 n. 3 (9th Cir. 2010) ("We recognize . . . exceptions to the general rule of 'once jurisdiction, always jurisdiction'—such as when a case becomes moot in the course of litigation. . . ."); *see also*

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS                                      11.                    Case No. 3:12-cv-05524-JST

*Robinson v. Hornell Brewing Co.*, 2012 U.S. Dist. LEXIS 176699,**27-32 (D. N.J. Dec. 12, 2012) (concluding, after determining that it lacked subject matter jurisdiction over class action claims, that there remained no independent basis for jurisdiction over the plaintiff's individual damages claim which did not meet the amount in controversy requirement).   Thus, Defendants' jurisdictional challenge premised on the elimination of Plaintiffs' individual and collective claims under the FLSA based on mootness is entirely proper and, for the reasons more fully set forth in their motion, Plaintiffs have not met the amount in controversy requirement.   Because Plaintiffs are unable to provide sufficient evidence to demonstrate that jurisdiction is proper, any remaining class claims under Oregon law should be dismissed under Rule 12(b)(1) due to Plaintiff Otey's failure to satisfy the requirements of 28 U.S.C. § 1332(d)(2).   *See Hildreth v. Unilever United States, Inc.*, 2010 U.S. Dist. LEXIS 136584, **11-12 (C.D. Cal. Dec. 15, 2010) ("As respects the alleged amount in controversy, plaintiffs allege only that 'the aggregated claims . . . exceed the sum or value of $5,000,000 and that plaintiffs purchased defendants' products 'on several occasions.'   Plaintiffs provide no specific indication of the amount of economic injury sustained individually, or by the class.   This allegation does not demonstrate that the aggregate $5,000,000 amount in controversy requirement is satisfied. . . .   The court may not exercise jurisdiction under CAFA on the basis of this type of speculation.").[11]

**F.    The Court Should Decline to Exercise Supplemental Jurisdiction Over Any Claims that May Remain Under State Law.**

Plaintiffs' principal argument that the Court should retain supplemental jurisdiction is that Defendants, as the moving parties, "have failed to describe how the interests of judicial economy, convenience and fairness to the parties are best served by dismissal of the Oregon minimum wage claims."   (*See* Dkt. p. 22.)   Initially, as the Supreme Court has recognized, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy convenience, fairness, and comity—will point

---

[11]   Plaintiffs' remaining arguments regarding satisfaction of the jurisdictional threshold appear to be based purely on surmise and speculation and would seem to support only that Plaintiffs have no understanding of how many potential Oregon class members there might be or how much their purported damages are.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION TO DISMISS                12.                Case No. 3:12-cv-05524-JST

toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see also Schultz v. Sundberg*, 759 F. 2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").   Further, here, there are a number of significant considerations that strongly support declining to exercise supplemental jurisdiction upon dismissal of Plaintiffs' federal claims:   (1) most of the purported multitude of Oregon class members (which Plaintiffs suggest would be at least 2,203 individuals) presumably continue to reside in Oregon; (2) all of the remaining legal issues in this matter are governed by Oregon law; and (3) with regard to the class claims under Oregon law, this case is in its infancy as a case management conference has not even been held nor has a deadline for filing a motion to certify the Oregon claims as a class action been set.[12] *Asis Internet Servs. v. Member Source Media, LLC*, 2010 U.S. Dist. LEXIS 47865, *18 (N.D. Cal. April 20, 2010) (declining to exercise supplemental jurisdiction even though the case had been pending for two years where no trial date was near, only limited discovery had occurred  and there had been no substantive or dispositive rulings by the Court).   Also, it is highly significant that this case will present the novel issue, not previously decided by Oregon courts, of whether individuals performing crowdsourcing tasks are employees under Oregon law. *See Rounseville v. Zahi,* 13 F. 3d 625, 631 (2d Cir. 1994) (concluding that, where the state claim required an application of state law that was potentially novel, the state claim was appropriately resolved in state court, and retention of the state claim after the dismissal of the federal claim "would be an inappropriate exercise of pendent jurisdiction and a waste of judicial resources"); *Morse v. Univ. of Vermont*, 973 F. 2d 122, 127-28 (2d Cir. 1992) (concluding that where state claims involved novel questions of law, it was an abuse of discretion to exercise jurisdiction over such claims after dismissing the federal claims).   Moreover, the appropriateness of dismissal here is underscored by the fact that other courts have declined to exercise supplemental jurisdiction under similar circumstances. *See*, *e.g*., *Ward v. Bank*

---

[12] Plaintiffs' reliance on the forum selection clause in its service agreements is misplaced. (*See* Dkt. 163 p. 23.)  Plaintiffs fail to mention that such clauses are included in CrowdFlower's service contracts with channel providers, not individual contributors such as Plaintiffs, with whom CrowdFlower did not contract.  Because Plaintiffs were not signatories to any such agreements, clearly they cannot insist that the Defendants are bound by these forum selection clauses.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  *of New York*, 455 F. Supp. 2d 262, 270 (S.D. N.Y. 2006) (declining to exercise supplemental

2  jurisdiction over plaintiff's state law claims after granting defendant's motion to dismiss plaintiff's

3  FLSA claims based on Rule 68 offer of judgment); *Bilbao*, 2013 U.S. Dist. LEXIS 65812 at **4-5

4  (same); *Briggs v. Arthur T. Mott Real Estate*, 2006 U.S. Dist. LEXIS 892891 at **11-12 (E.D.N.Y.

5  2006) (same).

6  **III.  CONCLUSION**

7        For all of the foregoing reasons and for the reasons explained in Defendants' Motion to

8  Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court lacks subject

9  matter jurisdiction over the Plaintiffs' federal and state wage-and-hour claims as well as their

10 collective claims under the FLSA.   Defendants therefore respectfully request that the Court dismiss

11 those claims and decline to exercise supplemental jurisdiction over any claims under state law that

12 may remain.

13

14 Dated:      August 23, 2013                    Respectfully submitted,

15                                               LITTLER MENDELSON, P.C.

16

17                                               By:   */s/ R. Bradley Adams*
                                                      R. BRADLEY ADAMS (*pro hac vice*)
18                                                    ARTHUR M. EIDELHOCH
                                                      GALEN M. LICHTENSTEIN
19                                                    JACQUELINE E. KALK (*pro hac vice*)
                                                      KELLY D. REESE (*pro hac vice*)
20                                                    Attorneys for Defendants
                                                      CROWDFLOWER, INC., LUKAS
21                                                    BIEWALD AND CHRIS VAN PELT

22 Firmwide:122583655.1 073860.1001

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' REPLY TO PL'S OPPOS TO MOTION
TO DISMISS                                    14.                    Case No. 3:12-cv-05524-JST