# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUZANNE M. TRAVIS, CANDACE DUNCAN, LISA MADDOCKS, and KATHERINE CLARK,

    Plaintiffs,

vs.

ALLAN F. KNAPPENBERGER,

    Defendant.

CV 00-393-RE (Lead Case)
CONSOLIDATED CASES

ORDER

---

DELPHINE KENNEDY-WALKER,

    Plaintiff,

vs.

ALLAN F. KNAPPENBERGER,

    Defendant.

CV 00-1391-RE

---

Craig A. Crispin
500 Plaza West, 9600 S.W. Oak Street
Portland, Oregon 97223

    Attorney for Plaintiffs

Paul C. Buchanan
900 S.W. Fifth Avenue, Sulite 2600
Portland, Oregon 97204

    Attorney for Defendant

////

1 -    ORDER

REDDEN, Judge:

The matter before the court is plaintiffs' claim for approximately $12,000 in state law civil penalties under Or. Rev. Stat. § 653.055 based on defendant's late payment of overtime wages.

In this litigation, plaintiffs Travis, Maddocks and Clark asserted claims under federal and state law against defendant for unpaid overtime. A few weeks after the lawsuit was filed, plaintiffs accepted defendant's offer of judgment for the overtime wages and liquidated damages calculated pursuant to the Fair Labor and Standards Act (FLSA), 29 U.S.C. § 216. Now, in addition to the liquidated damages defendant paid under the FLSA, plaintiffs argue that they are entitled to civil penalties under Oregon law for defendant's late payment of overtime wages. I disagree.

Courts have consistently held that the remedies provided under § 216(b) of the FLSA, which includes liquidated damages, are the exclusive remedies for enforcing rights created under the FLSA. See, e.g., Roman v. Maietta Construction, Inc., 147 F.3d 71, 76 (1st Cir. 1998); Tombrello v. USX Corp., 763 F.Supp. 541, 544 (N.D. Ala. 1991). As a matter of law, plaintiffs cannot circumvent the exclusive remedies prescribed by Congress by asserting, as to the overtime violation, a right to receive penalties under state law claim in addition to the penalties they have already received under the FLSA. Roman, 147 F.3d at 76; Tombrello, 763 F.Supp. at 545. Therefore, I conclude that because plaintiffs sought and recovered liquidated damages under the FLSA for the overtime pay violations, they cannot recover again under Oregon law. Plaintiffs are not entitled to double recovery. Bolduc v. National Semiconductor Corp., 35 F.Supp.2d 106, 117 (D. Maine 1998).

IT IS SO ORDERED.

Dated this __25th__ day of September, 2002.

/S/ James A. Redden
James A. Redden
United States District Judge

2 -    ORDER