# EXHIBIT F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 07-726 JVS (ANx) | Date | December 17, 2007 |
| Title | Carl N. Marschall v. Recovery Solution Specialists Inc., and Doe 1 dba Cedars-Sinai Lab Services | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Karla J. Tunis | | Sharon Seffens |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| James Knoles | | Ronald Sarian |
| | | Francisca Mok |

**Proceedings:**  Defendant's Motion to Enter Judgment and Dismiss Action (Fld 11-16-07)

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel submit on the Court's tentative ruling. The Court GRANTS the defendant's motion to dismiss and rules in accordance with the tentative ruling as follows:

Defendant Recovery Solution Specialists, Inc. ("Recovery Solutions") moves to have judgment entered against it pursuant to an offer of judgment it served on Plaintiff Carl N. Marschall ("Marschall") in accordance with Federal Rule of Civil Procedure 68, and to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1). Marschall opposes the motion.

I.   Legal Standard

   a)   Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is proper when the court lacks subject matter jurisdiction over a case. The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1223, 1225 (9th Cir. 1989).

Article III of the Constitution limits federal subject matter jurisdiction to "cases"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 07-726 JVS (ANx) | Date | December 17, 2007 |
| Title | Carl N. Marschall v. Recovery Solution Specialists Inc., and Doe 1 dba Cedars-Sinai Lab Services | | |

and "controversies." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). Cases are moot and thus outside the bounds of federal jurisdiction when "the parties lack a legally cognizable interest in the outcome". Id. (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). "An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." Weiss v. Regal, 385 F.3d 337, 340 (3rd Cir. 2004) (citing Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991)).

    b)    Rule 68

Federal Rule 68 permits a defendant to "offer to allow judgment to be taken against [it]." Fed. R. Civ. P. 68. If the offer is accepted within 10 days, the clerk shall enter judgment. Id. If, on the other hand, the offer is not accepted within 10 days, it is deemed withdrawn, and if the judgment ultimately procured by the offeree is less favorable than the offer, the offeree must pay costs incurred by the offeror after the date of the offer. Id.

II.    Discussion

    a)    Background

Marschall filed a Complaint ("Complaint"), individually, and on behalf of persons similarly situated, on June 21, 2007, alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA") and the California Fair Debt Collection Practices Act ("Rosenthal Act") and requesting statutory penalties, but not actual damages. (Docket No. 1.) Under Local Rule 23-3, Marschall had 90 days after serving the putative class action complaint to file a motion for class certification. L.R. 23-3. He served the Complaint on July 2, 2007 and thus had until October 1, 2007 to file his motion to certify the class. He did not file such a motion before the October 1 deadline, and he has not requested leave to file such a motion since then.

On September 25, 2007, Recovery Solutions served Marschall with a proper Offer of Judgment, offering "$3,000, plus all court costs and reasonable attorneys fees." (Opening Br. Ex. A.) The $3,000 figure represents the sum of the maximum statutory damages under the FDCPA ($1,000), the maximum statutory damages under the Rosenthal Act ($1,000), and an estimate of the damages for any FDCPA class claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 07-726 JVS (ANx) | Date | December 17, 2007 |
| Title | Carl N. Marschall v. Recovery Solution Specialists Inc., and Doe 1 dba Cedars-Sinai Lab Services | | |

($1,000). (Id.; 15 U.S.C. § 1692k (a)(2) and (3); Cal. Civ. Code § 1788.30(b), (c).) The offer was not accepted and expired on October 8, 2007. (Sarian Decl. in Support of Motion ¶ 5.)

      b)    Mootness of Marschall's Individual Claims

"Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) (citing, inter alia, Spencer-Lugo v. INS, 548 F.2d 870 (9th Cir. 1977) (internal citation omitted).

