UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OTEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CROWDFLOWER, INC., et al.,<br><br>Defendants. | Case No. 12-cv-05524-JST<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION**<br><br>Re: ECF No. 46 |

In this putative collective action for violations of the Fair Labor Standards Act ("FLSA"), Plaintiffs Otey and Greth move for conditional certification. Defendants oppose the motion. For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

**A.  The Parties and Claims**

Defendant CrowdFlower is an internet company that uses technology to distribute small and simple repetitive tasks to individuals in exchange for pay on a per-task basis.[1] Second Am. Compl. ("SAC") ¶¶ 4, 8, 16-20, ECF No. 121. This outsourcing of small tasks to individuals is commonly referred to as "crowdsourcing." CrowdFlower offers much of its work through a website called Amazon Mechanical Turk ("AMT"). ECF No. 46, Ex. 10. Plaintiffs Christopher Otey and Mary Greth performed tasks for CrowdFlower through AMT. Id. ¶¶ 6-7, ECF No. 121.

CrowdFlower gets projects from various customers, breaks the projects into pieces, and assigns the pieces to "contributors." ECF No. 46, Ex. 1. The work that CrowdFlower assigns to contributors involves gathering, reviewing, and labeling of data and does not require any special skill. SAC ¶ 22; ECF No. 46, Ex. 5 at 2. CrowdFlower's only requirement is that contributors

---

[1] Defendants Lukas Biewald and Chris Van Pelt are the CEO and CTO of CrowdFlower, respectively. SAC ¶¶ 9-10.

follow its instructions. ECF No. 46, Ex. 5 at 2. The most common type of task is verifying business listings. ECF No. 46, Ex. 3 at 11.

The gravamen of the complaint is that CrowdFlower pays contributors, which it classifies as independent contractors, less than the minimum wage under FLSA and Oregon law. SAC ¶ 36. Plaintiffs assert the following claims in the operative complaint: (1) failure to pay minimum wage in violation of the FLSA; (2) failure to pay minimum wage in violation of Oregon law; (3) and waiting time penalties under Oregon law.[2]

**B.     Evidence Supporting Conditional Certification**

**1.     Independent Contractor Agreement**

CrowdFlower requires each contributor to enter into a written agreement ("the Agreement") before they can perform any tasks, the terms of which are published on CrowdFlower's website. ECF No. 46, Ex. 12. The Agreement expressly disavows the existence of any employment relationship between CrowdFlower and the contributors. It provides that:

> We [CrowdFlower] aren't legal partners with you [Workers], and nothing in this Agreement will be deemed to establish a joint venture, partnership, agency or employment relationship between us and you.

The Agreement contains a choice of law provision that selects the law of California as governing the terms of the Agreement. Id.

**2.     Training and Management**

CrowdFlower monitors the quality and accuracy of the contributors' work. ECF No. 46, Ex. 1. CrowdFlower manages workers by identifying them through their "contributor ID." ECF No. 129, Ex. 13. CrowdFlower gives contributors "task-specific instructions" and training. ECF No. 46, Ex. 14 at 6, Ex. 15. One method that CrowdFlower uses for quality control is comparing the performance of multiple contributors with respect to the same task. ECF No. 46, Ex. 6 at 8-9. CrowdFlower assigns tasks to contributors based on their prior performance; contributors with weaker performances are assigned lower-paying tasks or are precluded from continuing to work

---

[2] Plaintiffs bring the second and third claims, both of which arise out of Oregon law, as a class action under Rule 23. Id. ¶¶ 76-83.

on certain tasks. ECF No. 46, Ex. 6, 9, 16; ECF No. 129, Ex. 23. CrowdFlower also manages the work flow of contributors and the order of the tasks they perform to promote accuracy and efficiency, and it informs the contributors of any errors they make in real time. ECF No. 46, Ex. 8 at 2-18, Ex. 9; ECF No. 129, Ex. 8, 17.

CrowdFlower has an incentive to ensure that the work performed by contributors is accurate because it charges higher prices to its customers for high-accuracy work. ECF No. 46, Ex. 4.

