ARTHUR M. EIDELHOCH, Bar No. 168096
aeidelhoch@littler.com
GALEN M. LICHTENSTEIN, Bar No. 251274
glichtenstein@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

JACQUELINE E. KALK (admitted *pro hac vice*)
jkalk@littler.com
LITTLER MENDELSON, P.C.
80 South 8th Street, Suite 1300
Minneapolis, MN 55402.2136
Telephone: 612-313-7645
Facsimile: 612.677.3139

KELLY D. REESE (admitted *pro hac vice*)
kreese@littler.com
R. BRADLEY ADAMS (admitted *pro hac vice*)
radams@littler.com
LITTLER MENDELSON, P.C.
63 South Royal Street, Suite 901
Mobile, AL 36602.3218
Telephone: 251-432-2477
Facsimile: 251-432-0427

Attorneys for Defendants
CROWDFLOWER, INC., LUKAS BIEWALD
AND CHRIS VAN PELT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER OTEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROWDFLOWER, INC., LUKAS BIEWALD and CHRIS VAN PELT,<br><br>Defendant. | Case No. 3:12-cv-05524-JST<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CORRECT RECORD** |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' ADMIN. MOT. SEEKING LEAVE TO CORRECT RECORD

Case No. 3:12-cv-05524-JST

On August 27, 2013, this Court entered its Order Granting Conditional Certification of Collective Action ("Conditional Certification Order"). (ECF No. 167.) The Conditional Certification Order includes the following characterizations of fact, which are inaccurate and not supported by (and/or are contradicted by) the record evidence:

- CrowdFlower requires each contributor to enter into a written agreement ("the Agreement") before they can perform any tasks. . . . " (citing ECF No. 46, Ex. 12);

- CrowdFlower assigns tasks to contributors based on their prior performance; contributors with weaker performances are assigned lower-paying tasks. . . . (citing ECF No. 46, Ex. 6, 9, 16; ECF No. 129, Ex. 23).

(ECF No. 167 pp. 2-3) (The Court also included general references to such characterizations of fact at p. 5 of the Conditional Certification Order.) Pursuant to Local Rule 7-11, Defendants hereby move this Court to enter an Order striking those portions of the Conditional Certification Order or issue an amended conditional certification order rectifying the factual inaccuracies identified herein.

CrowdFlower has not and does not "require each contributor to enter into a written agreement [] before they can perform any tasks." The "Self-Service Terms of Service" document [ECF No. 46-12], relied upon by Plaintiffs and the Court is a service agreement for DIY Customers, <u>not</u> individual contributors. This fact is evidenced by the language of the agreement itself, which states, in pertinent part:

> You grant us all rights to your Content necessary **so that we can perform the Services (and allow others to perform Services on your behalf).** You are solely responsible for your Content, and you promise that you have the right to use it and to provide it to us and our contractors to perform the Services.
>
> **You will pay us** in accordance with the pricing and payment terms for the Services you selected during the enrollment process. . . . We will charge the relevant Subscription fees to the credit card (or other payment method), you provided.

(*See* ECF No. 46-12.) Further, Plaintiff Christopher Otey unequivocally testified that he never signed a contract with CrowdFlower:

> Q.    Did you ever sign a contract with CrowdFlower?
>
> A.    No, I never signed a contract.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFS' ADMIN. MOT. SEEKING LEAVE TO CORRECT RECORD

2.

Case No. 3:12-cv-05524-JST

(Deposition of Plaintiff Christopher Otey[1] ("Otey Dep.") p. 114.)

CrowdFlower also does not "assign tasks" to contributors. Plaintiff Christopher Otey's testimony confirms this fact:

> Q. Am I correct that when you go onto the Amazon Mechanical Turk, what you see is a number, and pages and pages and pages of different types of tasks offered by different task requesters?
>
> A. Yes.
>
> Q. And you can choose to open or not open any particular task based on what you want to do?
>
> A. Yes.
>
> Q. So is it fair to say that you're the only person who decides what task you will or will not open?
>
> A. Yes.

(Otey Dep. p. 56); *see also*, Declaration of Chris Van Pelt[2] ("Van Pelt Decl.") ¶ 7 ("Contributors pick and choose the tasks they wish to complete and are under absolutely no obligation even to finish a task once started."); Declaration of Roz Henry[3] ¶ 4 ("I simply choose to perform tasks when I want to and only if I want to. . . .") ¶ 6 ("I decide which tasks to perform and whether I want to complete any given task once I have opened it; I can choose not to perform any tasks. I can choose which tasks to perform and for which platforms. . . ."); Declaration of Kathryn Head[4] ¶ 5 ("I decide which tasks (if any) to perform, how I perform a given tasks, and whether I complete any task that I have chosen. I can choose not to perform any tasks. . . .")[5]

---

[1] Copies of the excerpts from Plaintiff Christopher Otey's despotion cited herein are attached as composite Exhibit A.
[2] A copy of the Declaration of Chris Van Pelt is attached as Exhibit B.
[3] A copy of the Declaration of Roz Henry is attached as Exhibit C.
[4] A copy of the Declaration of Kathryn Head is attached as Exhibit D.
[5] CrowdFlower also does not assign lower paying tasks to contributors with weaker performances. As explained above, CrowdFlower does not assign any tasks to contributors. Further, with the sole and limited exception of Amazon Mechanical Turk, CrowdFlower does not even have any control over the compensation rates paid to the contributors by the channel providers. (*See* Van Pelt Decl. ¶¶ 6; 10.)

For the foregoing reasons, the characterizations of fact identified herein, which are included in the Court's Conditional Certification Order, are inaccurate. Defendants therefore respectfully request that this Court strike those statements from the record or issue an amended conditional certification order rectifying the factual inaccuracies identified herein.

Dated: September 3, 2013

Respectfully submitted,

LITTLER MENDELSON, P.C.

By:   /s/ R. Bradley Adams
ARTHUR M. EIDELHOCH
GALEN M. LICHTENSTEIN
JACQUELINE E. KALK (*pro hac vice*)
KELLY D. REESE (*pro hac vice*)
R. BRADLEY ADAMS (*pro hac vice*)
Attorneys for Defendants
CROWDFLOWER, INC., LUKAS BIEWALD AND CHRIS VAN PELT

Firmwide:122845712.1 052610.1023

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFS' ADMIN. MOT. SEEKING LEAVE TO CORRECT RECORD — 4. — Case No. 3:12-cv-05524-JST