| | |
|---|---|
| 1 | ARTHUR M. EIDELHOCH, Bar No. 168096 |
| | aeidelhoch@littler.com |
| 2 | GALEN M. LICHTENSTEIN, Bar No. 251274 |
| | glichtenstein@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 650 California Street, 20th Floor |
| 4 | San Francisco, California 94108.2693 |
| | Telephone: 415.433.1940 |
| 5 | Facsimile: 415.399.8490 |
| 6 | JACQUELINE E. KALK (admitted *pro hac vice*) |
| | jkalk@littler.com |
| 7 | LITTLER MENDELSON, P.C. |
| | 80 South 8th Street, Suite 1300 |
| 8 | Minneapolis, MN 55402.2136 |
| | Telephone: 612-313-7645 |
| 9 | Facsimile: 612.677.3139 |
| 10 | KELLY D. REESE (admitted *pro hac vice*) |
| | kreese@littler.com |
| 11 | R. BRADLEY ADAMS (admitted *pro hac vice*) |
| | radams@littler.com |
| 12 | LITTLER MENDELSON, P.C. |
| | 63 South Royal Street, Suite 901 |
| 13 | Mobile, AL 36602.3218 |
| | Telephone: 251-432-2477 |
| 14 | Facsimile: 251-432-0427 |
| 15 | Attorneys for Defendants |
| | CROWDFLOWER, INC., LUKAS BIEWALD |
| 16 | AND CHRIS VAN PELT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER OTEY, on behalf of himself and all others similarly situated, <br><br>Plaintiff, <br><br>v. <br><br>CROWDFLOWER, INC., LUKAS BIEWALD and CHRIS VAN PELT, <br><br>Defendant. | Case No. 3:12-cv-05524-JST <br><br>**MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER REGARDING TWO DISCRETE FACTUAL STATEMENTS MADE IN ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION** <br><br>N.D. Cal. Civ. L.R. 7-9 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MOT FOR LEAVE TO FILE MOT TO RECONSIDER ORDER GRANTING COND. CERTIFICATION

Case No. 3:12-cv-05524-JST

## I. INTRODUCTION

Pursuant to N.D. Cal. Civ. L.R. 7-9, Defendants respectfully move this Court for leave to file a motion for reconsideration in connection with the Court's Order Granting Conditional Certification of Collective Action [ECF No. 167] ("Conditional Certification Order"). At the outset, Defendants submit that they are not seeking reconsideration of the Court's conditional certification of a collective action. Instead, for the reasons explained below, Defendants seek leave under Rule 7-9 to file a motion requesting that the Court reconsider two discrete factual matters of substantial significance.

## II. POINTS AND AUTHORITIES

On August 27, 2013, this Court entered its Conditional Certification Order. (ECF No. 167.) The Conditional Certification Order includes the following characterizations of fact:

- CrowdFlower requires each contributor to enter into a written agreement ("the Agreement") before they can perform any tasks. . . . " (citing ECF No. 46, Ex. 12);

- CrowdFlower **assigns** tasks to contributors based on their prior performance; contributors with weaker performances are **assigned** lower-paying tasks. . . . (citing ECF No. 46, Ex. 6, 9, 16; ECF No. 129, Ex. 23) (emphasis supplied).

(ECF No. 167 pp. 2-3) (The Court also included general references to such characterizations of fact at p. 5 of the Conditional Certification Order.) Defendants seek leave to file a motion to reconsider these factual characterizations under Local Rule 7-9(b)(3), pursuant to which they must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See* N.D. Cal. Civ. L.R. 7-9(b)(3). For the reasons explained below, Defendants respectfully submit that these factual characterizations are inaccurate and are contradicted by the record evidence that was before the Court when it entered the Conditional Certification Order.

Initially, the first of these statements was invited by Plaintiffs, who asserted "CrowdFlower requires all of the Workers to enter into a written agreement to perform the work, the terms of which are published on CrowdFlower's website as '"Self-Service Terms of Service."'[1] (*See* ECF No. 46 p.

---

[1] While Defendants did not address this assertion in their briefing, this is not a situation where Defendants neglected to raise a *legal* argument available to it at the time they filed. Instead, as explained herein, this situation involves an objectively incorrect (and significant) fact that has no

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MOT FOR LEAVE TO FILE MOT TO RECONSIDER ORDER GRANTING COND. CERTIFICATION
2.
Case No. 3:12-cv-05524-JST

3.) The only record citation provided by Plaintiffs for this statement is the Self Service Terms of Service document itself [ECF No. 46, Ex. 12]. Yet, this document is a service agreement for DIY Customers, <u>not</u> individual contributors such as Christopher Otey and Mary Greth (or other members of the putative class). This fact is evidenced by the language of the agreement itself, which states, in pertinent part:

> You grant us all rights to your Content necessary **so that we can perform the Services (and allow others to perform Services on your behalf).** You are solely responsible for your Content, and you promise that you have the right to use it and to provide it to us and our contractors to perform the Services.
>
> **You will pay us** in accordance with the pricing and payment terms for the Services you selected during the enrollment process. . . . We will charge the relevant Subscription fees to the credit card (or other payment method), you provided.

(*See* ECF No. 46-12.)

Plaintiffs' evidently base their position with respect to the applicability of the agreement to contributors entirely on Defendants' purported admission in a now inoperative answer, which pertained to the applicability to Plaintiff of a forum selection clause contained in the Self-Service Terms of Service document. (*See* Doc. No. 46 p. 4 n. 1.) Conspicuously absent from Plaintiffs' allegation [ECF 27 ¶ 15], however, is any reference to workers more broadly being required to enter into written agreements. In fact, the paragraph does not even allege that the named Plaintiffs were required to enter into an agreement.

