UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OTEY, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>CROWDFLOWER, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-05524-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 174 |

      Defendants move for leave to file a motion for reconsideration of "two discrete factual matters of substantial significance" to the Court's order granting conditional certification of an FLSA collective action. ECF No. 174. The motion purports to fall within the ambit of Civil Local Rule 7-9(a), which provides that, prior to entry of judgment, "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)." Rule 7-9(b), in turn, lists the following potential grounds of relief: (1) a material difference in fact or law exists from the one presented to the court before the entry of the interlocutory order at issue; (2) the emergence of new material facts or a change in the law after the entry of the interlocutory order at issue; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to the Court prior to the entry of the interlocutory order at issue. See Civil L.R. 7-9(b).

      Here, Defendants do not seek reconsideration of "an interlocutory order" as required by Rule 7-9(a). Instead, they seek reconsideration only of two sentences, or of the factual conclusions set forth in those sentences. That relief is not available. Even if it were, Defendants have not established that the facts or sentences they seek to have the Court reconsider are

1 "material" or "dispositive" within the meaning of Rule 7-9(b), because they do not suggest that
2 changing two sentences in the Court's prior order would change the outcome of the order. In fact,
3 Defendants concede the absence of materiality by stating "that they are not seeking
4 reconsideration of the Court's conditional certification of a collective action." ECF No. 174 at 1.

5 At the conditional certification stage, the court determines only whether the plaintiff has
6 submitted sufficient evidence to justify the sending of notice of the action to potential class
7 members. Plaintiffs here met that burden. The Court will reevaluate the collective action under a
8 stricter standard after discovery is completed at the second stage of the certification process. At
9 that stage, both parties will have an opportunity to present a complete factual record on the
10 certification question and the issues subsidiary to that question.

11 In light of the foregoing, Defendants' motion for leave to file a motion for reconsideration
12 is DENIED.

13 **IT IS SO ORDERED.**

14 Dated: September 17, 2013

_____
JON S. TIGAR
United States District Judge