UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OTEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CROWDFLOWER, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-05524-JST<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR TO STRIKE**<br><br>Re. ECF Nos. 150, 155, 161, 166 |

Two motions are pending in this putative collective action for violations of the Fair Labor Standards Act ("FLSA"). First, Defendants CrowdFlower, Inc., Biewald, and Van Pelt move under Federal Rule of Civil Procedure 12(b)(1) to dismiss the Second Amended Complaint ("SAC") for mootness and lack of jurisdiction. Second, Plaintiffs move for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or to strike under Rule 12(f) with respect to certain affirmative defenses. For the reasons set forth below, Defendants' motion to dismiss the SAC is DENIED, and Plaintiffs' motion for partial judgment on the pleadings or to strike is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

    **A. The Parties and Claims**

Defendant CrowdFlower is an internet company that uses technology to distribute small and simple repetitive tasks to individuals in exchange for pay on a per-task basis.[1] SAC ¶¶ 4, 8, 16-20, ECF No. 121. This outsourcing of small tasks to individuals is commonly referred to as "crowdsourcing." CrowdFlower offers much of its work through a website called Amazon

---

[1] Defendants Lukas Biewald and Chris Van Pelt are the CEO and CTO of CrowdFlower, respectively. SAC ¶¶ 9-10.

Mechanical Turk ("AMT"). ECF No. 46, Ex. 10. Plaintiffs Christopher Otey and Mary Greth performed tasks as contributors for CrowdFlower through AMT. Id. ¶¶ 6-7, ECF No. 121.

The gravamen of the complaint is that CrowdFlower pays contributors, which it classifies as independent contractors, less than the minimum wage under FLSA and Oregon law. SAC ¶ 36. Plaintiffs assert the following claims in the operative complaint: (1) failure to pay minimum wage in violation of the FLSA; (2) failure to pay minimum wage in violation of Oregon law; (3) and waiting time penalties under Oregon law.[2]

### B. Procedural History

Otey filed this action on October 26, 2012, for claims arising out of the FLSA. Compl. ¶ 1, ECF No. 1. Otey filed an Amended Complaint on December 20, 2012, in which he added class action claims against Defendants under Oregon law "to recover unpaid minimum wages and penalty wages due to Plaintiff and all other similarly situated workers employed by CrowdFlower in Oregon." First. Am. Comp. ¶ 1, ECF No. 27. Plaintiffs filed the SAC, which is the operative complaint, on June 17, 2013. ECF No. 121. Plaintiffs moved for conditional certification of an FLSA collective action in January 2013, and the Court granted the motion on August 27, 2013. ECF No. 46; ECF No. 167.

Mary Greth filed a Notice of Consent to Join the FLSA Collective Action on April 26, 2013. ECF No. 91. Greth became a named plaintiff on June 17, 2013, when Plaintiffs filed the operative complaint. See ECF No. 121. On August 1, 2013, Nancy Miller joined the suit by filing her Consent to Joint FLSA Collective Action. ECF No. 156.

Defendants have made several offers of judgment under Rule 68 to Otey and Greth. Defendants made the last of these offers on July 16, 2013. ECF No. 150, Ex. D. They offered $2,148.00 to Otey and $15,000.00 to Greth to satisfy the individual claims of each of these plaintiffs. Id. Plaintiffs declined these offers in writing. ECF No. 163.

### C. Jurisdiction

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

---

[2] Plaintiffs bring the second and third claims, both of which arise out of Oregon law, as a class action under Rule 23. Id. ¶¶ 76-83.

## II. MOTION TO DISMISS

### A. Legal Standard

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Employees Int'l Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) (citation and internal quotation marks omitted). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Id. (citation and internal quotation marks omitted). The party asserting mootness carries a heavy burden of establishing that no effective relief remains for the court to provide." Chang v. United States, 327 F.3d 911, 918-19 (9th Cir. 2003) (citation omitted).

"Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) (internal citations and quotation marks omitted).