Here, it is absolutely clear that Recovery Solutions offered Marschall the maximum amounts recoverable by him as an individual under both the FCDPA and the Rosenthal Act.[1] See, Weiss, 385 F.3d at 340 (holding that $1,000 plus costs and reasonable fees is the maximum relief available to an individual plaintiff under the FDCPA). Therefore, Marschall has no individual stake in this litigation as of the date of the offer, September 25, 2007, and his individual claims must be dismissed as moot.

      b)    Mootness of the Class Claims

Marschall argues that his class claims were, however, not mooted by the September 25, 2007 Offer of Judgment. (Opposition Br. pp. 8-14.) Generally in the class action context, if a named plaintiff's claim becomes moot before the class is certified, the entire case is moot. Vun Cannon v. Breed, 565 F.2d 1096, 1098 (9th Cir. 1977) (citing Indianapolis School Commissioners v. Jacobs, 420 U.S. 128 (1975)). However, there is an exception to this rule that applies when a defendant offers judgment to a putative class representative in an effort to moot the case and thus avoid defending a class action. The exception seeks to prevent defendants from undermining the class action as a procedural tool and frustrating its objective of allowing aggregation of small claims. Weiss, 385

---

[1] Marschall's arguments that this might not be the case are not meritorious. (Opposition Br. pp. 14-17.) The case law he cites, Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir. 1994), which stands for the proposition that the FDCPA limits a plaintiff's recovery to $1,000 per proceeding, does not change the result here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 07-726 JVS (ANx) | Date | December 17, 2007 |
| Title | Carl N. Marschall v. Recovery Solution Specialists Inc., and Doe 1 dba Cedars-Sinai Lab Services | | |

F.3d at 344 (discussing <u>Deposit Guar. Nat'l Bank v. Roper</u>, 445 U.S. 326, 339 (U.S. 1980)). "[T]he class action process should be able to 'play out' according to the directives of Rule 23 and should permit due deliberation by the parties and the court on class certification issues." <u>Id.</u> at 348. Accordingly, "<u>absent undue delay in filing a motion for class certification</u>, . . .where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint." <u>Id.</u> (emphasis added.)  Thus, the rule has developed that a Rule 68 offer of judgment on a plaintiff's individual claims will not moot the class claims unless the plaintiff has had a reasonable opportunity to file a motion for class certification or has not unduly delayed filing that motion. <u>Id.</u>; <u>McDowall v. Cogan</u>, 216 F.R.D. 46, 51 (E.D.N.Y. 2003); <u>Everett v. MCI, Inc.</u>, 2006 U.S. Dist. LEXIS 71871 at 17-20 (D. Ariz. 2006); <u>Morgan v. Account Collection Technology, LLC</u>, 2006 U.S. Dist. LEXIS at 12-14 (S.D.N.Y. 2006).

Marschall does not benefit from this rule for two reasons: First, Recovery Solutions' offer of judgment included the maximum amount recoverable on the class claims.  Second, Marschall had a reasonable opportunity, which he did not take, to file a motion for certification.

i)   <u>Offer to the putative class</u>

The holding in <u>Weiss</u> was based, in part, on the fact that the defendant offered judgment to the named plaintiff alone and not to the putative class. <u>Weiss</u>, 385 F.3d at 339-340.  If the entire case was mooted by the offer on the individual claims, then the class would not have been compensated at all.  The "proper offeree" for an offer of judgment in a putative class action is, therefore, the putative class and not merely the individual plaintiff. <u>McDowall v. Cogan</u>, 216 F.R.D. 46, 51 (E.D.N.Y. 2003).

In this case, Recovery Solutions' offer of judgment was an offer to the putative class as well as to Marschall as an individual plaintiff.  Under the FDCPA, class recovery is limited to individual recovery for each named plaintiff plus "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector."  15 U.S.C. § 1692k (2)(B).  Net worth for FDCPA purposes is "book value net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 07-726 JVS (ANx) | Date | December 17, 2007 |
| Title | Carl N. Marschall v. Recovery Solution Specialists Inc., and Doe 1 dba Cedars-Sinai Lab Services | | |

worth." Sanders v. Jackson, 209 F.3d 998, 1004 (7th Cir. 2000). Recovery Solutions' offer to Marschall included $1,000 to satisfy a potential class recovery based on a presumed book value net worth of $100,000. (Opening Br. Ex. A.) Prior to making the offer, Recovery Solutions estimated its net worth to be $40,000. (Opposition Br. p. 6.) After completing an accounting, on October 15, 2007, it ascertained that its net worth was actually $64,825.36. (Opening Br. p. 8, Ex. B.) The $1,000 estimate proved to be well in excess of the amount recoverable by the class under § 1692k (2)(B). Therefore, the putative class is not denied relief if judgment is entered per Recovery Solutions' September 25 offer.