### 3. Wages

CrowdFlower pays contributors on a per-task basis. ECF No. 46, Ex. 9 at 37. Only about half of the contributors are compensated with cash. ECF No. 46, Ex. 3 at 18-19. Those contributors make about $1 to $2 per hour. ECF No. 46, Ex. 9 at 22. The rest of the contributors are compensated with online game credits, virtual money for video games, and enhanced video game capabilities. ECF No. 46, Ex. 4 at 4; Ex. 9 at 24-25; Ex. 11 at 62-63.

### 4. Work Performed in the United States

More than half of CrowdFlower's work is performed in the United States. ECF No. 46, Ex. 6 at 6, 10; Ex. 9 at 23.

**C.  Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

## II.    LEGAL STANDARD

The FLSA requires an employer to pay its employees a minimum wage. See 29 U.S.C. § 206(a). An aggrieved employee may bring a collective action under the FLSA on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). "Under [the] FLSA, a potential plaintiff does not benefit from (and is not bound by) a judgment unless he or she affirmatively opts in to the lawsuit. This rule is in contrast to a typical Rule 23 class action, where a potential plaintiff must opt out to be excluded from the class." Busk v. Integrity Staffing Solutions, Inc., 713 F.3d 525, 528 (9th Cir. 2013) (internal citations and quotation marks omitted). Certification requires a showing that the putative class members are "similarly situated." Lewis v. Wells Fargo, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) (citation omitted). The question of

whether a putative collective action is suitable for certification is within the discretion of the district court. Harris v. Vector Mktg. Corp., 753 F. Supp. 2d 996, 1002 (N.D. Cal. 2010) (citation omitted).

Neither the FLSA nor the Ninth Circuit has defined "similarly situated" for the purpose of determining whether a collective action is suitable for certification. Most courts in this circuit follow a two-stage process for determining whether putative class members are similarly situated. Lewis, 669 F. Supp. 2d at 1127.

In the first stage, which is referred to as the "notice stage," the court considers whether the plaintiff has submitted sufficient evidence to justify the conditional certification of the class and the sending of notice of the action to potential class members. Id. "The standard for certification at this stage is a lenient one that typically results in certification." Id. (citation omitted).

In the second stage, the court reevaluates the collective action under a stricter standard after discovery is completed and usually on a motion for decertification by the defendant. Id. (citation omitted). At this point, the court considers several factors, including "the disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant with respect to each plaintiff, fairness and procedural considerations, and whether the plaintiffs made any required filings before instituting suit." Id. (citation omitted).

### III. DISCUSSION

**A. Otey Has Shown that Conditional Certification Is Appropriate**

Plaintiffs move to conditionally certify the putative collective action under the notice stage and request permission to send notice to the putative class members of this action. Plaintiffs define the putative collective action as including:

> all persons who, at any time in the last three years performed 'crowdsourced' work in the United States, its territories, and all other places where the FLSA applies in response to any online request by CrowdFlower for 'crowdsourced' work, or any online notification by CrowdFlower that 'crowdsourced' work was available.

Mot. at 2, ECF No. 46.

Conditional certification at the notice stage requires "little more than substantial

4

allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." Lewis, 669 F. Supp. 2d at 1127 (citation and internal quotation marks omitted). Additionally, where the parties allege misclassification, the plaintiff also must "provide some further allegation or evidence indicating that prospective class members share similar job duties." Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 629-30 (E.D. Cal. 2009) (citations omitted). In determining whether a plaintiff has satisfied her burden to establish that conditional certification is proper, "courts need not consider evidence provided by defendants." Id. at 628. "The standard for certification at this stage is a lenient one that typically results in certification." Lewis, 669 F. Supp. 2d at 1127 (citation omitted).

Here, Plaintiffs have met their burden to show that conditional certification is appropriate by presenting substantial allegations and discovery showing that the putative class members had similar job duties and were subject to the same policies. The discovery that Plaintiffs have submitted is comprised of CrowdFlower's written policies, excerpts from CrowdFlower's website, and statements that representatives of CrowdFlower have made in various contexts. See Doyle Decl., ECF No. 52. This evidence shows that: (1) the putative class members performed work for CrowdFlower under the terms of the Agreement, which expressly disavows the existence of an employment relationship between CrowdFlower and the putative class members; (2) the tasks that the putative class members performed for CrowdFlower were simple, repetitive, and require no special skills; (3) CrowdFlower managed the work flow and assignments of the putative class members; (4) CrowdFlower supervised the work performed by the putative class members; and (5) CrowdFlower paid the putative class members less than the minimum wage.