In any event, this purported admission was made in an inoperative pleading. In answering Plaintiffs' *Second* Amended Complaint, Defendants admitted only that venue was proper and denied the remaining allegations of Paragraph 15. (*See* ECF No. 149 ¶ 15.) Plaintiffs' reliance on the answer to Plaintiffs' first amended complaint [ECF No. 89] then is misplaced as that pleading was superseded by Defendants' subsequent answer [ECF No. 149]. *See e.g.*, *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F. 2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original."); *Armstrong v. Davis*, 275 F. 3d 849, 878 (9th Cir. 2001) (Observing that

---

evidentiary support and one which despite the lack of supporting evidence, Plaintiffs continue to advance as a "fact." Defendants seek to correct the record in this regard to avoid this and potentially other rulings being premised, in any degree, on a "fact" that is entirely inaccurate.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MOT FOR LEAVE TO FILE MOT TO
RECONSIDER ORDER GRANTING COND.
CERTIFICATION

3.

Case No. 3:12-cv-05524-JST

the rule that amended pleadings supersedes prior pleadings "applies as much to amended answers as to amended complaints."). Thus, even assuming *arguendo* that Defendants' averment in Paragraph 15 of its earlier answer fairly could have been treated as a much broader admission of a requirement by CrowdFlower that all contributors enter into written agreements, that pleading [ECF No. 89] is no longer operative and the allegation was denied in the currently operative answer [ECF No. 149], and there otherwise is no supporting evidence that CrowdFlower required that contributors enter into written agreements. To the contrary, Plaintiff Christopher Otey unequivocally testified that he never signed a contract with CrowdFlower:

> Q. Did you ever sign a contract with CrowdFlower?
>
> A. No, I never signed a contract.

(Deposition of Plaintiff Christopher Otey[2] ("Otey Dep.") p. 114.) In short, there is no record evidence supporting that CrowdFlower required Plaintiffs to enter into written agreements and there is significant evidence (in the form of Plaintiff's deposition testimony) demonstrating that CrowdFlower did not require Contributors to enter into written agreements.

Likewise, there also is no record evidence that CrowdFlower **assigns** work to contributors, (i.e., requires contributors to perform or complete tasks), and there is significant evidence demonstrating that it does not. The Court's Order, in addressing the issue of assigning tasks, appears to suggest that CrowdFlower requires or mandates the completion of certain tasks by contributors as opposed to merely making certain tasks available through channel providers. Thus, Defendants seek to have the Court correct or clarify this factual characterization given that the intended meaning of the term, "assign," as used by the Court has significance to the legal issues in this case. To the extent that the Court used the term "assigns" to mean that workers were required (by CrowdFlower) to perform or complete tasks, such a characterization is not supported by the record evidence. To the contrary, Plaintiff Christopher Otey testified as follows:

---

[2] Copies of the excerpts from Plaintiff Christopher Otey's deposition cited herein are attached as composite Exhibit A.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MOT FOR LEAVE TO FILE MOT TO RECONSIDER ORDER GRANTING COND. CERTIFICATION     4.     Case No. 3:12-cv-05524-JST

> Q. Am I correct that when you go onto the Amazon Mechanical Turk, what you see is a number, and pages and pages and pages of different types of tasks offered by different task requesters?
>
> A. Yes.
>
> Q. And you can choose to open or not open any particular task based on what you want to do?
>
> A. Yes.
>
> Q. So is it fair to say that you're the only person who decides what task you will or will not open?
>
> A. Yes.

(Otey Dep. p. 56); *see also*, Declaration of Roz Henry[3] ¶ 4 ("I simply choose to perform tasks when I want to and only if I want to. . . .") ¶ 6 ("I decide which tasks to perform and whether I want to complete any given task once I have opened it; I can choose not to perform any tasks. I can choose which tasks to perform and for which platforms. . . ."); Declaration of Kathryn Head[4] ¶ 5 ("I decide which tasks (if any) to perform, how I perform a given tasks, and whether I complete any task that I have chosen. I can choose not to perform any tasks. . . ."). This evidence was relied upon by Defendants in their Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Collective Action Certification and Dissemination of Notice Pursuant to 29 U.S.C. 216§ (B). (*See*, *e.g.*, ECF 131 pp. 5-6.)

For the foregoing reasons, Defendants respectfully request that the Court grant them leave to file a motion to reconsider the characterizations of fact identified herein, which are included in the Court's Conditional Certification Order.[5]

---

[3] A copy of the Declaration of Roz Henry is attached as Exhibit B.
[4] A copy of the Declaration of Kathryn Head is attached as Exhibit C.
[5] While Defendants do not understand there to be a "meet and confer" requirement under N.D. Cal. Civ. L.R. 7-9, Defendants did, via written correspondence exchanged with opposing counsel, confer regarding the subject matter of this motion but were unable to reach a resolution.

DEFS' MOT FOR LEAVE TO FILE MOT TO RECONSIDER ORDER GRANTING COND. CERTIFICATION   5.   Case No. 3:12-cv-05524-JST

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

Dated: September 17, 2013

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: */s/ R. Bradley Adams*
    ARTHUR M. EIDELHOCH
    GALEN M. LICHTENSTEIN
    JACQUELINE E. KALK (*pro hac vice*)
    KELLY D. REESE (*pro hac vice*)
    R. BRADLEY ADAMS (*pro hac vice*)
    Attorneys for Defendants
    CROWDFLOWER, INC., LUKAS
    BIEWALD AND CHRIS VAN PELT

Firmwide:123086244.1 052610.1023

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MOT FOR LEAVE TO FILE MOT TO RECONSIDER ORDER GRANTING COND. CERTIFICATION

6.

Case No. 3:12-cv-05524-JST