### B. Analysis

Defendants move to dismiss this action for lack of jurisdiction. They argue that the offers of judgment they made to Plaintiffs Otey and Greth on July 16, 2013, which purportedly "more than satisfy" the damages these Plaintiffs seek in connection their individual FLSA claims, mooted Otey and Greth's individual FLSA claims. ECF No. 150 at 8. Defendants further argue that because Otey and Greth's individual FLSA claims are moot, neither Otey nor Greth have standing to bring claims on behalf of an FLSA putative collective action, and thus, the collective action claims in the SAC also are moot.[3] If the Court finds that the FLSA claims are moot, the only remaining claims in the action would be the class action claims that Plaintiffs bring for violations of Oregon's labor laws. Defendants urge the Court to conclude that it lacks jurisdiction over these claims under the Class Action Fairness Act ("CAFA") because the $5 million amount-

---

[3] Defendants argue that Nancy Miller's joinder into the suit on August 1, 2013, would not save the FLSA collective action claims from mootness in the event that the Court finds Otey and Greth's individual claims to be moot. This is because Otey and Greth's individual claims became moot before Miller joined the suit, namely on July 30, 2013, which is the day on which the offers of judgment at issue expired by their own terms. ECF No. 150, Ex. D.

3

in-controversy jurisdictional threshold is not met. Defendants also ask that the Court decline to exercise supplemental jurisdiction over these claims in the event that it dismisses Plaintiffs' FLSA claims.

Plaintiffs oppose the motion. They argue that their rejection of the offers of judgment did not moot their individual claims because the offers did not fully satisfy their claims, as the offers failed provide any relief in connection with their request for wage penalties under Oregon law. ECF No. 163.

The Court concludes that Defendants' motion to dismiss must be denied. The Ninth Circuit recently held "that an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot." Diaz v. First Am. Home Buyers Prot. Corp., Case No. 11-57239, —F.3d—, 2013 WL 5495702, at *5 (9th Cir. Oct. 4, 2013). This is because, when a Rule 68 offer lapses, the plaintiff possesses "an unsatisfied claim" that "the court could redress by awarding her damages." Id. at * 6 (citation omitted). As long as the plaintiff has an unsatisfied claim, the plaintiff's claim remains live. Id. (citation omitted). The Ninth Circuit reasoned that "[t]his holding is consistent with the language, structure and purposes of Rule 68 and with fundamental principles governing mootness," which "provide that [a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Id. at *5 (citations and internal quotation marks omitted).

Here, Otey and Greth rejected Defendants' Rule 68 offers. Even assuming that these offers would have completely satisfied Otey and Greth's individual claims, which Plaintiffs dispute, Otey and Greth's refusal to accept these offers preserved the court's ability to grant relief in connection with these claims. Consequently, under Diaz, neither Otey nor Greth's individual claims were rendered moot by the offers. In light of this conclusion, the Court need not reach the other arguments raised in Defendants' motion to dismiss, because each of them depends on a finding that Otey and Greth's individual claims are moot.[4] Accordingly, Defendants' motion to dismiss is DENIED.

/ / /

---

[4] Diaz was published after the briefing on this motion was completed.

4

### III. MOTION FOR JUDGMENT ON THE PLEADINGS OR TO STRIKE

#### A. Legal Standard

##### 1. Rule 12(c)

Motions for judgment on the pleadings under Rule 12(c) are evaluated under the same legal standard as motions to dismiss pursuant to Rule 12(b)(6). Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007). A party may move for judgment on the pleadings "after the pleadings are closed . . . but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Fajardo v. Cnty. of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). "Judgment may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997) (citations and internal quotation marks omitted). A plaintiff is not entitled to judgment on the pleadings where the answer raises issues of fact or where an affirmative defense, if proved, would defeat plaintiff's recovery. General Conference Corp of Seventh-Day Adventists, 887 F.2d 228, 230 (9th Cir. 1989).

##### 2. Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), the court may strike from the pleadings any "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficiently pleaded if it fails to give plaintiff fair notice of the nature of the defense. Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979). "[O]nce an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citations and internal quotation marks omitted). If a claim is stricken, the court should freely grant leave to amend when doing so would not cause prejudice to the opposing party. Wyshak, 607 F.2d at 826.