   ii) Reasonable opportunity to move for class certification

  Equally important is the fact that Marschall had a reasonable opportunity to move for class certification. Thus, the circumstances here do not implicate the danger, expressed by Weiss and its progeny, that defendants might be able to "pick off" putative named plaintiffs before those plaintiffs have had a reasonable opportunity to move for class certification. See, Weiss, 385 F.3d at 348, n.18 (finding that plaintiff did not "undu[ly] delay" filing motion for class certification); Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (finding that Rule 68 offer was made "well before plaintiff could be reasonably expected to file its class certification motion"); White v. OSI Collection Services, 2001 U.S. Dist. LEXIS 19879 at 20-21 (E.D.N.Y. 2001) (finding that the offer of judgment came "very early in the litigation" and before the plaintiff could "reasonably bring a motion to certify").

  It may be true that "there is no precise definition of what constitutes 'reasonable opportunity' or 'undue delay.'" Morgan v. Account Collection Technology, LLC, 2006 U.S. Dist. LEXIS 64528 at 23 (S.D.N.Y. 2006). Notwithstanding, under the circumstances here, there is no doubt that Marschall had a reasonable opportunity to move for class certification and he did not take it. Marschall did not file a motion for class certification before October 1 as allowed by the Local Rules. L.R. 23-3. Nor did he move to extend the October 1 deadline, nor has he requested leave to file a motion for class certification in the two months since October 1. Moreover, Marschall has not conducted any discovery on issues related to the class claims, including, e.g., Recovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 07-726 JVS (ANx) | Date | December 17, 2007 |
| Title | Carl N. Marschall v. Recovery Solution Specialists Inc., and Doe 1 dba Cedars-Sinai Lab Services | | |

Solution's net worth.[2] (Sarian Decl. in Support of Motion ¶ 6; Sarian Decl. in Support of Reply ¶ 3.) While he asserts that he will move for class certification after he moves to file a first amended complaint, Marschall provides no explanation of his delay in filing a motion for class certification thus far. (Opposition Br. p. 14.) Moreover, Recovery Solutions waited until five days before the deadline to make its offer of judgment, so that its offer could not be said to have been made "before the plaintiff could be reasonably expected to file its certification motion." Schaake, 203 F.R.D. at 112. Given that the time to file a motion for class certification under the Local Rules has lapsed and in the absence of any showing that the time allowed was insufficient, the Court finds that Marschall had a reasonable opportunity to file his motion. Therefore, the rule that an offer of judgment does not moot a putative class action does not apply here.

III.   Conclusion

Accordingly, the Court dismisses the Complaint as to Recovery Solutions for lack of subject matter jurisdiction. Judgment shall be entered against Recovery Solutions in accord with its September 25, 2007 offer of judgment. The Court retains jurisdiction over the complaint as to the other defendants and for the purpose of determining reasonable attorney's fees and costs.   **The Court sets the Scheduling Conference in this matter for February 25, 2008 at 11:00 a.m.**

In light of this ruling, the Court takes Marschall's Motion for Order Permitting Filing of First Amended Complaint, filed December 6, 2007, off calendar and vacates the hearing scheduled for January 4, 2008 accordingly

|   |   | 0 | : | 03 |
|---|---|---|---|---|
|   | Initials of Preparer | kjt |   |   |

---

[2] Marschall asserts without support that it sent Recovery Solutions a discovery request regarding the documents supporting the balance sheets attached to the moving papers. (Opposition Br. p. 7.) Even assuming this is true, Marschall does not contend that it sought discovery on class issues before the deadline for filing the motion for certification.