Defendants argue that conditional certification is improper because (1) each of the putative class members performed tasks that varied in difficulty and length; (2) the time that each of the putative class members spent on each task and the methods that each of the putative class members used to perform each task differed; (3) the putative class members received different types and degrees of compensation based on the nature of each task; (4) the damages inquiry will require individualized proof; (5) Defendants have a viable "de minimis" defense to the FLSA

United States District Court / Northern District of California

claims at issue;[3] and (6) Plaintiffs Otey and Greth performed tasks only for ATM and not for any of the other websites through which CrowdFlower requests work.

The Court concludes that Defendants' arguments have little to no bearing at this point in the ligation because they go to the question of whether "disparate factual and employment settings" exist with respect to the putative class members and to "the various defenses available to the defendant with respect to each plaintiff," which are inquiries reserved for the second stage of the certification process. For the same reason, the declarations that Defendants have submitted in support of their arguments do not defeat conditional certification at this notice stage. See Harris v. Vector Mktg. Corp., 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010) ("The fact that a defendant submits competing declarations will not as a general rule preclude conditional certification" because "while [i]t may be true that the [defendant's] evidence will later negate [the plaintiff's] claims, that should not bar conditional certification at the first stage") (citation and internal quotation marks omitted).

Defendants also argue that conditional certification is improper because there has been an "insufficient showing of interest to justify certification," as only one putative class member has opted into the action thus far. Opp'n at 28. Courts in this circuit routinely hold that, at the notice stage, a failure to show that putative class members have expressed a desire to opt into the action does not preclude conditional certification where the plaintiff makes a threshold showing that the putative class members are similarly situated. See, e.g., Harris, 716 F. Supp. 2d at 838 ("The fact that other potential class members have not affirmatively stated a desire to opt in does not preclude conditional certification" where the plaintiff has made a sufficient factual showing that putative class members were similarly situated). Here, as discussed above, Plaintiffs have made a threshold showing that the putative class members are similarly situated. Accordingly, that only one putative class member has opted into the action so far does not bar conditional certification.

Finally, Defendants argue that the Court must examine the conditional certification question under a "more rigorous" standard because the "parties have conducted substantial

---

[3] This defense bars an employee from recovering compensable time under the FLSA for time that is de minimis. See Lindow v. United States, 738 F.2d 1057, 1062 (9th Cir. 1984).

discovery prior to completion of briefing on conditional certification." Opp'n at 16-17. The Court declines to conduct its analysis under a stricter standard at this notice stage. The reason why courts wait until the second stage to apply a stricter standard to the certification inquiry is to ensure that the final determination as to whether certification is warranted is done when sufficient "information is available" to "make[] a factual determination possible." Harris, 716 F. Supp. 2d at 837-38 (citations omitted) ("Courts have emphasized that a fairly lenient standard is used at the first step because a court does not have much evidence at that point in the proceedings--just the pleadings and any declarations submitted. In contrast, at the second step, a stricter standard is applied because there is much more information available, "which makes a factual determination possible."). Here, discovery is far from complete, mainly because numerous disputes have stalled its progress. See, e.g., ECF Nos. 72, 77, 112, 117 (discovery disputes). Therefore, applying a higher standard would be inappropriate at this point given that the evidence available for making factual determinations is limited.

**B.     Notice and Consent Forms**

Plaintiffs request that the Court approve the notice and consent form attached as Exhibit 20 to their motion. See ECF No. 46, Ex. 20. Plaintiffs seek permission to email this notice to all workers who performed crowdsourced tasks for CrowdFlower at any time in the last three years and an order requiring Defendants to post the notice on www.crowdflower.com and on the ten websites through which CrowdFlower obtains the most crowdsourced work. Mot. at 14, ECF No. 46; Supp. Mot. at 2, ECF No. 149. Plaintiffs request a 90-day opt-in period on the ground that the putative class is very large.

In their opposition, Defendants do not object to the form or contents of the proposed notice or consent form. Instead, they state in a footnote that "[i]f notice is allowed, Defendants request that this Court allow it to comment upon the proposed notice form at that time." Opp'n at 29 n.7. The schedule for this motion does not contain, and the Court will not provide, a separate opportunity to "comment" on the proposed notice form – Defendants' opposition was that opportunity. Thus, the Court can only assume that Defendants have no objections.