**B. Discussion**

Plaintiffs move for judgment on the pleadings or to strike certain affirmative defenses. ECF No. 155. Plaintiffs argue that defenses 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 in the operative answer are factually insufficient under the pleading standards of Iqbal or are not legally cognizable.

Defendants argue that the Court should deny Plaintiffs' motion because the Iqbal plausibility standard does not apply to affirmative defenses.[5] ECF No. 160, at 1. Alternatively, Defendants argue that even if Iqbal applies to affirmative defenses, they have "sufficiently pled [sic] those defenses so as to provide sufficient notice to Plaintiffs" of the basis for each affirmative defense. Id. at 2. With respect to affirmative defenses 7 and 13-19, Defendants argue that Plaintiffs prematurely seek a summary judgment ruling and not judgment on the pleadings. Id. at 11-12. Finally, Defendants argue that to the extent that any of the affirmative defenses at issue is actually a denial that was improperly labeled as an affirmative defense, the defense should be left intact because Plaintiffs have suffered no prejudice by the mislabeling. Id. at 13.

As a threshold matter, the Court must determine whether Iqbal applies to the pleading of affirmative defenses. The Ninth Circuit has not addressed this question. This Court agrees with the many judges in this district, however, who routinely apply Iqbal's heightened pleading standard to affirmative defenses. See, e.g., Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) (Chen, J.) ("Most courts have held that the Iqbal/Twombly pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."). Thus, the Court will evaluate the factual sufficiency of the affirmative defenses at issue based on Iqbal's heightened pleading requirements.

The Court now evaluates each of the affirmative defenses at issue in turn.

---

[5] Defendants move to seal a document they filed in support of their opposition to Plaintiffs' motion for judgment on the pleadings or to strike, which contains a sample of estimated hourly wages by task for a specific period of time. ECF No. 161. Because the Court did not consider the documents at issue when determining Plaintiffs' motion, the motion to seal is DENIED AS MOOT.

### 1. Affirmative Defense No. 2:

> Defendants did not employ Plaintiffs or any potential members of the putative class or any subclass that Plaintiffs purport to represent. Indeed, among myriad other reasons demonstrating Plaintiffs and the putative class were not employees, Defendants had no control over whether Plaintiffs or any member of the putative class ever performed a task, when, where, why or how a task was performed. Defendants also had no control over whether once a task was identified by Plaintiffs or any particular putative class member, that person chose to finish such task.

Answer at 14, ECF No. 149.

Plaintiffs argue that this defense "is essentially a denial of Plaintiff's claims rather than" an affirmative defense. ECF No. 155 at 8.

Defendants argue that even if this affirmative defense actually is an improperly labeled denial, the defense should be left intact because Plaintiffs have suffered no prejudice by the mislabeling. ECF No. 160 at 13.

The Court concludes that this defense is a denial and not an affirmative defense. Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). As such, this purported defense must be stricken. See E.E.O.C. v. Interstate Hotels, L.L.C., Case No. 04-04092WHA, 2005 WL 885604, at *4 (N.D. Cal. Apr. 14, 2005) (Alsup, J.) (striking purported affirmative defense on the ground that "the role of an affirmative defense is to set forth new matter beyond the minimum plaintiff must prove").

Plaintiffs' motion to strike this defense is GRANTED WITHOUT LEAVE TO AMEND.

### 2. Affirmative Defense No. 3:

> Because Defendants do not at this stage in the litigation understand the full temporal scope of Plaintiffs' claims and the claims of the putative class, Defendants assert this affirmative defense to avoid any potential waiver. That being said, to the extent Plaintiffs or any member of the putative class claims to have performed work outside of the applicable statutes of limitation set forth in 29 U.S.C. § 255 and ORS § 12.080, such claims are barred in whole or in part.

Answer at 14, ECF No. 149.

Plaintiffs argue that this defense is "speculative and theoretical" because Defendants have

7

not pleaded any facts "from which Plaintiff or this Court can determine the plausibility of <u>any</u> statute of limitation defense[.]" ECF No. 155 at 9.

Defendants argue that requiring such facts at this state of the litigation is "ludicrous" because Defendants do not have discovery yet as to the putative class. ECF No. 160 at 9.