The Court has concluded that conditional certification is appropriate. Accordingly,

Plaintiffs may issue notice to the proposed class, which the Court defines as:

> All persons who performed crowdsourced work in the United States and its territories in response to any online request by CrowdFlower for crowdsourced work, or any online notification by CrowdFlower that crowdsourced work was available at any time from three years prior to the date on which notice is issued to the date on which notice is issued.

See Kress, 263 F.R.D. 623, 628 (E.D. Cal. 2009) ("If the court finds initial certification appropriate, it may order notice to be delivered to potential plaintiffs.").

The Court finds that the proposed notice and consent form provide putative class members with sufficient information about their rights and obligations, and that the 90-day opt-in period is reasonable given the size of the class.

Additionally, the Court is persuaded that notice by email and online postings, as opposed to notice via U.S. mail, is the most appropriate method for effectuating notice in this case given that the claims at issue involve conduct that takes place exclusively online. See Lewis, 669 F.Supp.2d at 1128-29 (requiring notice via email when "[t]he potential class members, technical support workers, are likely to be particularly comfortable communicating by email and thus this form of communication is just as, if not more, likely to effectuate notice than first class mail"). Accordingly, Defendants shall post the notice approved by the Court on www.crowdflower.com and on the ten websites through which CrowdFlower obtains the most crowdsourced work. Plaintiffs shall bear any expenses associated with issuing notice, including any expenses incurred by Defendants in modifying their websites.

Before issuing and posting the proposed notice, Plaintiffs shall make the following revision to the notice form:

On page 1 of the notice, Plaintiffs shall add the word "conditionally" before the word "certified," as follows:

> The Court conditionally certified the Lawsuit to proceed as a "collective action" on behalf of all Workers who performed crowdsourced work for CrowdFlower in the United States or its territories at any time from [INSERT DATE 3 YEARS PRIOR TO NOTICE] to the present.

**C. Class Members' Contact Information**

To facilitate notice, Plaintiffs request "that the Court order Defendants to produce forthwith to Plaintiffs' counsel a computer-readable data file containing the IP addresses, and any additional names and last-known addresses, email addresses, and telephone numbers of all persons" who fall within the class definition. Supp. Mot. at 2, ECF No. 129.

Defendants oppose Plaintiffs' request on the ground that CrowdFlower does not have the telephone numbers, email addresses, or mailing addresses of the putative class members. CrowdFlower contends that any such information is in the possession of the 226 websites ("channels") with which CrowdFlower does business, and that the Court should order plaintiffs to seek this information from the 226 websites at their own expense. Opp'n at 30.

Plaintiffs respond that Defendants should be required to procure at their own expense the contact information at issue from the 226 websites because (1) Defendants' failure to maintain these records violates the FLSA; (2) Defendants have the contractual right to obtain the contact information from the websites upon request. Reply at 17, ECF No. 143.

As courts routinely require defendants to produce the contact information of putative class members, and because Defendants have the contractual right to obtain the contact information at issue, Defendants shall procure and produce to Plaintiffs within 45 days of the date this order is issued the IP addresses and any known email addresses, mailing addresses, and phone numbers of all individuals who fall within the class definition. See, e.g., Hoffmann-LaRoche v. Sperling, 493 U.S. 165, 170 (1989) (holding that district courts have the authority to compel the production of contact information of employees for purposes of facilitating notice in FLSA collective actions).

## IV. CONCLUSION

Plaintiffs' motion for conditional certification of the putative FLSA collective action is GRANTED. Defendants shall produce the contact information discussed above within 45 days of the date this order is issued. After modifying the proposed notice form to comply with this order, Plaintiffs shall issue the revised notice form to the putative class members via email, at their own expense, no later than 30 days after Plaintiffs receive the putative class members' contact information from Defendants. Defendants shall post the revised notice form on the websites

discussed above, at Plaintiffs' expense, no later than 30 days after Defendants produce the putative class members' contact information to Plaintiffs. Putative class members shall have 90 days from the date on which notice is issued via email to opt in to the action.

**IT IS SO ORDERED**.

Dated: August 27, 2013



JON S. TIGAR
United States District Judge