The Court concludes that this affirmative defense does not meet <u>Iqbal's</u> plausibility standard, because it does not identify which claims would be barred by the statutes of limitations mentioned in the defense. Accordingly, Plaintiffs' motion to strike this defense is GRANTED WITH LEAVE TO AMEND.

### 3. **Affirmative Defense No. 4**:

> Plaintiffs' purported claims may be barred in whole or in part by the doctrine of judicial estoppel. This defense may also apply to the purported claims of some or all of the potential members of the putative class or any subclass that Plaintiffs purport to represent. This affirmative defense would apply, by way of illustration and not limitation, if Plaintiffs and/or any member of the putative class filed for bankruptcy and did not list this action as an asset or took any other inconsistent position in any judicial action. Because Defendants do not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims and the claims of each member of the putative class, Defendants assert this affirmative defense in order to provide notice and avoid waiver.

Answer at 14, ECF No. 149.

Plaintiffs argue that this defense, in addition to being speculative, is barred as a matter of law because judicial estoppel is not a recognized defense to FLSA claims. ECF No. 155 at 10.

Defendants respond that they should be given the opportunity to determine whether there exists "a specific factual basis in discovery for such a defense as to [Plaintiffs] or unknown putative class members." ECF No. 160 at 9.

The authorities that Plaintiffs cite in support of the proposition that judicial estoppel does not apply to FLSA claims are inapposite, because they address the propriety of other defenses that are distinct from judicial estoppel. See <u>Bailon v. Seok AM No. 1 Corp.</u>, Case No. 09-05483JRC, 2009 WL 4884340 (W.D. Wash. Dec. 9, 2009) (discussing equitable estoppel); <u>Perez-Nunez v. N. Broward Hosp. Dist.</u>, Case No. 08-61583-CIV, 2009 WL 723873 (S.D. Fla. Mar. 13, 2009) (discussing equitable estoppel); <u>Lemieux v. City of Holyoake</u>, 740 F. Supp. 2d 246, 257 (D. Mass.

8

2010) (discussing laches); <u>Robertson v. Alaska Juneau Gold Min. Co.</u>, 157 F.2d 876, 879 (9th Cir. 1946) (discussing waiver).

The Ninth Circuit has not addressed the question of whether judicial estoppel can be an affirmative defense to an FLSA claim. Several courts throughout the country, however, have concluded that an FLSA claim can be barred by judicial estoppel. See, e.g., <u>Gaskins v. Thousand Trails</u>, 521 F. Supp. 2d 693, 698 (S.D. Ohio 2007) (holding that FLSA claims were barred by judicial estoppel); <u>In re Tyson Foods, Inc.</u>, 732 F. Supp. 2d 1363, 1373 (M.D. Ga. 2010) (same). In light of these holdings, the Court concludes that judicial estoppel is a viable affirmative defense in the context of FLSA claims. The defense at issue, however, is insufficiently pleaded under <u>Iqbal's</u> heightened pleading standards. Accordingly, Plaintiffs' motion to strike is GRANTED WITH LEAVE TO AMEND.

### 4. **Affirmative Defense No. 5**:

> The potential members of the putative class or any subclass Plaintiffs purport to represent cannot proceed collectively under 29 U.S.C. § 216(b) or Federal Rule of Civil Procedure 23, because they are not similarly situated in that each Contributor makes his or her own choice about whether to perform a task, what task to choose, what skill level or interest level exists, when, where or why a task is performed, which Contributor Channel to use, and regarding profit and loss for that individual, among myriad other reasons. Additionally, Contributors are not similarly situated with regard to the myriad types of pay structures available and other applicable defenses.

Answer at 15, ECF No. 149.

Plaintiffs argue that this defense "is merely another denial of Plaintiff's allegations, not an affirmative defense." ECF No. 155 at 11.

Defendants offer no argument in their opposition with respect to this defense.

Because this defense is a denial rather than an affirmative defense, Plaintiffs' motion to strike is GRANTED WITHOUT LEAVE TO AMEND. See <u>Quintana v. Baca</u>, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (holding that "a defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law").

**5. Affirmative Defense No. 6**:

> Assuming *arguendo* that Plaintiffs are deemed to be employees under the FLSA or Plaintiff Otey is deemed an employee under Oregon minimum wage laws, their claims lack merit because, upon information and belief, Plaintiffs were paid for all of the time they actually worked, at a rate equal to or greater than the required hourly minimum wage.

Answer at 15, ECF No. 149.

Plaintiffs argue that this defense "is merely another denial of Plaintiff's prima facie allegations" and that Defendants have failed to plead sufficient facts to make the defense plausible. ECF No. 155 at 12.

Defendants respond that the defense is factually sufficient under Iqbal. ECF No. 149 at 10.

The Court concludes that this purported affirmative defense actually is a denial. Accordingly, Plaintiffs' motion to strike it is GRANTED WITHOUT LEAVE TO AMEND.

**6. Affirmative Defense No. 7**:

> Plaintiffs' purported claims and those of the putative class, to the extent based on a contract theory, are barred in whole or in part by Plaintiffs' contract(s) with Amazon Mechanical Turk and any other relevant third parties.

Answer at 15, ECF No. 149.

Plaintiffs argue that this defense should be stricken because none of their claims are based on a contract; instead, they are premised on statutory minimum-wage violations. ECF No. 155 at 13. Plaintiffs also contend that, in any event, employees cannot waive their FLSA claims via a contract in the manner described in the defense at issue. Id.

Defendants offer no argument in their opposition with respect to this defense.

Because FLSA claims cannot be barred by a contract, Plaintiffs' motion to strike this defense is GRANTED WITHOUT LEAVE TO AMEND. See Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (noting that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate") (citations omitted).

7. **Affirmative Defense No. 8**:

> Plaintiffs' claims and those of the putative class against defendants Biewald and Van Pelt, to the extent Plaintiffs are deemed employees of CrowdFlower under the FLSA or Plaintiff Otey is deemed an employee of CrowdFlower under the Oregon minimum wage laws, cannot be maintained as defendants Biewald and Van Pelt are not subject to individual liability. Neither Biewald or Van Pelt exercised sufficient control over the terms and conditions of the alleged employment and made no decisions with respect to Plaintiffs' alleged employment, let alone decisions which violated the FLSA.

Answer at 15, ECF No. 149.

Plaintiffs argue that this defense is insufficiently pleaded because it fails to contain any facts "to support [a] lack of individual liability." ECF No. 155 at 13.

Defendants respond that the defense is sufficiently pleaded and that it "unequivocally" gives notice to Plaintiffs. ECF No. 160 at 9.

The Court concludes that the defense does not contain sufficient facts to meet Iqbal's plausibility standard with respect to the degree of control that Biewald or Van Pelt exercised over Plaintiffs. Accordingly, Plaintiffs' motion to strike this defense is GRANTED WITH LEAVE TO AMEND.

8. **Affirmative Defense No. 9**:

> Plaintiffs' claims and the claims of "other persons similarly situated" may be barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

Answer at 16, ECF No. 149.

Plaintiffs argue that Defendants fail to identify the exemptions that apply to their claims and the reasons why those exemptions apply, and as such, the defense is factually insufficient. ECF No. 155 at 14. Defendants argue that the defense is sufficiently pleaded because it provides plaintiffs with sufficient notice of the nature of the defense and the grounds supporting it. ECF No. 160 at 8.

The Court concludes that the defense is devoid of any facts that raise the plausible inference that any of the FLSA's exemptions apply to Plaintiffs' claims. Accordingly, Plaintiffs'

11

motion to strike this defense is GRANTED WITH LEAVE TO AMEND.

### 9. Affirmative Defense No. 10:

> To the extent Plaintiffs are entitled to recover additional compensation, Defendants reasonably believe that Contributors are not employees and have not willfully or intentionally failed to pay, liquidated damages should not be awarded and only a two-year statute of limitations should apply.

Answer at 16, ECF No. 149.

Plaintiffs argue that this defense is "purely conclusory." ECF No. 155 at 15. Defendants respond that the defense provides sufficient notice. ECF No. 160 at 8.

The Court concludes that this defense is nothing more than an unsupported conclusion that contributors are not employees, and as such, it fails to meet Iqbal's plausibility standard. Accordingly, Plaintiffs' motion to strike this defense is GRANTED WITH LEAVE TO AMEND.

### 10. Affirmative Defense No. 11:

> Plaintiffs' claims and the claims of the putative class are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Defendants reasonably believed – and continue to believe – in good faith that Plaintiffs and members of the putative class are not and have never been employees of Defendants. Further responding, CrowdFlower's business model is the same as all other web-based companies that have chosen to use the crowd to perform various tasks.[6]

Answer at 16, ECF No. 149.

Plaintiffs argue that Defendants have failed to plead sufficient facts from which one could

---

[6] Title 29 U.S.C. § 260 provides that "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938," then the court has the discretion to reduce or eliminate an award of liquidated damages. See Alvarez v. IBP, Inc., 339 F.3d 894, 909 (9th Cir. 2003) (noting that a "court need not award liquidated damages in every instance; instead, courts retain discretion to withhold liquidated damages" where an employer shows that it "acted in subjective good faith and had objectively reasonable grounds for believing that acts or omissions giving rise to the failure did not violate the FLSA").

infer that Defendants had reasonable grounds to believe that failing to pay minimum wage would not violate the FLSA. ECF No. 155 at 15. Defendants argue that the defense provides sufficient notice. ECF No. 160 at 8.

The Court concludes that this defense is deficient under Iqbal, because it fails to articulate why Defendants reasonably believed that Plaintiffs were not employees. Moreover, Defendants' contention that "CrowdFlower's business model is the same as all other web-based companies that have chosen to use the crowd to perform various tasks" does not assist them in pleading a good faith defense, because customary or even widespread industry practices that violate the FLSA are not evidence of an objectively reasonable good faith violation. Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 910 (3d Cir. 1991); see also Laffey v. Nw. Airlines, Inc., 567 F.2d 429, 465 (D.C. Cir. 1976) ("That an employer and others in the industry have broken the law for a long time without complaints from employees is plainly not the reasonable ground to which the statute speaks.").

Accordingly, Plaintiffs' motion to strike this defense is GRANTED WITH LEAVE TO AMEND.

### 11. Affirmative Defense No. 12:

> Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to 29 U.S.C. § 216(b) of the FLSA or Federal Rule of Civil Procedure 23 given that no two Contributors are alike in when, where, why, which tasks, the purpose for choosing tasks, the applicable pay structure and type (monetary or virtual) and myriad other relevant facts. Because Defendants do not at this early stage in the action understand the full factual basis of Plaintiffs' claims and the claims of each member of the putative class, Defendants assert this affirmative defense now in part in order to provide notice and avoid waiver. Therefore, the class certification allegations of the SAC must be stricken and dismissed.

Answer at 16, ECF No. 149.

Plaintiffs argue that this defense should be stricken because it is repetitive of their fifth affirmative defense. ECF No. 155 at 15. Defendants do not make any argument in their opposition with respect to this defense.

Because this defense is a denial rather than an affirmative defense, Plaintiffs' motion to

13

strike it is GRANTED WITHOUT LEVE TO AMEND.

**12. Affirmative Defense No. 13**:

> Plaintiffs' claims and the claims of the putative class are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they were engaged in activities that were preliminary or post-preliminary to their principal activities. These activities may include activities such as powering up a computer, logging into the computer, logging into a particular Contributor Channel, opening and loading tasks, closing tasks, logging out of websites and or powering down a computer, among other such items.

Answer at 17, ECF No. 149.

Plaintiffs move for judgment on the pleadings with respect to this defense on the ground that the activities that Defendants have classified as preliminary are compensable when they are "integral and indispensable" to an employee's principal activities. ECF No. 155 at 16 (citing Busk v. Integrity Staffing Solutions, Inc., 713 F.3d 525, 530 (9th Cir. 2013) (holding that an activity is "integral and indispensable," and thus compensable, if it is (1) "necessary to the principal work performed" and (2) "done for the benefit of the employer.")).

Defendants respond that Plaintiffs improperly seek summary judgment with respect to this defense, and that the entry of such judgment is improper at this stage of the litigation because discovery is still in its early stages. ECF No. 160 at 11-12.

The Court concludes that Plaintiffs' motion for judgment on the pleadings with respect to this defense must be DENIED, because the defense raises factual issues that are inappropriate for determination at this stage of the litigation, namely whether the activities at issue are compensable. See General Conference Corp of Seventh-Day Adventists, 887 F.2d 228, 230 (9th Cir. 1989) ("A plaintiff is not entitled to judgment on the pleadings where the answer raises issues of fact or where an affirmative defense, if proved, would defeat plaintiff's recovery.").

**13. Affirmative Defense No. 14**:

> Any claim for additional compensation by Plaintiffs and the putative class must be reduced by compensation already paid to them by the applicable Contributor Channel Partner. See, e.g., 29 C.F.R. § 785.19.

Answer at 17, ECF No. 149.

Plaintiffs move for judgment on the pleadings with respect to this defense on the ground that 29 C.F.R. § 785.19 applies to meal and break times and Defendants have pleaded no facts to show that they have compensated Plaintiffs for meal and break times.

Defendants respond that Plaintiffs improperly seek summary judgment with respect to this defense, and that the entry of such judgment is improper at this stage because discovery is still in its early stages. ECF No. 160 at 11-12.

Because the question of whether Plaintiffs were compensated for certain activities is a question of fact, plaintiffs' motion for judgment on the pleadings with respect to this defense is DENIED. See General Conference Corp of Seventh-Day Adventists, 887 F.2d 228, 230 (9th Cir. 1989) ("A plaintiff is not entitled to judgment on the pleadings where the answer raises issues of fact or where an affirmative defense, if proved, would defeat plaintiff's recovery.").

### 14. Affirmative Defense No. 15:

> Some work allegedly performed by Plaintiffs and the putative class, such as tasks chosen because of the individual's personal interests, for research and survey purposes was completely voluntary in nature and without CrowdFlower's knowledge or authorization. This is particularly true as no Contributor is ever required to perform any task at any time in any particular manner. Accordingly, certain or all tasks then may not constitute compensable working time under the FLSA as a matter of law pursuant to 29 C.F.R. § 785.27, et seq.

Answer at 17, ECF No. 149.

Plaintiffs argue that this defense is insufficiently pleaded because it contains no facts to show that "any work performed was voluntary or [done] for reasons other than earning compensation." ECF No. 155 at 17. Defendants respond that Plaintiffs improperly seek summary judgment with respect to this defense, and that the entry of such judgment is improper at this stage because discovery is still in its early stages. ECF No. 160 at 11-12.

Because this defense is devoid of facts that raise the plausible inference that Plaintiffs worked voluntarily for research or survey purposes, Plaintiffs' motion to strike this defense is GRANTED WITH LEAVE TO AMEND.

### 15. Affirmative Defense No. 16:

> Any time spent by Plaintiffs or the putative class was *de minimis*.

> The vast majority of tasks offered by CrowdFlower on the various Contributor Channels are capable of being performed in 1 to 2 minutes or less such that the time spent on any given task by a Contributor is *de minimis*. A significant amount of the time Plaintiffs spent working on tasks was *de minimis* as outlined in Defendants' Opposition to Plaintiffs' Motion for Certification of a Collective Action and Dissemination of Notice. Further, any determination as to whether the *de minimis* doctrine applies requires an individualized inquiry, thereby making certification of a putative class inappropriate.

Answer at 17, ECF No. 149.

Plaintiffs argue that this defense is factually insufficient because it does not identify what compensation is de minimis or why it is de minimis. ECF No. 155 at 18. Defendants argue that there is "no question that Plaintiffs understand the basis for this defense." ECF No. 160 at 11.

The de minimis defense permits employers to fail to pay wages for an activity that is otherwise compensable on the ground that the completion of this activity requires only "a few seconds or minutes of work *beyond* the scheduled working hours." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946) (emphasis added). For example, the Ninth Circuit has held that the time spent changing into and out of uniforms at the workplace is not compensable when the employer does not benefit from or require "on-premises donning and doffing." Bamonte v. City of Mesa, 598 F.3d 1217, 1235 (9th Cir. 2010). On the other hand, if changing into and out of uniforms is required by the employer and done for the employer's benefit, then the time spent putting uniforms on and off is compensable. Ballaris v. Wacker Siltronic Corp., 370 F.3d 901, 911 (9th Cir. 2004).

Here, the defense at issue states conclusorily that the time spent on any task is de minimis. Because the defense is devoid of any facts that would raise the plausible inference that the time at issue was spent "beyond the scheduled working hours," Anderson, 328 U.S. at 692, and was neither required by nor intended to benefit Defendants, Bamonte, 598 F.3d at 1235, the defense is insufficient under Iqbal. Accordingly, Plaintiffs' motion to strike the defense is GRANTED WITH LEAVE TO AMEND.

**16. Affirmative Defense No. 17**:

> Defendants received no benefit or value from some of the services performed by Plaintiffs and the putative class. These services would

16

> include services performed related to tasks posted by DIY platform users and any others for which CrowdFlower does not receive compensation based on task performance.

Answer, ECF No. 149 at 18.

Plaintiffs argue that this purported defense has no legal or factual basis. ECF No. 155 at 19. Defendants respond that it is "unmistakably clear" that Plaintiffs have notice of this defense and its basis. ECF No. 160 at 11.

Because this defense is a denial as opposed to an affirmative defense, Plaintiffs' motion to strike it is GRANTED WITHOUT LEAVE TO AMEND.

### 17. Affirmative Defense No. 18:

> Upon information and belief, some work such as booting up computers, connecting to the internet, reviewing and identifying tasks that a Contributor may then choose to perform, opening, loading and closing tasks, logging out of the internet or shutting down a computer, that has been allegedly performed by Plaintiffs and any putative class member constituted "downtime" or other non-compensable work hours that was not subject to compensation under the provisions of the FLSA.

Answer at 18, ECF No. 149.

Plaintiffs move for judgment on the pleadings with respect to this defense on the grounds that there is no "downtime" exception to an FLSA minimum wage claim and that this defense is virtually identical to Affirmative Defense No. 13. ECF No. 155 at 19. Defendants argue that this defense presents factual issues, and thus, the entry of judgment is inappropriate at this stage of the litigation. ECF No. 160 at 11-12.

Because this defense is duplicative of Affirmative Defense No. 13, Plaintiffs' motion to strike it is GRANTED WITHOUT LEAVE TO AMEND.

### 18. Affirmative Defense No. 19:

> Plaintiffs and the putative class are not entitled to equitable relief as they have an adequate remedy at law.

Answer at 18, ECF No. 149.

Plaintiffs move to strike this defense on the ground that it does not apply to the claims in this action, as Plaintiffs purportedly do not seek equitable relief in the SAC. ECF No. 155 at 20.

1  Defendants argue that this defense, as drafted, provides adequate notice to Plaintiffs of the basis

2  for the defense. ECF No. 160 at 11-12.

3  Because one of the forms of relief that Plaintiffs request in the operative complaint is "such

4  other relief as the Court deems fair and equitable," the Court is not persuaded that this defense is

5  inapplicable to the claims in this action as Plaintiffs' contend. See SAC at 18. Accordingly,

6  Plaintiffs' motion to strike this defense is DENIED.

**IV. CONCLUSION**

Defendants' motion to dismiss is DENIED.

Plaintiffs' motion for partial judgment on the pleadings or to strike is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is GRANTED WITH LEAVE TO AMEND with respect to Affirmative Defenses 3, 4, 8, 9, 10, 11, 15, and 16. Defendants may re-assert any of these defenses in an amended answer if they later discover sufficient facts to establish the plausibility of each defense. The Court will set a deadline for amending the pleadings during the initial case management conference.

2. The motion is GRANTED WITHOUT LEAVE TO AMEND with respect to Affirmative Defenses 2, 5, 6, 7, 12, 17, and 18.

3. The motion is DENIED with respect to Affirmative Defenses 13, 14, and 19.

**IT IS SO ORDERED.**

Dated: October 22, 2013



JON S. TIGAR
United States District Judge